Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
1578 Thunder Ridge Circle
Milpitas, California 95035
Tel: 916 223-9773
Fax: 877 730-4315

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a public limited company,<br>　　　　　Plaintiff,<br>　vs.<br>MEENAKSHI OVERSEAS LLC,<br>　　　　　Defendant. | Case No.:<br><br>COMPLAINT FEDERAL UNFAIR COMPETITION; FEDERAL DILUTION; COMMONLAW TRADEMARK INFRINGEMENT; CALIFORNIA DILUTION; CALIFORNIA UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT) |

　　　Plaintiff, V.V.V. & SONS EDIBLE OILS LIMITED, a public limited company ("3V") complains against defendant MEENAKSHI OVEREAS, LLC ("MOL") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

　　　1. 3V's first and second claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.) This Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338(b)( unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because MOL transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3. Intra-district assignment to the Sacramento division of the Eastern District is proper under the Local Rules and the Assignment Plan of this Court as the actions of MOL that gives rise to these causes of action occurred in Placer County.

## PARTIES

4. 3V is a Public Limited Company organized and existing under the laws of India and has a principle place of business 443 Bazaar Virudhunagar, Tamil Nadu 626001 INDIA. Tracing its business roots back to 1943, 3V has expanded beyond the borders of its initial state of operation Tamil Nadu in India and now sells Indian food products in several countries throughout the globe, including 1943 in the Indian state of Tamil Nadu and now provides Indian food products throughout India and in countries around the globe, such as Malaysia, Singapore, Sri Lanka, the United States of America, Canada, Australia, New Zealand, just to name a few. 3V is a successor in interest of a company that first used the IDHAYAM trademark India in the mid-1980s and has since the adoption of the trademark spent significant sums annually to advertise its IDHAYAM trademark around the globe. The term Idhayam is an Indian word for heart.

5. 3V is informed and believes that MOL is a limited liability company with a principle place of business at 2500b Hamilton Boulevard South Plainfield, NJ 07080 and is further informed and believes that MOL manufactures, distributes and/or sells Indian food products in this judicial district. 3V is further informed and believes that MOL has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### 3V's Use of Its Trademarks

2

6. 3V's marks its products with its IDHAYAM trademark that is that are placed in the channels of commerce and sold in several countries around the world making the IDHAYAM trademark famous. For many years prior to the events giving rise to this Complaint and continuing to the present, 3V annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold millions of these products all over the world, including throughout the United States and in California. Through this investment and large sales, 3V has created considerable goodwill and a reputation for quality products. 3V continuously has used these trademarks to distinguish its products.

7. 3V is informed and believes that it is the owner of the IDHAYAM trademark used in connection with food products and has never consented to MOL's use of 3V's IDHAYAM trademark.

8. On or about July 7, 2014 3V filed with the United States Patent and Trademarks Office an application, application number 86329372, to register the trademark IDHAYAM on the Principal Register of the United States Trademark Office for goods in international class 029, namely cooking oils.

9. On or about October 24, 2014 the examiner in charge of examining the trademark application number 86329372, the trademark application discussed above in paragraph 7 for, *inter alia*, there being a likelihood of confusion with respect to two United States trademark registrations: 4,006,654 and 4,334,000.

10. On or about October 31, 2014 the United States Trademark Office issued a Letter of Protest Memorandum addressing a letter of protest received concerning application number 86329372, the trademark application discussed above in paragraph 7, it was indicated that mark identified in the Letter of Protest that is the subject of United States registration number 4,225,172 may give rise to a likelihood of confusion refusal for registration.

11. On November 5, 2014 a second Office action was issued by the examiner in charge of examining the trademark application number 86329372, the trademark application discussed above in paragraph 7 for, *inter alia*, there being a likelihood of confusion with respect to United States trademark registration number 4,225,172.

**MOL's UNLAWFUL USE OF 3V'S MARKS**

12. 3V is informed and believes that MOL currently owns three trademark registrations registered on the Principal Register of the United States Trademark Office:

| Trademark | Registration No. | Filing Date | Registration Date | Date of First Use | International Class |
|---|---|---|---|---|---|
| IDHAYAM | 4,006,654 | 05/29/2009 | 08/02/2011 | 10/27/2009 | 029 |
| IDHAYAM SOUTH INDIAN DELIGHT | 4,334,000 | 07/23/2012 | 05/14/2013 | 08/03/2011 | 029; 030 |
| IDHAYAM | 4,225,172 | 02/24/2012 | 10/16/2012 | 08/03/2011 | 029; 030 |

13. Collectively, the marks identified in paragraph 7 are referred to as the CONTESTED MARKS.

14. 3V's use of its IDHAYAM trademark in the United States pre-dates both MOL's first use of, and application for the registration of, each of the CONTESTED MARKS.

15. Upon information and belief, MOL's goods with which it uses the CONTESTED MARKS and the products with which 3V uses its IDHAYAM trademark are offered for sale and are sold through the same channels of trade and offered and sold to the same class of purchasers.

16. 3V has received complaints from purchasers of products with the term IDHAYAM included on the products that were the subject of the complaint and is informed and believes that said products were those sold by MOL.

17. In January 2014 a distributor of 3V's goods bearing 3V's IDHAYAM trademark received a cease and desist letter from an attorney whom Petitioner is informed and believes is a representative of MOL requesting, *inter alia*, informing the distributor that the distributor that possible counterfeit goods using the mark IDHAYAM was being sold by the distributor and the letter continued to explain various criminal penalties for selling counterfeit goods.

