1  Jason L. DeFrancesco, Esq., Pro Hac Vice
   Baker and Rannells, P.A.
2  575 Route 28, Ste. 102
   Raritan, NJ 08869
3  (908) 722-5640 (telephone)
   (908) 725-7088 (fax)
4  Email: Jld@br-tmlaw.com

5

6  Robert M. Wilson, (State Bar No. 122731)
   770 L Street, Suite 950
7  Sacramento, CA  95864
   (916) 441-0888 (telephone)
8  Email:RWilson@businesscounsel.net
   Attorneys for Defendant,
9  MEENAKSHI OVERSEAS LLC

10             UNITED STATES DISTRICT COURT
11        FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

12  |                                   | CASE 2:14-CV-02961-TLN-CKD |
13  | V.V.V. & SONS EDIBLE OILS LTD,    | [Magistrate Judge: Carolyn K. Delaney] |
    |                                   | [District Judge: Troy L. Nunley]       |
14  |         Plaintiff,                |                                        |
15  |                                   | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY** |
16  |     vs.                           |                                        |
17  | MEENAKSHI OVERSEAS LLC,            |                                        |
18  |         Defendant.                | HEARING DATE:  November 19, 2015       |
    |                                   | TIME:          2:00 p.m.               |
19  |                                   | COURTROOM:     2                       |

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR STAY

Table of Contents

Table of Authorities……………………………………………………………………………………..iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     SUMMARY OF MOTION………………………………………………………….........1

II.    FACTUAL BACKGROUND……………………...………………………………………1

III.   PROCEDURAL SUMMARY
       VVV CONTINUES TO CHALLENGE MEENAKSHI, EVEN AFTER IT WAS REFUSED
       REGISTRATION TWICE AND EVEN AFTER THE TTAB ENTERED FINAL
       JUDGMENT AGAINST VVV TWICE.…………………………………………………..2

IV.   STATEMENT OF LAW……………………………………………………………….....4

     THE COURT'S HAS INHERENT AUTHORITY TO   …………………..............................5
     GRANT ENTRY OF STAY

     (1)    IF NOT STAYED, JUDICIAL ECONOMY
            AND RESOURCES OF THIS COURT WILL
            BE COMPROMISED   …………………..............................7

     (2)    IF NOT STAYED, MEENAKSHI WOULD
            BE PREJUDICED
               …………………..............................7

     (3)    POTENTIAL PREJUDICE TO VVV, BY
            ENTERING A STAY, WOULD BE A RESULT
            OF ITS OWN DOING   …………………..............................8

V.    CONCLUSION…………………….…………………………………………………..9

Table of Authorities

**CASES** Page

*CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962)……………………………………………..8

*accord Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)…………...5,6

*Cf. Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-03524, 2009 U.S. Dist. LEXIS 101041, 2009 WL 3353317, at *2 (N.D. Cal. Oct. 16, 2009)……………………………7

*Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)……………………...5,6

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)…………………….6

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)……………………………………..6

*Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007)………….6

*S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. 2:13-CV-42-MCE, 2013 U.S. Dist. LEXIS 114477, 2013 WL 4094777, at *9 (E.D. Cal. Aug. 13, 2013) …………………….....7,8

**RULES AND STATUTES**

37 CFR § 2.145…....……………………………………………………………………………......3
15 USC §1071……………………………………………………………………………………....1,4,5,8
TBMP § 902.03…………………………………………………....…………………………………1,5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   SUMMARY OF MOTION

Along with this motion, Defendant, Meenakshi Overseas LLC (Meenakshi), submits its request for Judicial Notice to bring to the Court's attention the fact that on July 15, 2015, Plaintiff, V.V.V. & Sons Edible Oils Ltd (VVV) received an unfavorable decision at the Trademark Trial and Appeal Board (TTAB) (RJN Ex. N) and filed a notice of appeal contesting same on September 10, 2015 (RJN Ex. O).  As of the date of filing this paper, VVV has not brought its notice of appeal to the attention of this court.[1]  Because the appeal is noticed before the Court of Appeals for the Federal Circuit (CAFC), VVV by statute, waived it's right to have germane issues within this action to be heard by this Court.    Because the issues now before the CAFC overlap with outstanding issues before this court[2], it is with the interest of judicial equity that the instant matter be suspended/stayed pending resolution of the appeal, as the decision of the CAFC is not reviewable by the Eastern District of California or by the 9th Circuit.

## II.   FACTUAL BACKGROUND

VVV brought this instant action seeking relief under federal and state common law that is based on a claim of superior rights and entitlement to the trademark IDHAYAM over Meenakshi. Currently pending before this court is Defendant's motion to dismiss based on expiration of the respective statute of limitations and res judicata (ECF No. 7). As of the date of filing this request, a ruling has not been entered.

---

[1] In a proceeding before the TTAB, a party that is dissatisfied with the decision of the Board may have remedy by way of civil action, unless an appeal to the United States Court of Appeals for the Federal Circuit has been taken. See TBMP § 902.03. A party which takes an appeal to the United States Court of Appeals for the Federal Circuit from a decision of the Board thereby waives its right to have remedy by way of civil action under Trademark Act § 21(b), 15 U.S.C. § 1071(b).

Concurrently filed with the instant federal complaint (ECF No. 1), VVV also brings an administrative action before the TTAB (its second) based on like claims of superior right and entitlement to the trademark IDHAYAM over Defendant, Meenakshi (RJN Ex. J). The TTAB matter has since been partially disposed of <u>against</u> <u>VVV</u> as the TTAB ruled that a final order of a prior judgment barred VVV from raising the same claim of entitlement to IDHAYAM against Meenakshi's IDHAYAM registration (No. 4006654)(RJN Ex. N).  As a result, VVV dissatisfied with the decision of the Board, filed a notice of appeal to be taken before the Court of Appeals for the Federal Circuit (CAFC)(RJN Ex. O).

Meenakshi respectfully brings the TTAB decision and notice of appeal (RJN Exs. N and O) to the attention of the court by way of requesting judicial notice thereof, and requests the court stay these proceedings pending outcome at the CAFC.  It should be noted that while matters before this Court are based on common law rights, VVV has relied upon common allegations – now on appeal before the CAFC – as a basis to support the instant federal lawsuit (see for e.g., ECF No. 1, allegations of ¶¶ 8-11, 12-15, 19; ¶¶ 20-38, which incorporate by reference ¶¶ 8-11, 12-15, 19; and ¶ 49 which seeks the same relief subject to appeal before the CAFC). The imposition of a stay pending outcome of the appeal may resolve, narrow, or clarify issues, which ultimately will serve to avoid wasteful (duplicative) effort and conserve judicial resources of this court.

### III.    PROCEDURAL SUMMARY
VVV CONTINUES TO CHALLENGE MEENAKSHI, EVEN AFTER IT WAS REFUSED REGISTRATION TWICE AND EVEN AFTER THE TTAB ENTERED FINAL JUDGMENT AGAINST IT TWICE.

---

[2] Currently pending before the Court is Defendant's motion to dismiss, ECF No. 7, filed March 9, 2015, wherefore Defendant asserts, inter alia, that the issue of entitlement and registerability to the IDHAYAM mark has already been decided by the TTAB.

On May 9, 2009, Meenakshi[3] filed an application with the United States Patent and Trademark Office (USPTO) to register the trademark IDHAYAM for sesame oil (RJN Ex. A). Shortly thereafter VVV filed an administrative proceeding with the Trademark Trial and Appeal Board (TTAB) against Meenakshi requesting the USPTO deny registration of IDHAYAM to Meenakshi (RJN Ex. B). As grounds therefor, VVV claimed inter alia that it had superior rights and entitlement to IDHAYAM over Meenakshi. *Id.* On January 3, 2011, however, the TTAB entered final judgment <u>with</u> <u>prejudice</u> against VVV[4] (RJN Ex. C). After VVV's time to appeal the final judgment expired, the IDHAYAM mark registered to Meenakshi (RJN Ex. D).

On July 31, 2012, *more than a year after the time to appeal expired*, VVV filed an application with the USPTO to register the trademark IDHAYAM for edible oils in IC 029[5] (RJN Ex. E). The application was refused registration due to the aforesaid IDHAYAM registration owned by Meenakshi (RJN Ex. F). VVV never challenged the refusal and its application became abandoned (RJN Ex. G).

Approximately two years thereafter, VVV filed yet another application with the USPTO to again try to register IDHAYAM for oil in IC 029[6] (RJN Ex. H). The application was <u>again</u> refused due to the IDHAYAM registration already being owned by Meenakshi (RJN Ex. I).

On December 23, 2014[7], VVV filed its second administrative proceeding with the TTAB against Meenakshi requesting the USPTO cancel registration of the IDHAYAM mark to

---

[3] Via its predecessor, Anil Gandhi (see decision of TTAB RJN Ex. N, confirming privy.)

[4] Final Judgments of the TTAB are reviewable by filing an appeal or commencing a civil action within two months from the date of the decision of the TTAB. 37 CFR § 2.145(d).

[5] VVV did not advise the USPTO of the prior ruling before the TTAB (proceeding No. 91192693) which resulted in IDHAYAM registering to Meenakshi.

[6] <u>Again</u>, VVV did not advise the USPTO of the prior ruling before the TTAB (proceeding No. 91192693) which resulted in IDHAYAM registering to Meenakshi, nor did it advise that this is its second attempt to file the same mark.

[7] December 23, 2014 is the same day that VVV filed the instant complaint.

Meenakshi (RJN Ex. J). As grounds therefor, VVV again claimed it had superior rights and entitlement to IDHAYAM over Meenakshi. *Id.* In bringing its now second proceeding before the TTAB, VVV materially failed to notify the TTAB (i) that a prior judgment was entered against it, with regards to rejecting its claim of entitlement to IDHAYAM over Meenakshi; (ii) that VVV did not challenge the prior judgment; or (iii) that VVV was also subsequently refused registration of IDHAYAM, due to the IDHAYAM registration already being owned by Meenakshi. *Id.*

On January 19, 2015, Meenakshi notified the TTAB of VVV's material failure to notify and requested the proceeding be disposed of based on it being barred by *res judicata* / claim preclusion (RJN Ex. K).

On July 15, 2015 (after being fully-briefed on the matter, including by VVV's response, RJN Ex. L, and Meenakshi's reply thereto, RJN Ex. M) the TTAB entered judgment that VVV was barred by *res judicata* from challenging Meenakshi's registration of IDHAYAM (No. 4006654) (RJN Ex. N).

On September 10, 2015, VVV filed a Notice of Appeal with the TTAB advising of its intention to challenge the res judicata ruling before the United States Court of Appeal for the Federal Circuit (CAFC)(RJN Ex. O). It is believed that the CAFC's decision shall be persuasive in light of the fact that the CAFC is not reviewable by the Eastern District of California or by the 9th Circuit, if not binding on this Court, due to the Plaintiff's own waiver.[8]

IV.   **STATEMENT OF LAW**

By filing an appeal with the CAFC, VVV waived its right to proceed under 15 USC §1071(b), which effectively means it divested this court of jurisdiction to decide claims brought herein by VVV, which include in part, (i) that VVV is not entitled to register IDHAYAM, (ii)

---

[8] *See* FN 1, *infra*.

that Meenakshi's registration of IDHAYAM (No. 4006654) should not be cancelled and (iii)

"such other matters as the issues in the proceeding require." See 15 USC §1071, which provides:

> (a) Persons entitled to appeal; United States Court of Appeals for the Federal Circuit; waiver of civil action; election of civil action by adverse party; procedure
> > (1) An applicant for registration of a mark…party to a cancellation proceeding…who is dissatisfied with the decision of the…Trademark Trial and Appeal Board, may appeal to the United States Court of Appeals for the Federal Circuit thereby waiving his right to proceed under subsection (b) of this section...
>
> (b) Civil action; persons entitled to; jurisdiction of court; status of Director; procedure
> > (1) Whenever a person authorized by subsection (a) of this section to appeal to the United States Court of Appeals for the Federal Circuit is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, said person may, unless appeal has been taken to said United States Court of Appeals for the Federal Circuit, have remedy by a civil action if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in subsection (a) of this section. The court may adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be canceled, or such other matter as the issues in the proceeding require, as the facts in the case may appear....

*See also*, FN 1, *infra*.

> In a proceeding before the TTAB, a party that is dissatisfied with the decision of the Board may have remedy by way of civil action, unless an appeal to the United States Court of Appeals for the Federal Circuit has been taken. See TBMP § 902.03. A party which takes an appeal to the United States Court of Appeals for the Federal Circuit from a decision of the Board thereby waives its right to have remedy by way of civil action under Trademark Act § 21(b), 15 U.S.C. § 1071(b).

In view of the allegations raised by VVV before this Court, based on its alleged claim of superior rights and entitlement to the IDHAYAM mark over Meenakshi[9], this court would benefit by ruling of the CAFC on these matters.

Because the practical outcomes as to the identical claim of VVV's superior rights and entitlement to the IDHAYAM mark over Meenakshi should be consistent, the Court should stay this action in the interest of judicial economy, efficiency and mitigation of costs for the parties, and *to otherwise avoid potential inconsistencies between this Court and the CAFC*. The relevant factors and totality of circumstances herein explained weigh in favor of staying the pending litigation before this Court.

### THE COURT'S HAS INHERENT AUTHORITY TO GRANT ENTRY OF STAY

United States district courts have inherent authority to stay proceedings, for the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). This is true even if the issues in such proceedings are not necessarily controlling with respect to the action before the court. *Id*.

---

[9] *See for e.g.*, ECF No. 1, allegations of ¶¶ 8-11, 12-15, 19; ¶¶ 20-38, which incorporate by reference ¶¶ 8-11, 12-15, 19; and ¶ 49 which seeks the same relief subject to appeal before the CAFC.

In exercising its discretion, a court must evaluate the competing interests affected by either granting or refusing a stay, including "the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). Put another way, "in determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). There is no need for either party to spend additional time and money litigating both before this court and in front of the CAFC same matters which could possibly be inconsistent. The imposition of a stay may resolve, narrow, or clarify issues that ultimately avoid wasteful (duplicative) effort and conserve judicial resources of the court.

**(1)       IF NOT STAYED, JUDICIAL ECONOMY AND RESOURCES OF THIS COURT WILL BE COMPROMISED**

Resolution of matters by and before the CAFC will likely simplify the issues and controversy that revolve around VVV's continuous claim of superior rights and entitlement to the IDHAYAM mark over Meenakshi: as subject to ECF No. 1, ¶¶ 8-11, 12-15, 19; ¶¶ 20-38, which incorporate by reference ¶¶ 8-11, 12-15, 19; and ¶ 49).

As of the date of this request, a ruling has not been entered on Meenakshi's pending motion to dismiss and the parties have not engaged in further motion practice or caused this court to expend further judicial resources regarding matters at issue in this case. Outside of the pending motion, nothing else substantive has happened. The parties have not exchanged preliminary disclosures, begun discovery or filed any other motions. Thus, the timing factor of this request weighs heavily in favor of a stay. *Cf. Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling*

*& Pump, Inc.*, No. 09-03524, 2009 U.S. Dist. LEXIS 101041, 2009 WL 3353317, at *2 (N.D. Cal. Oct. 16, 2009).

  **(2)**  **IF NOT STAYED, MEENAKSHI WOULD BE PREJUDICED**

  By virtue of filing the notice of appeal, VVV asserts that the administrative order of the TTAB was flawed, and will ask the CAFC to determine the properness of the ruling.  Should the CAFC overturn or affirm the decision of the TTAB, such decision should affect the disposition of this case.  Therefore, forcing Meenakshi to proceed in federal court (when the outcome of the appeal can impact claims in this case) would not only be a waste of judicial resources, but would also be prejudicial to Meenakshi. *See for e.g., S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. 2:13-CV-42-MCE, 2013 U.S. Dist. LEXIS 114477, 2013 WL 4094777, at *9 (E.D. Cal. Aug. 13, 2013) (internal citation and quotation omitted). Without a stay, Meenakshi will be required to litigate, and the Court to adjudicate, the same fundamental issues that are being reconsidered by appeal of the administrative proceeding.  While duplicating efforts is a major factor, should there be any inconsistencies with this court and the CAFC, it would be a major burden on all parties and the Court to resolve any disparity.

  **(3)**  **POTENTIAL PREJUDICE TO VVV, BY ENTERING A STAY, WOULD BE A RESULT OF ITS OWN DOING**

  It may be that VVV will be prejudiced in the sense that evidence obtained, or rulings made as a result of the CAFC proceeding may adversely affect its claims before this Court. This however is not the kind of prejudice that should encourage a court to deny a requested stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962). If VVV is prejudiced by <u>such eventuality</u>, it will be because the CAFC proceeding demonstrates a weakness in its case. And, if VVV's case is weak, justice will be served by having that fact revealed prior to this court having to attend to matters presented by VVV herein. *Id.*

Furthermore, VVV had the option under 15 USC §1071(b) to appeal the decision of the TTAB before a federal district court (i.e., have this court determine properness of the USPTO decision). Instead, VVV waived this option and rather choose to leave TTAB matters to be decided by the Court of Appeals for the Federal Circuit (thus partially divesting this court of jurisdiction).

The CAFC may affirm (i) that VVV is not entitled to register IDHAYAM, (ii) that Meenakshi's registration of IDHAYAM (No. 4006654) should not be cancelled and (iii) "other matters as the issues in the proceeding require" (see 15 USC §1071) such as those that relate to and concern allegations of ECF No. 1 (¶¶ 8-11, 12-15, 19; ¶¶ 20-38, which incorporate by reference ¶¶ 8-11, 12-15, 19; and ¶ 49). As indicated above, if the CAFC affirms the ruling of the TTAB, VVV will not have the right to register its mark with the USPTO and they will not be able to challenge Meenakshi's registration of IDHAYAM (No. 4006654).

### V.   CONCLUSION

WHEREFORE, because the imposition of a stay may resolve, narrow, or clarify issues, that ultimately avoid wasteful effort and conserve judicial resources of the court, Defendant, Meenakshi Overseas, LLC respectfully requests that this court stay the proceeding pending disposition of the related matter before the United States Court of Appeals for the Federal Circuit.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: October 7, 2015 | Baker and Rannells, PA |
|  | By: /s/ Jason DeFrancesco |
|  | Jason DeFrancesco, Esq.<br>*Pro hac vice* |
|  | Attorneys for Defendant,<br>MEENAKSHI OVERSEAS LLC |