UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a public limited company, <br><br> Plaintiff, <br><br> v. <br><br> MEENAKSHI OVERSEAS LLC, <br><br> Defendant. | Case No.: 2:14-cv-02961-TLN-CKD <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING DEFENDANT'S MOTION TO STAY COUNTS I–V AGAINST MARK '654; DENYING DEFENDANT'S MOTION TO STAY COUNTS I–V AGAINST MARKS '172 AND '000** |

This matter is before the Court pursuant to Defendant Meenakshi Overseas LLC's ("Meenakshi") Motion to Dismiss, or in the Alternative Motion to Stay. (ECF Nos. 7, 16.) Plaintiff V.V.V. & Sons Edible Oils Limited, a public limited company ("VVV"), opposes both motions. (ECF Nos. 11, 17.) For the reasons set forth below, Meenakshi's Motion to Dismiss is DENIED, and Meenakshi's Motion to Stay is GRANTED as to all counts against mark '654 and otherwise DENIED as to all counts for marks '172 and '000.

## I. FACTUAL AND PROCEDURAL BACKGROUND

VVV is an Indian based company that sells Indian food-oil products, specifically sesame oils. (ECF No. 11 at 1–2.) VVV labels its products with the word IDHAYAM and sells them throughout several countries, including the United States. (ECF No. 11 at 1–2.) According to

1

VVV, it adopted the mark "IDHAYAM" to brand its sesame oil products in 1986.  (ECF No. 1 ¶ 4; ECF No. 7-3 at 3.)

Meenakshi is a New Jersey based company that also sells Indian food products in the United States.  (ECF No. 1 ¶ 5.)  On May 29, 2009, Mr. Anil Gandhi, the original founder and owner of Meenakshi, filed a trademark application with the United States Patent and Trademark Office ("USPTO") to register the mark IDHAYAM for sesame oil (mark 4,006,654 ('654)). (ECF No. 7-6 at 1.)  On May 29, 2009, VVV filed a Notice of Opposition with the United States Trademark Trial and Appeal Board ("TTAB"), requesting the TTAB refuse Mr. Gandhi's application for trademark '654 due to VVV's prior use of IDHAYAM.  (ECF No. 7-3 at 1–4.) VVV argued that Mr. Gandhi's IDHAYAM mark was likely to cause confusion with VVV's same mark, and his use of the mark would "take advantage of [VVV's] valuable brand and goodwill in the United States."  (ECF No. 7-3 at 3.)  VVV also alleged that Mr. Gandhi had "never manufactured or marketed sesame oil products under the IDHAYAM brand in the United States or anywhere."  (ECF No. 7-1 at 5.)  Mr. Gandhi denied the allegation, however he did not specify his use of the mark.  (ECF No. 7-4 at 2.)  VVV did not further respond to the TTAB's inquiries.  (ECF No. 7-5 at 1.)  Therefore, due to VVV's lack of response, the TTAB entered a default judgment with prejudice against VVV on January 3, 2011.  (ECF No. 7-5 at 1.)  On August 2, 2011, Mr. Ghandi received full rights to the mark IDHAYAM ('654).  (ECF No. 16 at 3.)

On December 7, 2011, Mr. Gandhi assigned his trademark rights in mark '654 to the Defendant, Meenakshi Overseas, LLC.  (ECF No. 7-7 at 1–2.)  On February 24, 2012, Meenakshi filed an application to register a second IDHAYAM mark (4,225,172 ('172)) with the USPTO. (ECF No. 7-9 at 1.)  Although mark '172 is for a wider variety of food products, it is the exact same word as mark '654.  (ECF No. 7-9 at 1.)  On October 16, 2012, the USPTO approved Meenakshi's application for mark '172.  (ECF No. 7-9 at 1.)  On July 23, 2012, Meenakshi filed another application to register a third IDHAYAM mark (4,334,000 ('000)), and on May 14, 2013, the USPTO awarded Meenakshi the registration.  (ECF No. 7-10 at 1.)  This mark deviates from marks '654 and '172 in that it incorporates a red banner with additional text ("South Indian

2

Delite"), a red heart with two diagonal gold straps, and a blue rectangle with the word IDHAYAM in yellow font.  (ECF No. 7-10 at 1.)  VVV did not file a Notice of Opposition against either of these marks.  (*See* ECF No. 16-1 at 6.)

On July 31, 2012, shortly after Meenakshi filed his application for the third mark ('000), VVV filed a trademark application to register the mark IDHAYAM for edible oil products.  (ECF No. 16-8 at 6.)  On November 28, 2012, the TTAB denied the application due to a likelihood of confusion with Meenakshi's pre-existing mark '654.  (ECF No. 16-9 at 2–5.)  According to the TTAB reviewing attorney, VVV's requested mark was identical to Meenakshi's existing mark '654.  (ECF No. 16-12 at 4.)  VVV did not respond to the TTAB's denial.  (ECF No. 16-10 at 2.)  Consequently, the TTAB deemed VVV's application abandoned.  (ECF No. 16-10 at 2.)

On July 9, 2014, VVV filed another application to register the mark IDHAYAM, this time for cooking oils.  (ECF No. 16-11 at 2–3.)  On November 5, 2014, the TTAB again denied VVV's application, stating there was a likelihood of confusion with the pre-existing mark '654, and also with marks '172 and '000.  (ECF No. 16-12 at 2–6.)  No further action was taken by VVV until December 23, 2014, when VVV filed a Petition for Cancellation before the TTAB to cancel the registration of all three of Meenakshi's marks.  (ECF No. 16-13 at 2.)  In response, Meenakshi filed a Motion to Dismiss and a Motion for Summary Judgment before the TTAB based on res judicata.  (ECF No. 16-15 at 117–128.)  On July 15, 2015, the TTAB held that res judicata barred VVV's claims against mark '654 and it dismissed the claim with prejudice.  (ECF No. 16-17 at 2–8.)  On September 10, 2015, VVV appealed the TTAB's judgment regarding mark '654 to the United States Court of Appeals for the Federal Circuit ("CAFC").  (ECF No. 16-18 at 2.)  That appeal is currently pending.  (ECF No. 16-1 at 4.)  However, the TTAB denied Meenakshi's Motion to Dismiss regarding marks '172 and '000.  (ECF No. 16-17 at 7.)  The cancellation proceeding before the TTAB against marks '172 and '000 is currently pending.  (ECF No. 16-17 at 7.)

On the same day VVV filed the cancellation proceeding before the TTAB, it also filed the instant Complaint against Meenakshi.  (ECF No. 1.)  The Complaint alleges five counts: (1) a violation of unfair competition under § 43(a) of the Lanham Act; (2) federal dilution of a famous

1  mark under § 43(c) of the Lanham Act; (3) common law trademark infringement; (4) California

2  dilution in violation of California Business and Professions Code § 14247; and (5) violation of

3  California's unfair competition under California Business and Professions Code § 17200.  VVV

4  alleges all five counts against all three marks registered to Meenakshi.  (ECF No. 1 at ¶¶ 20–38.)

5       Meenakshi has filed a motion to dismiss VVV's complaint under Rule 12(b)(6).  (ECF

6  No. 7.)  Meenakshi argues the claims are barred under statute of limitations and res judicata, and

7  therefore should be dismissed.  (ECF No. 7 at 6–8.)  Alternatively, Meenakshi requests the Court

8  stay the claims pending adjudication of these matters in other courts.  Although it is unclear

9  whether Meenakshi is requesting the Court stay all claims against all three marks, or only claims

10  against mark '654, for thoroughness the Court assumes that Meenakshi's request is to stay all

11  claims pertaining to all three marks.  (ECF No. 16-1 at 4.)

12  **II.  STANDARD OF LAW**

13    I.  <u>Motion to Dismiss</u>

14       A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

15  12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

16  2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

17  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

18  U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

19  defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

20  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

21  pleading standard relies on liberal discovery rules and summary judgment motions to define

22  disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

23  534 U.S. 506, 512 (2002).

24       On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

25  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

26  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

27  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

28  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

1    amend even if no request to amend the pleading was made, unless it determines that the pleading

2    could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

3    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

4    *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

5    denying leave to amend when amendment would be futile).  Although a district court should

6    freely give leave to amend when justice so requires under Federal Rule of Civil Procedure

7    15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has

8    previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713

9    F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th

10   Cir. 2004)).

11   II.   Motion to Stay

12        A district court can, at its discretion, stay an action pending the conclusion of an

13   alternative proceeding.  *See Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863–64

14   (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*., 342 U.S. 180, 72 S. Ct.

15   219, 96 L.Ed. 200 (1952)).  "A trial court may, with propriety, find it is efficient for its own

16   docket and the fairest course for the parties to enter a stay of an action before it, pending

17   resolution of independent proceedings which bear upon the case." *Leyva*, 593 F.2d at 863.  "This

18   rule applies whether the separate proceedings are judicial, administrative, or arbitral in character,

19   and does not require that the issues in such proceedings are necessarily controlling of the action

20   before the court." *Id.* A stay pending the outcome of an administrative proceeding that might

21   render the relief sought in district court unnecessary is a proper exercise of the court's discretion

22   in controlling the disposition of causes on its docket and avoiding unnecessary duplication of

23   judicial machinery.  *Shipley v. U.S.*, 608 F.2d 770, 775 (9th Cir. 1979).  A federal district court

24   has broad discretion in deciding whether to issue a stay.  *Fed. Sav. & Loan Ins. Corp. v.*

25   *Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

26        Nonetheless, "[w]here it is proposed that a pending proceeding be stayed, the competing

27   interests which will be affected by the granting or refusal to grant a stay must be weighed."

28   *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "Among these competing interests are the

1  possible damage which may result from the granting of a stay, the hardship or inequity which a

2  party may suffer in being required to go forward, and the orderly course of justice measured in

3  terms of the simplifying or complicating of issues, proof, and questions of law which could be

4  expected to result from a stay." *Id.*

5  III.   **ANALYSIS**

6      VVV alleges in the instant Complaint that: Defendant Meenakshi's use and registration of

7  marks '654, '172, and '000 are likely to cause confusion, mistake, or deception to the public;

8  Meenakshi's use of the marks will dilute, or have an adverse effect on, VVV's IDHAYAM mark;

9  Meenakshi's use of the marks will infringe upon VVV's prior use of IDHAYAM; and

10  Meenakshi's infringement of VVV's mark constitutes an unfair business act.  (ECF No. 1 at ¶¶

11  20–38.)  As noted above, simultaneous with VVV's filing of the instant Complaint, it brought an

12  administrative claim with the TTAB against Meenakshi to cancel all three marks.  (ECF No. 16-

13  13 at 2–11.)  The TTAB differentiated between mark '654 and marks '172 and '000.  (ECF No.

14  16-17 at 7.)  The Court agrees that the factual allegations against mark '654 and marks '172 and

15  '000 are separate and distinct and should be considered separately.  Accordingly, the Court will

16  first address whether the Court should stay proceedings relating to mark '654 pending the

17  resolution of VVV's appeal to the CAFC.[1]  Then the Court will address the arguments against

18  marks '172 and '000 concurrently.

19      A.  Mark '654

20          i.   *Motion to stay*

21      VVV initially brought an administrative claim with the TTAB against Meenakshi for the

22  rights to the mark '654 on the grounds of priority, likelihood of confusion, and fraud.  (ECF No.

23  7-3 at 3.)  Before the opening of testimony in the TTAB opposition proceeding, VVV's attorney

24  requested to withdraw as counsel.  (ECF No. 16-17 at 4.)  The TTAB granted the request and

25  allowed VVV extra time to either find new counsel or continue pro se.  (ECF No. 16-14 at 57.)

26  Despite the extra time and orders to show cause, VVV did not further respond to the TTAB.

---

[1]      Meenakshi also argues that VVV's claims should be dismissed because they are barred under res judicata or statute of limitations.  (ECF No. 7-1 at 7–10.)  Because the Court has decided to stay all claims against '654, it does not reach these arguments.

1  (ECF No. 16-14 at 60.)  Consequently, on January 3, 2011, the TTAB entered a default judgment

2  against VVV with prejudice.  (ECF No. 16-17 at 7.)

3         VVV did not take further action contesting mark '654 until December 23, 2014, when it

4  filed a Notice of Cancellation with the TTAB against marks '654, '172, and '000.  (ECF No. 16-

5  13 at 2.)  Meenakshi filed a Motion to Dismiss and a Motion for Summary Judgment before the

6  TTAB arguing that VVV's claims were barred under res judicata and statute of limitations.  (ECF

7  No. 16-14 at 3–18.)  On July 5, 2015, the TTAB held that VVV's claims against mark '654 were

8  barred under res judicata and dismissed them with prejudice.  (ECF No. 16-17 at 7.)  Following

9  the TTAB's determination, VVV filed an appeal with the CAFC on September 10, 2015.  (ECF

10  No. 16-18 at 2.)  That appeal is currently pending.  (ECF No. 16-1 at 4.)  Meenakshi argues that

11  the issues currently before the CAFC overlap with the issues before this Court, and therefore "it is

12  with the interest of judicial equity that the instant matter be suspended/stayed pending resolution

13  of the appeal."  (ECF No. 16-1 at 4.)

14         In considering a Motion to Stay, this Court considers the following factors: (1) whether

15  discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the

16  issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a

17  clear tactical disadvantage to the nonmoving party.  *Telemac Corp. v. Teledigital, Inc*., 450 F.

18  Supp. 2d 1107, 1110 (N.D. Cal. 2006).  The Court finds that each of these factors weighs in favor

19  of granting Meenakshi's Motion to Stay as to mark '654 and will address each factor in turn.

20         Considering the first factor, the instant action is in the early stages of litigation and

21  discovery has been minimal, while the matter before the CAFC is further along.  In the instant

22  action, approximately 12 months have passed since VVV filed its Complaint and only

23  Meenakshi's Motion to Dismiss, Motion to Stay, and VVV's oppositions are recorded.  (ECF

24  Nos. 7, 16, 17.)  Additionally, the Court has not set a trial date.  *See ASCII Corp v. STD*

25  *Entertainment USA, Inc.*, 844 F. Supp. 1378, 1379 (N.D. Cal. 1994) (factors persuading the court

26  to grant the motion to stay included: "(1) 16 months had passed since the suit was filed; (2)

27  substantial discovery had yet to occur; (3) a final pre-trial order would not be submitted for some

28  time; and (4) plaintiff had not demonstrated that substantial expense and time had been invested

1   in the litigation which would militate against granting the motion").  Thus, the first factor favors

2   granting Meenakshi's Motion to Stay.

3        The second factor substantially weighs in favor of granting the stay.  Indeed, if this Court

4   decided to make a determination as to Meenakshi's Motion to Dismiss, there is a danger that the

5   determination would be inconsistent with the CAFC's holding.  *See Citi Traffic Corp. v. Metro*

6   *Trafffic Control, Inc.*, 39 U.S.P.Q. 2d 1856, 1996 WL 385645 (E.D. Pa. 1996) (holding that the

7   court should not decide an issue while the same issue is pending before the CAFC).  Moreover,

8   allowing the CAFC to resolve the appealed issue regarding mark '654 will help to simplify the

9   matters before this Court.  *See Citicasters Co. v. Country Club Communications*, No. 97–0678

10  RJK, 1997 WL 715034, at *2 (C.D. Cal. 1997).  The TTAB granted Meenakshi's summary

11  judgment based on claim preclusion, and subsequently VVV appealed that decision to the CAFC.

12  (ECF No. 16-17 at 7.)  The decision by the CAFC may have preclusive effect on this Court's final

13  determination, given that Meenakshi has filed a Motion to Dismiss on the same issue.  *See B&B*

14  *Hardware, Inc. v. Hargis Industries, Inc.*, 135 S. Ct. 1293, 1305–06 (2015) ("When a district

15  court, as part of its judgment, decides an issue that overlaps with part of the analysis of the . . .

16  [TTAB] . . . the TTAB gives preclusive effect to the court's judgment.)  The Court finds that

17  waiting for the CAFC's decision could simplify the matter in the instant case.  Thus, the second

18  factor also favors granting Meenakshi's Motion to Stay.

19       Finally, in view of the third factor, the Court finds that granting Meenakshi's Motion to

20  Stay would not unduly prejudice or present a clear tactical disadvantage to VVV.  VVV argues

21  that granting Meenakshi's Motion to Stay will cause it prejudice, because it will be forced to

22  dismiss its state claims in this action and afterwards file them in state court, "result[ing] in

23  another lawsuit in another tribunal further complicating the issues and consuming additional

24  judicial resources, [and] thereby caus[ing VVV] to incur further cost and effort in protecting its

25  trademark rights."  (ECF No. 17 at 10.)  However, the Plaintiff does not cite any authority for this

26  argument.  (ECF No. 17 at 10.)  Granting a stay in the instant proceeding has no effect on VVV's

27  ability to file a claim in state court.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("The

28  power to stay proceedings is incidental to the power inherent in every court to control the

1    disposition of the causes *on its own docket* with economy of time and effort for itself, for counsel,

2    and for litigants.") (emphasis added).   Regardless of whether the Court grants or denies the stay,

3    VVV may file a separate suit in state court.  Therefore, since the Court finds no clear case of

4    prejudice, the third factor also favors a stay.

5           Accordingly, since VVV has appealed the TTAB's decision to the CAFC, and balancing

6    the relevant factors, the Court finds that staying the proceedings regarding mark '654 is

7    warranted.  Therefore, Meenakshi's Motion to Stay as to mark '654 is GRANTED.

8        B.  Marks '172 and '000

9           Meenakshi moves to dismiss VVV's claims against marks '172 and '000 on two grounds:

10   (1) the claims are precluded under res judicata; and (2) the claims are time barred under statute of

11   limitations.   (ECF No. 7-1 at 7–10.)  Again, in the alternative Meenakshi requests the Court stay

12   the claims pending adjudication of these matters before the TTAB.  (ECF No. 16.)  On February

13   24, 2012, Defendant Meenakshi filed an application to register mark '172 with the TTAB.[2]   (ECF

14   No. 7-9 at 1–2.)  Mark '172 is the word IDHAYAM, which Meenakshi uses to label a large

15   variety of food products.[3]  On July 23, 2012, Meenakshi filed another application to register mark

16   '000.  (ECF No. 7-10 at 1–2.)  Mark '000 incorporates an additional design and the words "South

17   Indian Delite" beneath the word IDHAYAM.  (ECF No. 7-10 at 1.)  VVV did not file an

18   opposition to either of these applications.  The USPTO approved both of Meenakshi's registration

19   applications for marks '172 and '000 on October 16, 2012 and May 14, 2013, respectively.  (ECF

20   No. 7-9 at 1; ECF No. 7-10 at 1.)

21          On July 31, 2012, VVV filed an application with the USPTO to register the mark

22   IDHAYAM.  (ECF No. 16-1 at 6.)  The TTAB denied this application due to a likelihood of

23   confusion with mark '654.  (ECF No. 16-9 at 2–5.)  VVV did not take any further action until

24   July 7, 2014, when it applied again for the IDHAYAM mark before the USPTO.  (ECF No. 16-11

---

[2]      Meenakshi filed this application a little over a year after Mr. Ghandi acquired the rights to mark '654 through the TTAB's default judgment against VVV.

[3]      Mark '172 is for products including: banana chips; cut vegetables; dried fruits; dried lentils; frozen pre-packaged entrees consisting primarily of seafood; frozen vegetables; fruit-based snack food; nut-based snack foods; pickles; potato-based snack foods; pre-packaged dinners consisting of meat, poultry, seafood or vegetables; soy-based snack foods; vegetable chips; vegetable-based snack foods; frozen pre-packaged entrees consisting primarily of meat, fish, poultry or vegetables; and frozen pre-packaged vegetable-based entrees. Mark '654 is for sesame oil.

1   at 2–8).  As before, the USPTO denied VVV's application again due to a likelihood of confusion,

2   but this time with respect to all three of Meenakshi's registered marks.  (ECF No. 16-12 at 3–6.)

3   Thereafter, on December 23, 2014, VVV filed a cancellation proceeding with the TTAB against

4   all three of Meenakshi's marks, as well as the instant action.  (ECF No. 16-13 at 2–10.)

5           i.    *Motion to Dismiss: Res Judicata*

6           Meenakshi argues that all counts of the Complaint should be dismissed because

7   "ownership of the IDHAYAM mark between Plaintiff and Defendant has already been

8   adjudicated."  (ECF No. 7-1 at 10.)  The Court takes the following allegations to be Meenakshi's

9   res judicata claims against '172 and '000: (1) the TTAB previously entered a default judgment for

10  mark '654 against VVV following the opposition proceeding; (2) the parties in the TTAB

11  opposition proceeding, Mr. Ghandi and VVV, are in privity with the parties that are in dispute in

12  the instant matter; and (3) the claims in this case, including those against marks '172 and '000,

13  are based on the same set of facts as in the TTAB opposition proceeding regarding mark '654.

14  (ECF No. 7-1 at 10–12.)  Accordingly, Meenakshi contends that "res judicata bars Plaintiff's

15  current complaint because Plaintiff's allegations in the prior [TTAB opposition] proceeding could

16  have given rise to the current claims [against marks '172 and '000] and therefore, Plaintiff cannot

17  allege new injuries arising from any new act that is not first based on Defendant's use."  (ECF

18  No. 7-1 at 11.)

19          Res judicata bars all grounds for recovery which could have been asserted, whether they

20  were or not, in a prior suit between the same parties or their privies on the same cause of action.

21  *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).  "The principles of res judicata apply

22  to administrative decisions, although the doctrine is applied less rigidly to administrative

23  proceedings than to judicial proceedings."  *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998).

24  Res judicata applies where there is: (1) an identity of claims; (2) a final judgment on the merits;

25  and (3) identity or privity between parties.  *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th

26  Cir. 2013).

27          With respect to identity of claims, in determining whether successive lawsuits involve the

28  same cause of action, the court considers:

(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982).  The last of these four criteria is the most important.  *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).  The Court addresses each of these factors in sequence.

The first factor, whether this suit will impair rights established in the TTAB opposition proceeding, weighs against preclusion.  The TTAB issued a default judgment against VVV, which effectively awarded the rights to mark '654 to Meenakshi.  (ECF No. 10-6 at 2.)  However, the TTAB did not make any such determination as to marks '172 and '000.  (ECF No. 10-6 at 2.)  Thus, maintaining the claims against '172 and '000 in the instant matter would not impair Meenakshi's rights awarded under the TTAB judgment.

The second factor, substantially similar evidence, also weighs against preclusion.  VVV did not file an opposition against marks '172 and '000 with the TTAB.  (ECF No. 7-1 at 1–4.)  Consequently, the TTAB did not consider any evidence in opposition to granting Meenakshi the rights to marks '172 and '000.  (ECF No. 7-5 at 1.)  In the instant case, consideration of VVV's claims against marks '172 and '000 requires this Court to examine all evidence relevant to the two marks, including how marks '172 and '000 are likely to cause confusion with mark '654.  While there could be some evidentiary overlap with the examination of mark '654, certainly there is also substantially different evidence to consider with respect to the other two marks.  Accordingly, the evidence between the TTAB proceeding and the instant suit are not substantially similar.

The third factor, whether the two suits involve the same right, leans toward preclusion.  Here, the rights at issue, trademark infringement and dilution, are the same fundamental rights that were at issue in the TTAB opposition proceeding.  (ECF No. 7-3 at 3.)  Although VVV did not explicitly set forth claims for dilution and trademark infringement in the TTAB proceeding, VVV was seeking to terminate Meenakshi's use of IDHAYAM and prove its own right to use

12

1  IDHAYAM through a common law trademark claim.  (ECF No. 7-3 at 3.)  VVV is attempting to

2  pursue the same claims in the instant suit.  (ECF No. 1 at ¶¶ 20–38.).)  Moreover, VVV alleged in

3  its opposition that its mark "is well known and recognized" because it is a "worldwide leader in

4  the manufacture and supply of sesame oil products," which supports a claim of trademark

5  dilution.  (ECF No. 16-17 at 7.)  Therefore, the underlying right that VVV is seeking in this suit is

6  the same fundamental right it sought in the TTAB opposition proceeding.

7         The fourth and most important factor, same transactional nucleus of facts, "depends on

8  whether [the two suits] are related to the same set of facts and whether they could conveniently be

9  tried together."  *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992).  Meenakshi

10  contends that the instant matter arises out of the same transactional nucleus of facts because

11  VVV's "allegations in the prior proceeding could have given rise to the current claims."  (ECF

12  No. 7-1 at 11.)  However, VVV did not bring allegations against marks '172 and '000 in the

13  TTAB opposition proceeding.  (ECF No. 7-1 at 1–4.)  Indeed, it was impossible for VVV to

14  include marks '172 and '000 in the TTAB opposition proceeding against mark '654, because the

15  proceeding occurred over a year before Meenakshi filed an application to register marks '172 and

16  '000.  (ECF Nos. 7-9 at 2, 7-10 at 2.)  Moreover, marks '172 and '000 are newer marks with

17  different designs, and Meenakshi uses them on different products.  (ECF Nos. 7-10 at 1, 7-6 at 1.)

18  As such, VVV's current claims focus on a distinct period of time and a distinct set of facts.

19  Therefore, VVV's claims against marks '172 and '000 are not extinguishable by the prior

20  judgment under principles of res judicata.[4]

21         Taken together, the four factors for identity of claims weigh against finding claim

22  preclusion in the instant case.  Furthermore, it is unclear from Meenakshi's motion how the

23  _____

24  [4]        However, the Court recognizes the implicit issue of legal equivalence in this case.  *One Industries, LLC v. Jim O'Neal Distributing, Inc.*, 578 F.3d 1154, 1160 (9th Cir. 2009) (quoting *Brookfield Communications Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036 (9th Cir. 1999) ("A trademark owner may "claim priority in a mark based

25  on the first use date of a similar, but technically distinct, mark—but only in the exceptionally narrow instance where the previously used mark is the legal equivalent of the mark in question or indistinguishable therefrom such that

26  consumers consider both as the same mark.");  *Hanna Financial, Inc. v. Hana Bank*, 135 S. Ct. 907, 909 (2015) ("Recognizing that trademark users ought to be permitted to make certain modifications to their marks over time

27  without losing priority . . . in limited circumstances, a party may clothe a new mark with the priority position of an older mark.  This doctrine is called 'tacking.'").  Thus, contingent upon the CAFC's determination, this Court may be receptive to Meenakshi's attempt to tack its potential priority in mark '654 to marks '172 and '000.  However,

28  Meenakshi did not discuss this issue in its briefing, and therefore the Court is unable to address it at this time.

1    TTAB's default judgment against mark '654 amounts to a final judgment as to marks '172 and

2    '000.  (ECF No. 7-1 at 11); *see also Chromalloy Am. Corp. v. Kenneth Gordon (New Orleans),*

3    *Ltd.*, 736 F.2d 694, 697–98 (Fed. Cir. 1984) (holding that infringement litigation between

4    different marks did not claim preclude later petition in opposition proceeding).  It is also unclear

5    how Ghandi and Meenakshi are parties in privity since the property in the instant claims (marks

6    '172 and '000) is distinct from the property in the opposition proceeding (mark '654).  (ECF No.

7    7-1 at 12); *see also International Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329

8    (Fed. Cir. 2000) (parties are in privity only with respect to an adjudication of rights in the

9    transferred property, not with respect to an adjudication of rights in other property never

10   transferred between the two).  However, the Court refrains from addressing the issues of final

11   judgment on the merits and privity in any detail because the Court finds that Meenakshi has not

12   met its burden of establishing identify of claims.

13          Accordingly, Meenakshi's Motion to Dismiss based on res judicata is DENIED as to

14   marks '172 and '000.

15          ii.     *Motion to Dismiss: Statute of Limitations*

16          VVV maintains five causes of action against Meenakshi: (1) federal unfair competition

17   (15 U.S.C. § 1125(a); Lanham Act § 43(a)); (2) federal dilution (15 U.S.C. § 1125(c); Lanham

18   Act § 43(c)); (3) common law trademark infringement; (4) California dilution (Cal. Bus. & Prof.

19   Code § 14247, 14250); and (5) California unfair competition (Cal. Bus. & Prof. Code § 17200).

20   Meenaskshi argues that all five claims are barred by statute of limitations.

21          a.     First Cause of Action: Federal Unfair Competition (15 U.S.C. § 1125(a);

22                 Lanham Act § 43(a))

23          Meenakshi contends that VVV's federal unfair competition claim is untimely under

24   California's analogous four year statute of limitations.[5]  (ECF No. 7-1 at 7–8.)  The Lanham Act

25   contains no explicit statute of limitations.  *Official Airline Guides, Inc. v. Churchfield Publ'ns,*

26   *Inc.*, 6 F.3d 1385, 1395 (9th Cir. 1993).  "When a federal statute lacks a specific statute of

27

28   _____

     [5]      Meenakshi also contends that VVV is not entitled to equitable tolling. Because the Court finds that VVV's
     claims regarding marks '654 and '000 are timely, it does not address the issue of equitable tolling.

                                              14

1  limitations, the [Ninth] Circuit generally presumes that Congress intended to 'borrow' the

2  limitations period from the most closely analogous action under state law." *Jarrow Formulas,*

3  *Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002).  The statute of limitations for

4  California state law claims for unfair competition is four years.  Cal. Bus. & Prof. Code § 17208;

5  Cal. Code Civ. Proc. § 343; *see also Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 997

6  (9th Cir. 2006) (California's analogous statute of limitations for purposes of the Lanham Act is

7  four years).  Therefore, the Court finds that California's four year statute of limitations applies to

8  VVV's federal unfair competition claim.

9          According to Meenakshi, VVV was on notice on December 28, 2009, when Mr. Ghandi

10  stated he was using mark '654 in his reply to VVV's Notice of Opposition before the TTAB.

11  (ECF No. 7-1 at 8.)  Although it is unclear from VVV's Opposition to Meenakshi's Motion to

12  Dismiss, it appears that VVV contends the statute of limitations could not have commenced on

13  December 28, 2009, because California did not have jurisdiction over VVV's claims at that time.

14  (ECF No. 11 at 4.)  "Accrual of the [a]ction [d]oes [n]ot [c]ommence [u]ntil the [a]ct [g]iving

15  [r]ise to [a]ction [o]ccurs in California."  (ECF No. 11 at 4.)  However, capacity to sue in federal

16  court is governed by Federal Rule of Civil Procedure 17(b).  *Southern California Darts Ass'n v.*

17  *Zaffina*, 762 F.3d 921, 926 (9th Cir. 2014).  Under this Rule, an "unincorporated association . . .

18  may sue . . . to enforce a substantive right existing under the United States."  Fed. R. Civ. P.

19  17(b)(3)(A).  Moreover, Federal District Courts have original subject matter jurisdiction over

20  "any civil action arising under any Act of Congress relating to trademarks."  28 U.S.C. § 1338.

21  Finally, a plaintiff discovers a cause of action when "[h]e has reason to suspect [or] when he has

22  notice or information of circumstances to put a reasonable person on inquiry."  *Jolly v. Eli Lilly &*

23  *Co.*, 44 Cal. 3d 1103, 1110 (1988).  As a corporation organized under the laws of India, for

24  purposes of Federal Rule of Civil Procedure 17(b)(3)(A), VVV is entitled to bring suit to enforce

25  a right "existing under the United States Constitution or laws."  Fed. R. Civ. P. 17(b)(A).  As

26  such, once VVV discovered that Meenakshi allegedly infringed upon its trademark, VVV had the

27  right to bring suit in any Federal District Court.  Thus, VVV's contention that it had to wait until

28  the act giving rise to this action occurred in California is irrelevant.

California's four year statute of limitations for unfair competition claims requires parties to file their claims at the time of accrual, or when they became known in the exercise of reasonable care. *Miller*, 454 F.3d at 997. Mr. Ghandi's answer to the Notice of Opposition before the TTAB did not put VVV on notice of Meenakshi's use of marks '172 and '000, because that proceeding only concerned mark '654. (ECF No. 16-5 at 2–5.) Consequently, Mr. Gandhi only implied his use of mark '654 and did not start the statute of limitations for the claims VVV brought against marks '172 and '000. Moreover, Meenakshi did not file to register marks '172 and '000 until February 24, 2012, and July 23, 2012, respectively. (ECF Nos. 7-9 at 2, 7-10 at 2.) Thus, VVV was incapable of knowing on December 29, 2009 that Meenakshi was using marks '172 and '000.

VVV contends it became aware of Meenakshi's use of the IDHAYAM trademark in the United States "in the second half of 2013, which is after June 30, 2013." (ECF No. 11-5 at 1.) In support of that claim, VVV offers the sworn declaration of V.R. Muthu, chairman of its board. (ECF No. 11-5 at 1–2.) Accordingly, the Court accepts this date as the date of accrual in the instant matter. Therefore, based on the information currently available, the Court finds that VVV was officially on notice after June 30, 2013, and thus the statute of limitations will end in or around the latter half of 2017. Since VVV filed the instant complaint on December 23, 2014, VVV's federal unfair competition claim is timely.

Therefore, the Court DENIES Meenakshi's Motion to Dismiss the first cause of action as time barred as to marks '172 and '000.

                b.   <u>Second Cause of Action: Federal Dilution of a Famous Mark (15 U.S.C. § 1125(c); Lanham Act § 43(c))</u>

Meenakshi alleges VVV's federal dilution claim is time barred under California's four year statute of limitations. As explained above, because the Lanham Act does not have its own statute of limitations, courts will borrow the most analogous statute of limitations from state law. *Au-Tomotive Gold Inc. v. Volkswagen of America, Inc.*, 603 F.3d 1133, 1140 (9th Cir. 2010). The statute of limitations for California state law claims for trademark dilution is four years. Cal. Bus. & Prof. Code § 17208; Cal. Code Civ. Proc. § 343. Meenakshi argues VVV was on notice on

16

1  December 28, 2009, because Mr. Ghandi denied VVV's allegation that he was not using mark

2  '654, and consequently started the statute of limitations on that date.  (ECF No. 7 at 4.)  However,

3  as this Court noted above, VVV discloses in a sworn declaration that it became aware of

4  Meenakshi's use of IDHAYAM in the latter half of 2013.  (ECF No. 11-5 at 1.)  Thus, the Court

5  finds that VVV was on notice after June 30, 2013.  Accordingly, VVV timely filed this claim on

6  December 23, 2014, which is within the applicable four year statute.  (ECF No. 1.)

7      Therefore, the Court DENIES Meenakshi's Motion to Dismiss the second cause of action

8  as time barred as to marks '172 and '000.

9                    c.   Third Cause of Action: Common Law Trademark Infringement

10      Meenakshi contends that VVV's common law trademark infringement claim is governed

11  by a two year statute of limitations under California Civil Procedure Code section 339.  (ECF No.

12  7-1 at 8.)  VVV argues that under *Miller v. Glen Miller*, the statute of limitations for trademark

13  infringement claims is four years.  (ECF No. 11 at 9); 454 F.3d 975 (9th Cir. 2006) ("The

14  California statute of limitations for breach of contract claims, statutory right of publicity claims,

15  state trademark infringement and/or dilution claims, and state unfair competition claims is four

16  years.")  However, *Miller* only considered state trademark infringement claims, and therefore

17  does not apply to VVV's common law trademark infringement claim.  *Id.*

18      The Ninth Circuit has held that trademark infringement claims are akin to tort claims for

19  statute of limitations purposes.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 720

20  (9th Cir. 2004.)  Additionally, California courts have held that California Civil Procedure Code

21  section 339 governs the statute of limitations for torts, and the statute is two years.  *Murphy v.*

22  *Hartford Acci. & Indem. Co.*, 177 Cal. App. 2d 539, 544 (1960).  Regardless of whether a four

23  year or two year statute of limitations applies, VVV's common law claim is timely.  Pursuant to

24  VVV's sworn declaration by its chairman V.R. Muthu, VVV became aware that Meenakshi was

25  using the trademark IDHAYAM after June 30, 2013.  (ECF No. 11-5 at 1.)  Thus, the two year

26  statute of limitations period started sometime after that date, and VVV filed the instant Complaint

27  on December 23, 2014, well within the two year time limit.

28      Therefore, the Court DENIES Meenakshi's Motion to Dismiss the third cause of action as

1  time barred as to marks '172 and '000.

2             d.  <u>Fourth Cause of Action: California Dilution (Cal. Bus. & Prof. Code § 14247,</u>

3                 <u>14250)</u>

4        Meenakshi contends that California's four year statute of limitations bars VVV's dilution

5  claim under California law, because "[VVV] was compelled to bring suit against [Meenakshi] on

6  or before December 28, 2013," when Mr. Ghandi notified VVV of his use of the IDHAYAM

7  trademark in his answer to VVV's opposition notice.  (ECF No. 7 at 5.)  The statute of limitations

8  for a California dilution claim is four years.  *See* Cal. Bus. & Prof. Code § 17208; Cal. Civ. Proc.

9  Code § 343.  Based on the sworn declaration provided by VVV, it was on notice of Meenakshi's

10  use of the trademark IDHAYAM after June 30, 2013.  (ECF No. 11-5 at 1.)  Consequently, under

11  the four year statute of limitations, VVV would have until the latter half of 2017 to bring suit and

12  it has clearly met this deadline.  Therefore, VVV's California dilution claim is timely.

13        Alternatively, Meenakshi claims that § 15 U.S.C. 1125(c)(6) precludes VVV from

14  bringing a claim because Meenakshi is the registered owner of IDHAYAM.  (ECF No. 7-1 at 9.)

15  VVV argues "prohibition set forth in 15 U.S.C. section 1125(c)(6) is vitiated when the asserting

16  party seeks to cancel the registration."  (ECF No. 11 at 12.)  § 15 U.S.C. 1125(c)(6) states: "The

17  ownership by a person of a valid registration under the Act . . . or on the principal register under

18  this chapter shall be a complete bar to an action against that person, with respect to that mark,

19  that—(A) is brought by another person under the common law or a statute of a State; and (B)(i)

20  seeks to prevent dilution by blurring or dilution by tarnishment; or (ii) asserts any claim of actual

21  or likely damage or harm to the distinctiveness or reputation of a mark, label, or form of

22  advertisement."  VVV notes that the Ninth Circuit has reasoned that 15 U.S.C. section 1125(c)(6)

23  does not preclude a party from bringing a state dilution claim if that party is seeking to cancel the

24  registration of the mark.  *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 635 n.4 (9th Cir. 2007).

25  Because VVV is currently seeking to cancel Meenakshi's registrations of marks '172 and '000,

26  15 U.S.C. section 1125(c)(6) does not bar it from bringing a California dilution claim.

27        Therefore, the Court DENIES Meenakshi's Motion to Dismiss the fourth cause of action

28  as time barred as to marks '172 and '000.

1  ///

2            e.   <u>Fifth Cause of Action: California Unfair Competition (Cal. Bus. & Prof. Code</u>

3            <u>§ 17200)</u>

4         Meenakshi claims VVV's California unfair competition claim is time barred under the

5   four year statute of limitations set forth in California Business and Professions Code, section

6   17208.  (ECF No. 7 at 5.)  California Business and Professions Code section 17208 requires that:

7   "Any action to enforce any cause of action pursuant to this chapter shall be commenced within

8   four years after the cause of action accrued."  Cal. Bus. & Prof. Code § 17208; *see also Karl Storz*

9   *Endoscopy America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 857 (9th Cir. 2002).

10  Again, Meenakshi argues that the statute of limitations began to run on December 28, 2009.

11  However, since VVV provided a sworn declaration affirming it became aware of Meenakshi's

12  use of the trademark, the Court finds that date to be the start of the statute of limitations period.

13  VVV timely filed its claim on December 23, 2014, well within the applicable four year statutory

14  period.  Accordingly, VVV's unfair competition claim under California law is not barred by the

15  statute of limitations.

16        Therefore, the Court DENIES Meenakshi's Motion to Dismiss the fifth cause of action as

17  time barred as to marks '172 and '000.

18        ***iii.***      ***Motion to stay***

19        The Ninth Circuit has not established a clear test for determining when a federal court

20  should issue a stay order pending the outcome of a TTAB proceeding.  However, in *Rhoades v.*

21  *Avon Products, Inc.*, the Ninth Circuit held that under the doctrine of primary jurisdiction,[6]

22  "where . . . there is a potential infringement lawsuit, federal courts are particularly well-suited to

23  handle the claims so that parties may quickly obtain a determination of their rights without

24  accruing potential damages."  504 F.3d 1151, 1165 (9th Cir. 2007) (cited with approval in *Beijing*

25  *Tong Ren Tang, Corp. v. TRT USA Corp.*, No. 09-00882 RMW, 2009 WL 5108578 (N.D. Cal.

26  _____

27  [6]     The primary jurisdiction doctrine provides that when there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved.  *Rhoades v.*

28  *Avon Products, Inc.*, 504 F.3d 1151, 1162 (9th Cir. 2007).

1   2009) (denying a motion to stay proceedings because the TTAB was incapable of deciding

2   infringement claims) (also cited with approval in *CTF Development Inc. v. Penta Hospitality,*

3   *LLC*, No. 09–02429 WHA, 2009 WL 2524476 (N.D. Cal.) (denying motion to stay pending a

4   trademark cancellation proceeding before the TTAB).

5        It is unclear from Meenakshi's Motion to Stay whether it is requesting this Court stay all

6   claims against all three marks or only claims against mark '654.  (ECF No. 16-1 at 4.)  Assuming

7   Meenakshi is requesting to stay claims against all three marks, this Court will determine whether

8   to stay proceedings pertaining to marks '172 and '000 based on the following factors:  (1)

9   whether discovery is complete and whether a trial date has been set; (2) whether a stay will

10  simplify the issues in question and trial of the case; and (3) whether a stay would unduly

11  prejudice or present a clear tactical disadvantage to the non-moving party.  *AT & T Intellectual*

12  *Property I v. Tivo, Inc.* 774 F. Supp. 2d 1049, 1051 (N.D. Cal. 2011).

13       The first factor weighs in favor of granting a stay.  In the instant matter, there is no current

14  trial date set and no discovery has commenced between the parties.  The only motions on record

15  are Meenakshi's Motion to Dismiss and Motion to Stay.  (ECF Nos. 7, 16.)  Thus, the first factor

16  supports staying the instant suit.

17       The second factor, whether staying the suit will simplify the issues, weighs against

18  granting the stay.  The only matter on appeal before the CAFC is whether mark '654 is barred by

19  res judicata.  (ECF No. 16-18 at 3.)  There is no determination on marks '172 and '000 pending

20  before the CAFC, and consequently there is no risk of this Court making a determination that is

21  inconsistent with the CAFC.  (ECF No. 16-18.)  Although a cancellation proceeding on marks

22  '172 and '000 is pending before the TTAB, VVV brings forth causes of action under 15 U.S.C. §

23  1125(a) and (c) of the Lanham Act for infringement and unfair competition, as well as California

24  state law claims of infringement and dilution in the instant action.  (ECF No. 1 at ¶¶ 20–38.)  The

25  TTAB does not have subject matter jurisdiction over these claims, and it cannot grant VVV the

26  full recovery it seeks, either by way of injunction or damages.  *See Am. Bakeries Co. v. Pan-O-*

27  *Gold Baking Co.*, 650 F. Supp. 563, 567–68 (D. Minn. 1986); *see also PHC, Inc. v. Pioneer*

28  *Heathcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996) (noting that the "[TTAB] cannot give relief for an

1   infringement claim, either injunctive or by way of damages").  Accordingly, staying the claims

2   against marks '172 and '000 in the instant action will not simplify the issues.

3          Finally, the third factor slightly weighs in favor of denying the stay.  The TTAB has only

4   recently set a schedule for the cancellation proceeding but it could continue for an indefinite

5   period of time.  (ECF No. 16-17 at 7–8.)  A stay could prejudice VVV by delaying access to

6   discovery and its attempt to vindicate its alleged rights to the trademark.  In addition, denying the

7   stay would not prejudice Meenakshi, because the CAFC is only making a determination in regard

8   to mark '654.  (ECF No. 16-18 at 2.)  Thus, any rights that Meenakshi may gain through the

9   CAFC's judgment will not be harmed by this Court's decision concerning marks '172 and '000.

10         For the foregoing reasons, the Court finds it would be more efficient to determine the

11  infringement and dilution issues in the instant case rather than stay the case pending resolution by

12  the TTAB.

13         Therefore, Meenakshi's Motion to Stay pertaining to marks '172 and '000 is DENIED.

14    **IV.    CONCLUSION**

15         For the reasons set forth above, the Court hereby DENIES Defendant's Motion to Dismiss

16  and GRANTS IN PART and DENIES IN PART Defendant's Motion to Stay.  (ECF Nos. 7, 16.)

17  The Court orders as follow:

18         1. Defendant's Motion to Dismiss is DENIED.

19         2. Defendant's Motion to Stay Counts I–V against mark '654 is GRANTED.

20         3. Defendant's Motion to Stay Counts I–V against marks '172 and '000 is DENIED.

21         IT IS SO ORDERED.

22

23  Dated: March 31, 2016

24

25

26                                              Troy L. Nunley
                                                United States District Judge
27

28

21