1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   V.V.V. & SONS EDIBLE OILS                    No.  2:14-cv-02961-TLN-CKD
     LIMITED, a public limited company,
12
               Plaintiff,
13                                                 **ORDER GRANTING IN PART**
          v.                                       **DEFENDANT'S MOTION TO DISMISS**
14
     MEENAKSHI OVERSEAS LLC, a New
15   Jersey limited liability company,

16             Defendant.

17

18          This matter is before the Court on Defendant Meenakshi Overseas LLC's ("Defendant")

19   Motion to Dismiss Plaintiff V.V.V. & Sons Edible Oils Limited's ("Plaintiff") Complaint.  (ECF

20   No. 7.)  The Court previously ruled on this motion regarding Defendant's Trademarks identified

21   as 4,225,172 ("'172") and 4,334,000 ("'000").  (Order, ECF No. 21.)  However, the Court stayed

22   the motion with regard to Defendant's Trademark 4,006,654 ("'654").  The Court lifted the stay

23   and reopened Defendant's motion on May 6, 2015.  In light of the administrative proceedings, the

24   Court hereby GRANTS Defendant's motion to dismiss Plaintiff's complaint insofar as Plaintiff

25   asserts claims against mark '654.

26   //

27   //

28   //

                                                   1

1        **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2               Plaintiff is an Indian based company that sells Indian food-oil products, specifically

3        sesame oils.  (ECF No. 11 at 1–2.)[1]  Plaintiff labels its products with the word IDHAYAM and

4        sells them throughout several countries, including the United States.  (ECF No. 11 at 1–2.)

5        According to Plaintiff, it adopted the mark "IDHAYAM" to brand its sesame oil products in

6        1986.  (ECF No. 1 ¶ 4; ECF No. 7-3 at 3.)

7               Defendant is a New Jersey based company that also sells Indian food products in the

8        United States.  (ECF No. 1 ¶ 5.)  On May 29, 2009, Mr. Anil Gandhi, the original founder and

9        owner of Defendant, filed a trademark application with the United States Patent and Trademark

10       Office ("USPTO") to register the mark IDHAYAM for sesame oil (mark 4,006,654 ('654)).

11       (ECF No. 7-6 at 1.)  On May 29, 2009, Plaintiff filed a Notice of Opposition with the United

12       States Trademark Trial and Appeal Board ("TTAB"), requesting the TTAB refuse Mr. Gandhi's

13       application for trademark '654 due to Plaintiff's prior use of IDHAYAM.  (ECF No. 7-3 at 1–4.)

14       Plaintiff argued that Mr. Gandhi's IDHAYAM mark was likely to cause confusion with

15       Plaintiff's same mark, and his use of the mark would "take advantage of [Plaintiff's] valuable

16       brand and goodwill in the United States."  (ECF No. 7-3 at 3.)  Plaintiff also alleged that Mr.

17       Gandhi had "never manufactured or marketed sesame oil products under the IDHAYAM brand in

18       the United States or anywhere."  (ECF No. 7-1 at 5.)  Mr. Gandhi denied the allegation, however

19       he did not specify his use of the mark.  (ECF No. 7-4 at 2.)  Plaintiff did not further respond to the

20       TTAB's inquiries.  (ECF No. 7-5 at 1.)  Therefore, due to Plaintiff's lack of response, the TTAB

21       entered a default judgment with prejudice against Plaintiff on January 3, 2011.  (ECF No. 7-5 at

22       1.)  On August 2, 2011, Mr. Ghandi received full rights to the mark IDHAYAM ('654).  (ECF

23       No. 16 at 3.)

24              On December 7, 2011, Mr. Gandhi assigned his trademark rights in mark '654 to the

25       Defendant, Meenakshi Overseas, LLC.  (ECF No. 7-7 at 1–2.)  On February 24, 2012, Defendant

26       filed an application to register a second IDHAYAM mark (4,225,172 ('172)) with the USPTO.

27       (ECF No. 7-9 at 1.)  Although mark '172 is for a wider variety of food products, it is the exact

28       _____

[1]        The factual allegations are taken from this Court's previous Order dated March 31, 2016 (ECF No. 21).

1    same wording as mark '654.  (ECF No. 7-9 at 1.)  On October 16, 2012, the USPTO approved

2    Defendant's application for mark '172.  (ECF No. 7-9 at 1.)  On July 23, 2012, Defendant filed

3    another application to register a third IDHAYAM mark (4,334,000 ('000)), and on May 14, 2013,

4    the USPTO awarded Defendant the registration.  (ECF No. 7-10 at 1.)  This mark deviates from

5    marks '654 and '172 in that it incorporates a red banner with additional text ("South Indian

6    Delite"), a red heart with two diagonal gold straps, and a blue rectangle with the word

7    IDHAYAM in yellow font.  (ECF No. 7-10 at 1.)  Plaintiff did not file a Notice of Opposition

8    against either of these marks.  (See ECF No. 16-1 at 6.)

9            On July 31, 2012, shortly after Defendant filed his application for the third mark ('000),

10   Plaintiff filed a trademark application to register the mark IDHAYAM for edible oil products.

11   (ECF No. 16-8 at 6.)  On November 28, 2012, the TTAB denied the application due to a

12   likelihood of confusion with Defendant's pre-existing mark '654.  (ECF No. 16-9 at 2–5.)

13   According to the TTAB reviewing attorney, Plaintiff's requested mark was identical to

14   Defendant's existing mark '654.  (ECF No. 16-12 at 4.)  Plaintiff did not respond to the TTAB's

15   denial.  (ECF No. 16-10 at 2.)  Consequently, the TTAB deemed Plaintiff's application

16   abandoned.  (ECF No. 16-10 at 2.)

17           On July 9, 2014, Plaintiff filed another application to register the mark IDHAYAM, this

18   time for cooking oils.  (ECF No. 16-11 at 2–3.)  On November 5, 2014, the TTAB again denied

19   Plaintiff's application, stating there was a likelihood of confusion with the pre-existing mark

20   '654, and also with marks '172 and '000.  (ECF No. 16-12 at 2–6.)  No further action was taken

21   by Plaintiff until December 23, 2014, when Plaintiff filed a Petition for Cancellation before the

22   TTAB to cancel the registration of all three of Defendant's marks.  (ECF No. 16-13 at 2.)  In

23   response, Defendant filed a Motion to Dismiss and a Motion for Summary Judgment before the

24   TTAB based on res judicata.  (ECF No. 16-15 at 117–128.)  On July 15, 2015, the TTAB held

25   that res judicata barred Plaintiff's claims against mark '654 and it dismissed the claim with

26   prejudice.  (ECF No. 16-17 at 2–8.)  On September 10, 2015, Plaintiff appealed the TTAB's

27   judgment regarding mark '654 to the United States Court of Appeals for the Federal Circuit

28   ("CAFC").  (ECF No. 16-18 at 2.)  That appeal is currently pending.  (ECF No. 16-1 at 4.)

1    However, the TTAB denied Defendant's Motion to Dismiss regarding marks '172 and '000.

2    (ECF No. 16-17 at 7.)  The cancellation proceeding before the TTAB against marks '172 and

3    '000 is currently pending.  (ECF No. 16-17 at 7.)

4         On the same day Plaintiff filed the cancellation proceeding before the TTAB, it also filed

5    the instant Complaint against Defendant.  (ECF No. 1.)  The Complaint alleges five counts: (1) a

6    violation of unfair competition under § 43(a) of the Lanham Act; (2) federal dilution of a famous

7    mark under § 43(c) of the Lanham Act; (3) common law trademark infringement; (4) California

8    dilution in violation of California Business and Professions Code § 14247; and (5) violation of

9    California's unfair competition under California Business and Professions Code § 17200.

10   Plaintiff alleges all five counts against all three marks registered to Defendant.  (ECF No. 1 at ¶¶

11   20–38.)

12        Defendant filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6).  (ECF No.

13   7.)  Defendant argued the claims are barred under statute of limitations and res judicata, and

14   therefore should be dismissed.  (ECF No. 7 at 6–8.)  This Court issued an order staying the

15   motion as to mark '654 and denying the motion as to marks '172 and '000.  (ECF No. 21.)  The

16   Court applied a four year statute of limitations period to Plaintiff's claims and determined that the

17   statute of limitations did not bar Plaintiff's claims for marks '172 and '000 because Plaintiff

18   became aware of Defendant's use of the IDHAYAM trademark after June 30, 2013.  (ECF No. 21

19   at 16.)  Furthermore, the Court found that res judicata did not apply to mark '172 and mark '000

20   because the claims at issue in the TTAB action were not identical to the claims at issue in the

21   current litigation.  (ECF No. 21 at 13.)  The parties filed a joint stipulation on May 5, 2016, to lift

22   the stay on mark '654 and reevaluate Defendant's motion to dismiss in light of mark '654.  (ECF

23   No. 24.)  On May 5, 2016, the Court ordered the stay lifted and decided to reconsider the

24   Defendant's motion to dismiss as to mark '654.  (ECF No. 25.)  Neither Defendant nor Plaintiff

25   makes any new arguments.

26        **II.   STANDARD OF LAW**

27        A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

28   12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

4

2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

1  facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

2  *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

3  the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While

4  the plausibility requirement is not akin to a probability requirement, it demands more than "a

5  sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a

6  context-specific task that requires the reviewing court to draw on its judicial experience and

7  common sense." *Id.* at 679.

8          In ruling upon a motion to dismiss, the court may consider only the complaint, any

9  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

10  Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu

11  Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

12  1998).

13          If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

14  amend even if no request to amend the pleading was made, unless it determines that the pleading

15  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

16  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

17  *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

18  denying leave to amend when amendment would be futile).  Although a district court should

19  freely give leave to amend when justice so requires under Federal Rule of Civil Procedure

20  15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has

21  previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713

22  F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th

23  Cir. 2004)).

24      **III.    ANALYSIS**

25          Defendant argues the claims are barred under statute of limitations and res judicata, and

26  therefore should be dismissed.  (ECF No. 7 at 6–8.)  For the reasons stated in this Court's

27  previous order, Plaintiff's claims against mark '654 are not barred by the statute of limitations.

28  (*See* ECF No. 21 at 14–19.)  Therefore, the Court will only address whether the claims are

1  precluded as to mark '654 based on res judicata.

2          Defendant argues that all counts of the Complaint should be dismissed because

3  "ownership of the IDHAYAM mark between Plaintiff and Defendant has already been

4  adjudicated." (ECF No. 7-1 at 10.) The Court takes the following allegations to be Defendant's

5  res judicata claims against '654: (1) the TTAB previously entered a default judgment for mark

6  '654 against Plaintiff following the opposition proceeding; (2) the parties in the TTAB opposition

7  proceeding, Mr. Ghandi and Plaintiff, are in privity with the parties that are in dispute in the

8  instant matter; and (3) the claims in this case are based on the same set of facts as in the TTAB

9  opposition proceeding regarding mark '654. (ECF No. 7-1 at 10–12.) Accordingly, Defendant

10 contends that "res judicata bars Plaintiff's current complaint because Plaintiff's allegations in the

11 prior [TTAB opposition] proceeding could have given rise to the current claims and therefore,

12 Plaintiff cannot allege new injuries arising from any new act that is not first based on Defendant's

13 use." (ECF No. 7-1 at 11.)

14          Res judicata bars all grounds for recovery which could have been asserted, whether they

15 were or not, in a prior suit between the same parties or their privies on the same cause of action.

16 *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986). "The principles of res judicata apply

17 to administrative decisions, although the doctrine is applied less rigidly to administrative

18 proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998).

19 Res judicata applies where there is: (1) an identity of claims; (2) a final judgment on the merits;

20 and (3) identity or privity between parties. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th

21 Cir. 2013). The Court addresses each factor in turn.

22          A.  Identity of Claims

23          With respect to identity of claims, in determining whether successive lawsuits involve the

24 same cause of action, the court considers:

25

26          (1) [W]hether rights or interests established in the prior judgment would be
              destroyed or impaired by prosecution of the second action; (2) whether

27          substantially the same evidence is presented in the two actions; (3) whether
              the two suits involve infringement of the same right; and (4) whether the two

28          suits arise out of the same transactional nucleus of facts.

1    *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982).  The last of

2    these four criteria is the most important.  *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).

3    The Court addresses each of these factors in sequence.

4          The first factor, whether this suit will impair rights established in the TTAB opposition

5    proceeding, weighs in favor of preclusion.  As mentioned in the Court's previous order, the

6    TTAB issued a default judgment against Plaintiff which effectively awarded the rights to mark

7    '654 to Defendant.  (ECF No. 10-6 at 2.)  Thus maintaining claims against mark '654 would

8    impair Defendants rights awarded under the TTAB judgment.

9          The second factor, substantially similar evidence, also weighs in favor of preclusion.

10   Plaintiff filed an opposition against mark '654 with the TTAB.  (ECF No. 7-1 at 1–4.)  The TTAB

11   considered evidence in opposition to granting Defendant the rights to mark '654, much as this

12   Court must do in the instant case.  While there may be different evidence presented in this case,

13   evidentiary overlap with respect to mark '654 is almost guaranteed.  Accordingly, the evidence

14   between the TTAB proceeding and the instant suit are substantially similar.

15         The third factor, whether the two suits involve the same rights, leans toward preclusion.

16   As the Court mentioned in its previous order, "the rights at issue, trademark infringement and

17   dilution, are the same fundamental rights that were at issue in the TTAB opposition proceeding."

18   (ECF No. 21 at 12.)  "Although [Plaintiff] did not explicitly set forth claims for dilution and

19   trademark infringement in the TTAB proceeding, [Plaintiff] was seeking to terminate

20   [Defendant]'s use of IDHAYAM and prove its own right to use IDHAYAM through a common

21   law trademark claim."  (ECF No. 7-3 at 3.)  Plaintiff is attempting to pursue the same claims in

22   the instant suit as to mark '654.  (ECF No. 1 at ¶¶ 20–38.).)  Moreover, Plaintiff alleged in its

23   opposition that its mark "is well known and recognized" because it is a "worldwide leader in the

24   manufacture and supply of sesame oil products," which supports a claim of trademark dilution.

25   (ECF No. 16-17 at 7.)  Therefore, as the Court noted in its previous order, the underlying right

26   that Plaintiff is seeking in this suit is the same fundamental right it sought and was denied in the

27   TTAB opposition proceeding. (ECF No. 21 at 12–13.)

28         The fourth and most important factor, same transactional nucleus of facts, "depends on

8

whether [the two suits] are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).  Defendant contends that the instant matter arises out of the same transactional nucleus of facts because Plaintiff's "allegations in the prior proceeding could have given rise to the current claims." (ECF No. 7-1 at 11.)  Unlike marks '172 and '000, Plaintiff brought allegations against mark '654 in the TTAB opposition proceedings.  Plaintiff relies on *Jet, Inc. v. Sewage Aeration Systems*, to argue that the "trademark infringement actions do not contain the same transactional set of facts as do proceedings before the Trademark Trial and Appeal Board." (ECF No. 11 at 13 (citing *Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 1364 (Fed. Cir. 2000)).)  In *Jet, Inc.*, the Federal Circuit compared trademark infringement actions to cancellation proceedings.  *Jet, Inc.*, 223 F.3d at 1363–64.  The Court held that infringement actions and cancellation proceedings did not arise out of the same transactional facts because the facts required to establish each claim were different.  *Id.* at 1364 (listing 4 factual differences between the two causes of action).  Plaintiffs sight *Orouba Agrifoods Processing Co. v. United Food Import*, for the proposition that cancellation proceedings and opposition proceedings present the same issues.  (ECF No. 11 at 13 (97 USPQ2d 1310 (TTAB 2010)).)

However, Plaintiff's reliance on *Jet, Inc.* is misplaced.  The Ninth Circuit has held that "[i]t is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).  Thus, in order to demonstrate that the claims arise out of the same transactional nucleus of facts a plaintiff must show that the allegations in the prior proceeding could give rise to the current claims and the claims are not based on conduct that occurred after the earlier judgment.  *MGM Entertainment, Inc. v. Mattel, Inc.*, No. CV 11-01063 DOC(RNBx), 2011 WL 5007955, at * 5 (C.D. Cal. Oct. 20, 2011).  The Federal Circuit's ruling in *Jet, Inc.* does not automatically preclude this Court from finding that the claims in the instant action and the claims in the TTAB opposition proceeding arise out of the same transactional set of facts.  Plaintiff must still demonstrate that the claims could not have been brought in the TTAB opposition proceeding or

9

1   arose from conduct that occurred after the TTAB issued its judgment.

2         Here, Plaintiff makes arguments that were available to it at the time of the TTAB

3   opposition proceeding.  In opposition to Defendant's trademark registration, Plaintiff claimed that

4   it had been using the IDHAYAM mark "long prior to Applicant's filing date of May 29, 2009."

5   (ECF No. 7-3 at 3.)  Plaintiff also alleged that "the mark possesses a high degree of

6   distinctiveness and is well known and recognized as identifying sesame oil solely from

7   [Plaintiff]."  (ECF No. 7-3 at 3.)  Plaintiff claimed that Defendant's mark is likely to cause

8   confusion, or mistake or deceive consumers under the Lanham Act.  (ECF No. 7-3 at 4.)

9   Furthermore, Plaintiff claimed "the registration would be a source of damage and injury to

10   [Plaintiff]."  (ECF No. 7-3 at 4.)  Opposition proceedings may be brought under theories of

11   "dilution by blurring and dilution by tarnishment" or when the person "believes that he would be

12   damaged by the registration of a mark."  15 U.S.C. § 1063(a).  Such proceedings, may be based

13   on a showing that the proposed trademark does not meet one of the requirements of 15 U.S.C. §

14   1052, which include: immoral, deceptive, or scandalous; disparage or falsely suggest a connection

15   with persons, institutions, beliefs or national symbols; geographical indication identifying place

16   other than the origin of the goods; consists of a flag or coat of arms; etc.  *Ritchie v. Simpson*, 170

17   F.3d 1092 (Fed. Cir. 1999) (recognizing claims for opposition proceedings arising out of § 1052).

18         In the instant action, Plaintiff alleges Defendant's "conduct constitutes the use of symbols

19   or devices tending falsely to describe the infringing products."  (ECF No. 1 ¶ 21.)  Further,

20   Plaintiff alleges that its IDHAYAM trademark is distinctive and famous and Defendant's use of

21   the mark is likely to dilute the quality of the mark.  (ECF No. 1 ¶¶ 24–25.)  Plaintiff's second and

22   third causes of action arise out of allegations available to Plaintiff as a means to oppose

23   registration of mark '654.  Similarly, Plaintiff's fourth cause of action refers to Defendant's

24   alleged infringement and dilution of Plaintiff's use of IDHAYAM.  (ECF No. 1 ¶¶ 31–34.)

25   Dilution is explicitly named as a ground for opposition in 15 U.S.C. § 1063.  Furthermore, the

26   allegations arise out of the same facts known to Plaintiff at the time of its opposition, namely that

27   its IDHAYAM mark was famous and Defendant's use would dilute the mark.

28         Plaintiff's third cause of action alleges a claim under common law trademark

1    infringement.  Plaintiff specifically alleges that it used the IDHAYAM mark in commerce before

2    Defendant's use or application for registration and Defendant uses the mark in the same channels

3    of commerce.  (ECF No. 1 ¶¶ 28–29.)  In the TTAB opposition proceeding, Plaintiff similarly

4    claimed "long prior" use of the trademark IDHAYAM and common law rights to the IDHAYAM

5    term.  (ECF No. 7-3 at 3.)  This cause of action is identical to arguments raised in the opposition

6    proceeding and as such arises out of the same transactional nucleus of facts.

7            Lastly, Plaintiff's fifth claim seeks damages under California's Unfair Competition code

8    based on "[Defendant's] infringement of [Plaintiff's] IDHAYAM trademark."  (ECF No. 1 ¶ 37.)

9    However, Plaintiff alleged the same facts in support of claim five which it alleged in support of

10   claims one through four.  Thus, Plaintiff could have brought claim five or an equivalent argument

11   in the opposition proceedings.  The addition of facts that Defendant allegedly sent cease and

12   desist letters does not add to Plaintiff's allegations.  As such, Plaintiff's claims in the instant

13   action arise out of the same transactional nucleus of facts as they were arguments available at the

14   time of the TTAB opposition proceeding, or were essentially the same claims asserted at the

15   opposition proceeding.  Therefore, the identity of claims element is satisfied.

16           B.  <u>Final Judgment on the Merits</u>

17            Defendant asserts that a default judgment at an opposition hearing is sufficient to

18   demonstrate a final adjudication on the merits.  (ECF No. 7-1 at 7.)  Plaintiff does not address this

19   element in its opposition.  (*See* ECF No. 11.)  However, for the sake of completeness, the Court

20   will address this issue.  The Ninth Circuit as well as the California Supreme Court has recognized

21   that a default judgment is a final judgment on the merits as to aptly pleaded issues.  *See Sharp*

22   *Kabushiki Kaisha v. Thinksharp, Inc.*, 448 F.3d 1368, 1371 (9th Cir. 2006); *In re Williams'*

23   *Estate*, 36 Cal.2d 289, 293 (1950).  Accordingly, the default judgment in the TTAB proceeding

24   constituted a final judgment on the merits.

25           C.  <u>Identity or Privity of Parties</u>

26            Defendant argues the "identity of parties" element is met because Plaintiff is party to both

27   actions and Defendant is in privity with Mr. Gandhi, the person registering the trademark in the

28   TTAB proceeding.  (ECF No. 7-1 at 8.)  Again, Plaintiff does not address this element in its

1   opposition.  (See ECF No. 11.)  A party is in privity when "they hold successive interests in the

2   same property," but only with respect to the property that was transferred.  *International Nutrition*

3   *Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329 (Fed. Cir. 2000).  Mr. Gandhi assigned his

4   interest and rights in mark '654 to Defendant on December 7, 2011.  (ECF No. 7-7 at 1–2.)

5   Accordingly, Mr. Gandhi and Defendant are successors in interest to mark '654.  As Mr. Gandhi

6   was party to the TTAB opposition proceeding and Defendant is party to the instant action, privity

7   of parties exists for the purposes of res judicata.

8       **IV.   CONCLUSION**

9       For the foregoing reasons, the Court finds that the elements for res judicata are satisfied as

10   to mark '654.  Therefore, the TTAB opposition proceedings precludes Plaintiff was asserting any

11   further claims regarding mark '654.  Defendant's Motion to Dismiss is GRANTED WITH

12   PREJUDICE with respect to '654.

13       IT IS SO ORDERED.

14

15   Dated: February 13, 2017

16

17

18                                      Troy L. Nunley
                                         United States District Judge
19

20

21

22

23

24

25

26

27

28