1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   V.V.V. & SONS EDIBLE OILS                    No.  2:14-cv-02961-TLN-CKD
     LIMITED, a public limited company,
12
                   Plaintiff,
13                                                **ORDER DENYING PLAINTIFF'S
           v.                                     MOTION TO AMEND**
14
     MEENAKSHI OVERSEAS LLC, a New
15   Jersey limited liability company,

16                 Defendant.

17

18         This case involves the validity of three registered trademarks: Trademark 4,006,654

19   ("'654"); Trademark 4,225,172; and Trademark 4,334,000. On April 7, 2017, Plaintiff V.V.V. &

20   Sons Edible Oils Limited ("Plaintiff") filed a Motion to Amend (ECF No. 31).  Plaintiff seeks to

21   add a claim for declaratory judgment that the '654 mark is invalid based on fraud in its

22   procurement.  (ECF No. 31-2 at 3.)  Defendant Meenakshi Overseas LLC ("Defendant") opposes

23   the motion and argues the new claim is barred by the doctrine of res judicata and this Court's

24   previous order.  (ECF No. 32.)  Plaintiff filed a reply which is largely unintelligible and discusses

25   matters wholly irrelevant to the instant action.  (ECF No. 36.)

26         On February 14, 2017, the Court dismissed with prejudice all causes of action asserted

27   against mark '654 finding the claims were barred under the doctrine of *res judicata* by an

28   opposition proceeding before the Trademark Trial and Appeal Board ("TTAB") which resulted in

a default judgment in Defendant's favor.  (*See* ECF No. 26.)  Plaintiff now attempts to circumvent this Court's order and reassert the '654 mark into the instant litigation.

Plaintiff argues the new claim is not barred by this Court's previous order dismissing the '654 mark with prejudice because the fraud claim was not adequately pleaded in the TTAB proceeding.  (ECF No. 31-2 at 5.)  Plaintiff at best negligently ignores and at worst purposefully ignores the portion of this Court's February 14 Order which explained "[r]es judicata bars all grounds for recovery which could have been asserted, whether they were or not. . . . *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)."  (ECF No. 26 at 7.)  Plaintiff could have pleaded fraud in the procurement at the TTAB opposition proceeding.[1]  Therefore, whether Plaintiff properly pleaded a claim for fraud in the procurement or even asserted it has no bearing on whether *res judicata bars* this claim.  Allowing Plaintiff to amend to add a fraud in the procurement claim would therefore be frivolous.[2]

Accordingly, the Court hereby DENIES Plaintiff's Motion to Amend (ECF No. 31).

IT IS SO ORDERED.

Dated: August 17, 2017

_____
Troy L. Nunley
United States District Judge

---

[1]    The Court is not persuaded by Plaintiff's argument that fraud in the procurement was not pleaded in the opposition proceeding.  Plaintiff alleged Defendant "made false statements," and that Defendant was "attempting to perpetrate a fraud upon the U.S. Patent and Trademark Office."  (ECF No. 31-2 at 4.)  Plaintiff attempts to split hairs by arguing procurement requires a showing of intent and intent is not pleaded in the TTAB papers filed by Plaintiff.  However, Plaintiff is not required to explicitly state Defendant's intent to make such a showing nor does Plaintiff get to benefit from its inability to adeptly and adequately plead a cause of action in a previous proceeding.
[2]    Plaintiff's motion leaves the Court with the distinct impression Plaintiff is being disingenuous and frivolous in his filings. The Court suggests Plaintiff look at any future filings with a keener eye and attempt to avoid bringing motions and arguments which further waste the Court's time and judicial resources.

2