18. In December 2014 a second distributor of 3V's goods bearing 3V's IDHAYAM trademark received a cease and desist letter from an attorney whom 3V is informed and believes is a representative of MOL requesting, *inter alia*, that the second distributor cease and desist selling goods with 3V's IDHAYAM trademark and to identify the source of the goods being distributed the Second Distributor in exchange to foregoing having to defend a lawsuit under the Lanham Act.

19. Concurrently with the filing of the instant action 3V has petitioned the Director for Trademarks to cancel the registration of the CONTESTED MARKS from the Principal Register.

### FIRST CLAIM
### FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act§ 43(a))

20. 3V realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 19 of this Complaint.

21. MOL's conduct constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(l). MOL's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection,

association, origin, sponsorship or approval of the infringing products to the detriment of 3V and in violation of 15 U.S.C. § 1125(a)(l).

22. As a direct and proximate result of MOL's infringing activities, 3V has suffered substantial damage.

## SECOND CLAIM
## FEDERAL DILUTION OF A FAMOUS MARK
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. § 1125(c); Lanham Act§ 43(c))

23. 3V realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24. 3V's IDHAYAM trademark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

25. MOL's activities as alleged herein have diluted or are likely to dilute the distinctive quality of 3V's trademarks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

26. 3V is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c), because MOL willfully intended to trade on 3V's reputation or to cause dilution of 3V's famous IDHAYAM trademark is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## THIRD CLAIM
## COMMON LAW TRADEMARK INFRINGMENT

27. 3V realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28. 3V is informed and believes that it has used its IDHAYAM trademark on food products in the state of California before MOL's use, or application for registration, of the

CONTESTED MARKS and that 3V's use of its IDHAYAM trademark has been continuous in the state of California since its first use thereof.

29. 3V is informed and believes that MOL's use of the CONTESTED MARKS are in the same channels of commerce in which 3V uses its IDHAYAM trademark and that MOL directs its use of the CONTESTED MARKS to the same class of purchasers in which 3V directs the use of its IDHAYAM trademark.

## FOURTH CLAIM
## CALIFORNIA DILUTION
### (Cal. Bus. & Prof. Code § 14247, 14250)

30. 3V realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of the Complaint.

31. 3V has made commercial use of its IDHAYAM trademark.

32. MOL's use of the CONTESTED MARKS began after 3V's IDHAYAM trademark became famous.

33. MOL's infringed and diluted 3V's IDHAYAM trademark with knowledge and intent to cause confusion, mistake or deception and has diluted 3V's IDHAYAM trademark as a result.

34. MOL's conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of 3V's for which California law allows the imposition of exemplary damages.

35. Pursuant to California Business & Professions Code §§ 14247 and 14250, 3V is entitled to injunctive relief and damages in the amount of three times MOL's profits and three times all damages suffered by 3V by reason of MOL's manufacture, use, display or sale of infringing goods.

## FIFTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

36. 3V realleges and incorporates by reference each of the allegations contained in

paragraphs 1 through 35 of this Complaint.

37. MOL's infringement of 3V's IDHAYAM trademark constitutes unfair business acts or practices within the meaning of California Business & Professions Code § 17200.

38. As a consequence of MOL's actions, 3V is entitled to injunctive relief and an order that MOL disgorge all profits on the manufacture, use, display or sale of infringing goods.

## PRAYER FOR JUDGMENT

WHEREFORE, 3V prays that this Court grant it the following relief:

39. Adjudge that 3V's IDHAYAM trademark has been infringed by MOL in violation of 3V's rights under common law, and/or California law;

40. Adjudge that MOL has competed unfairly with 3V in violation of 3V's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

41. Adjudge that MOL's activities are likely to, or have, diluted 3V's famous IDHAYAM trademark in violation of 3V's rights under common law, 15 U.S.C. § 1125(c), and/or California law;

42. Adjudge that MOL and each of his agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with any of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Manufacturing, producing, sourcing, importing, selling, offeling for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble 3V's IDHAYAM trademark as to likely cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for 3V, including without limitation any product that bears the MOL's designs or any other similar approximation of 3V's IDHAYAM trademark;

b. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of MOL or his

goods with 3V or as to the origin of MOL's goods, or any false designation of origin, false or misleading description or representation of fact;

 c. Further infringing the rights of 3V in and to any of its trademarks in its brand products or otherwise damaging 3V's goodwill or business reputation;

 d. Otherwise competing unfairly with 3V in any manner; and

 e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

43. Adjudge that MOL be required immediately to supply 3V's counsel with a complete list of individuals and entities from whom or which he purchased, and to whom or which he sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint;

44. Adjudge that MOL be required immediately to deliver to 3V's counsel its entire inventory of infringing products, packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and other material for producing or printing such items, that is in MOL's possession or subject to his control and that infringes 3V's IDHAYAM trademark;

45. Adjudge that MOL, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon 3V's counsel a written report under oath setting forth in detail the manner in which he has complied with the judgment;

46. Adjudge that 3V recover from MOL its damages and lost profits in an amount to be proven at trial;

47. Order an accounting of and impose a constructive trust on all of MOL's funds and assets that arise out of MOL's infringing activities;

48. Adjudge that 3V be awarded its costs and disbursements incurred in connection with this action, including 3V's reasonable attorneys' fees and investigative expenses;

49. Adjudge that 3V has the right to register the trademark IDHAYAM on the Principal Register of the United States Trademark Office for goods in international class 029; and

50. Adjudge that all such other relief be awarded to 3V as this Court deems just and proper.

Dated: December 23, 2014

LAW OFFICE OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff