1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   V.V.V. & SONS EDIBLE OILS                    No.  2:14-cv-02961-TLN-CKD
     LIMITED, a public limited company,
12
               Plaintiff,
13                                                 **ORDER**
          v.
14
     MEENAKSHI OVERSEAS LLC, a New
15   Jersey limited liability company,

16             Defendant.

17

18         This matter is before the Court pursuant to Defendant Meenakshi Overseas LLC's

19   ("Defendant") Motion to Dismiss, Motion for Rule 11 Sanctions, and its request for attorneys'

20   fees and costs.  (ECF Nos. 40 & 43.)  Plaintiff V.V.V. & Sons Edible Oils Limited ("Plaintiff")

21   does not oppose Defendant's Motion to Dismiss, but it opposes Defendant's request for attorneys'

22   fees and costs.  (ECF No. 47.)  Plaintiff also opposes Defendant's Motion for Rule 11 Sanctions

23   and requests sanctions and attorney's fees against Defendant.  (ECF No. 46.)  For the reasons set

24   forth below, Defendant's Motion to Dismiss and request for attorneys' fees are GRANTED,

25   Defendant's Motion for Rule 11 Sanctions is DENIED, and Plaintiff's request for sanctions

26   against Defendant and attorney's fees is DENIED.

27   ///

28   ///

                                                   1

# I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court will be dismissing Plaintiff's claims so the Court will only describe facts relevant to the parties' request for attorneys' fees and Federal Rule of Civil Procedure 11 ("Rule 11") sanctions below.

Plaintiff is an Indian-based company who sells Indian food products throughout several countries, including the United States. (Compl., ECF No. 1 ¶ 4.) Plaintiff labels its products with the word IDHAYAM. (ECF No. 1 ¶ 4.) Defendant is a New Jersey-based company who also sells Indian food products with the mark IDHAYAM. (ECF No. 1 ¶¶ 5, 7.) Defendant has three IDHAYAM trademarks ("marks '654, '172, & '000") registered with the United States Patent and Trademark Office ("USPTO"). (ECF No. 7-7 at 1–2; ECF No. 7-9 at 1–2; ECF No. 7-10 at 1– 2.)

Since November 2009, Plaintiff has made six attempts to challenge ownership of the IDHAYAM mark:

1. On November 17, 2009, Plaintiff brought its first action against Defendant before the United States Trademark Trial and Appeal Board ("TTAB") regarding mark '654. (ECF No. 7-3.) Plaintiff objected to Defendant's use of the IDHAYAM mark because it would likely cause confusion with Plaintiff's same mark. (ECF No. 7-3 at 3.) Plaintiff also argued Defendant was attempting to perpetrate a fraud upon the USPTO. (ECF No. 7-3 at 3.) On January 3, 2011, the TTAB issued a Final Order denying Plaintiff relief *with prejudice* for failure to respond to its inquiries, and Defendant received full rights to mark '654. (ECF No. 7-5 at 1.)

2. On July 31, 2012, Plaintiff tried to register IDHAYAM for "edible oils" with the USPTO (ECF No. 16-8 at 2, 6), but was refused on November 28, 2012, in lieu of mark '654. (ECF No. 16-9 at 2–4.) Plaintiff did not respond to TTAB's denial. (ECF No. 16-10 at 2.) Consequently, on May 29, 2013, the TTAB deemed Plaintiff's application abandoned. (ECF No. 16-10 at 2.)

3. On July 7, 2014, Plaintiff again tried to register IDHAYAM with the USPTO, this time for "cooking oil." (ECF No. 16-11 at 2–3.) On November 5, 2014, the TTAB again denied Plaintiff's application in lieu of Defendant's pre-existing IDHAYAM

marks.  (ECF No. 16-12.)

4.  Based on this refusal, Plaintiff brought a second action on December 23, 2014, before the TTAB regarding the ownership and entitlement of the trademark IDHAYAM for cooking oil, namely edible "gingelly oil."  (ECF No. 16-13 at 2–10.)  On July 15, 2015, the TTAB dismissed, *with prejudice*, Plaintiff's second action, in part, finding that Plaintiff's claims in this proceeding were barred by *res judicata* as against mark '654.  (ECF No. 16-17 at 2– 8.)  The TTAB, however, denied Defendant's motion for summary judgment as to marks '172 and '000.  (ECF No. 16-17 at 7.)

5.  On December 23, 2014, the same day Plaintiff filed the second proceeding with the TTAB, Plaintiff filed the instant action with this Court, alleging standing based on a claim of entitlement to the mark IDHAYAM over Defendant.  (ECF No. 1.)  On February 14, 2017, this Court dismissed Plaintiff's complaint, *with prejudice*, "insofar as Plaintiff asserts claims against mark '654."  (ECF No. 26 at 1.)  The Court found that the elements for *res judicata* were satisfied as to mark '654 because of the TTAB opposition proceedings.  (ECF No. 26 at 12.)  Thus, the Court granted *with prejudice* Defendant's Motion to Dismiss Plaintiff's claims as against mark '654.  (ECF No. 26 at 12.)

6.  On April 7, 2017, Plaintiff filed a Motion to Amend Complaint ("MTAC").  (ECF No. 31.)  Plaintiff wanted to add a claim for declaratory judgment that the '654 mark is invalid based on fraud in its procurement.  (ECF No. 31-2 at 2–3.)  On August 18, 2017, this Court denied Plaintiff's MTAC, finding that allowing Plaintiff to add a fraud in the procurement claim would be frivolous given that Plaintiff's claims as against mark '654 were barred by *res judicata* because Plaintiff already alleged fraud in the TTAB opposition proceeding in 2009.  (*See* ECF No. 38 at 2.)

Defendant urges this Court to impose Rule 11 sanctions on Plaintiff and order Plaintiff to pay its legal fees.  (ECF No. 43.)  Defendant emailed Plaintiff's counsel a Safe Harbor letter and Rule 11 motion for sanctions more than twenty-one days before filing its Motion for Rule 11 Sanctions.  (ECF No. 43-2 at 40– 56.)  Plaintiff opposes Defendant's Motion for Rule 11

3

Sanctions and urges this Court to impose sanctions on Defendant and order Defendant to pay its attorney's fees. (ECF No. 46.)

## II. STANDARD OF LAW

### A. Federal Rule of Civil Procedure 11

Rule 11 provides, in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.... If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule.... (Fed. R. Civ. P. 11.)

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rather, Rule 11 is governed by an objective standard of reasonableness. *See, e.g.*, *Conn v. CSO Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. *Bhambra v. True*, No. 09-cv-4685-CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

When evaluating whether a complaint is frivolous or without evidentiary support, a court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually

4

baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks and citation omitted). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). "If Rule 11(b) was violated, the court 'may' impose sanctions." *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03957, 2014 WL 296873, at *2 (N.D. Cal. Jan. 27, 2014).

### B. 28 U.S.C. § 1927

"Under 28 U.S.C. § 1927, any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Section 1927 provides courts with authority to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings. Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith. Indeed, even if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith." *Save the Peaks Coalition v. U.S. Forest Service*, 683 F.3d 1140, 1142 (9th Cir. 2012) (internal quotations and citations omitted).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's complaint in its entirety. (ECF No. 40.) Plaintiff does not oppose Defendant's Motion to Dismiss "due to the complexity of the area of law and the desire to the Ninth Circuit Court of Appeals [sic] review the case as soon as possible." (ECF No. 47 at 1.) Accordingly, the Court GRANTS Defendant's Motion to Dismiss. (ECF No. 40.) As to the Defendant's remaining motions, the Court will first analyze Defendant's Motion for Rule 11 Sanctions and its request for legal fees pursuant to 28 U.S.C. § 1927. (ECF No. 43.) The Court will then address Plaintiff's request for Rule 11 sanctions and attorney's fees. (ECF No. 46.)

///

A.  <u>Defendant's Motion for Rule 11 Sanctions & Request for Legal Fees</u>

Defendant argues this Court should impose Rule 11 sanctions on Plaintiff and order Plaintiff to pay Defendant's legal fees because Plaintiff's MTAC was legally baseless and Plaintiff's attorney did not conduct a reasonable and competent inquiry before signing and filing it.  (ECF No. 43 at 5, 9, 11–13.)  Specifically, Defendant argues Plaintiff's MTAC was legally baseless because the Court already dismissed Plaintiff's fraud claims as against mark '654 *with prejudice* based on *res judicata*.  (ECF No. 43 at 5, 9.)  Thus, Defendant argues Plaintiff's MTAC was really a motion for reconsideration and violates Local Rule 231.  (ECF No. 43 at 5.)  Defendant argues Plaintiff's attorney did not conduct a reasonable and competent inquiry before signing and filing the MTAC because there is ample case law providing that *res judicata* bars " 'any claims that were raised or could have been raised in a prior action.' "  (ECF No. 43 at 12–13 (quoting *Sutherland v. Underwood*, 516 Fed. Appx. 654, 655 (9th Cir. 2013) and many other cases stating the same legal principle).)  Plaintiff responds that sanctions are not warranted for three reasons, which are explained in detail below.  (ECF No. 46 at 7–18.)

First, Plaintiff argues the purpose of its MTAC was to clarify a single issue.  (ECF No. 46 at 7–11.)  The single issue was whether the default judgment in the 2009 opposition proceeding before the TTAB (*see* attempt #1 above) was a final judgment on the merits for purposes of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  (ECF No. 46 at 9–10.)  This Court only analyzed whether the default judgment was final on its merits for purposes of Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") and concluded that it was.  (ECF Nos. 21, 26, & 38.)  Plaintiff argues that fraud in the procurement must have been properly pleaded before the TTAB in the 2009 opposition proceeding for purposes of Rule 9(b) before a judgment from an administrative proceeding can operate as *res judicata*.  (ECF No. 46 at 9–10 (citing *United States v. Utah Const. & Min. Co.*, 384 U.S. 394 (1966).)  In *United States v. Utah Const. & Min. Co.*, the Supreme Court held that *res judicata* principles may apply to administrative proceedings "[w]hen an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate."  *United States v. Utah Const. & Min. Co.*, 384 U.S. at 421.  Plaintiff has not shown that it did not have an adequate

opportunity to litigate the 2009 proceeding it initiated, and Plaintiff has not explained how the TTAB was not acting in a judicial capacity when it ruled in Defendant's favor *with prejudice*. (*See generally* ECF No. 46.)  In fact, Plaintiff implies the TTAB was acting in a judicial capacity since it "believed that the Court was correct in that the [d]efault [j]udgment operated as a final judgment on the merits for purposes of Rule 8(a)."  (ECF No. 46 at 10.)  For these reasons, the Court is not persuaded by Plaintiff's first argument.

The second reason Plaintiff gives for why sanctions are not warranted is that its MTAC was not foreclosed by well-established legal principles.  (ECF No. 46 at 11–15.)  Plaintiff reiterates the same argument above, arguing that the purpose of its MTAC was to have "this [C]ourt determine whether the [d]efault [j]udgment was final and on its merits for purposes of Rule 9(b), as opposed to Rule 8(a)."  (ECF No. 46 at 12.)  Plaintiff's request that this Court examine its February 14, 2017 Order ("February Order," ECF No. 26) is essentially a motion for reconsideration and as such, Plaintiff violated Local Rule 230(j), which requires a party challenging an Order to set forth certain material facts and circumstances.  For instance, Local Rule 230(j) requires a party to state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 230(j).

Instead of complying with Local Rule 230(j), Plaintiff makes it crystal clear in its Opposition to Defendant's Motion for Sanctions that the real purpose of filing its MTAC was to challenge the February Order.  (*See generally* ECF No. 46.)  For instance, Plaintiff argues that the Court improperly relied on *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) because *McClain* involved a judicial proceeding as opposed to an administrative proceeding, and such proceedings are subject to a less rigid application of *res judicata*.  (ECF No. 46 at 13.)  The February Order is not on review and the Court analyzed Plaintiff's fraud claims fully aware that administrative proceedings are subject to a less rigid application of *res judicata*.  (ECF No. 26 at 7 (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative

proceedings than to judicial proceedings.")).) Plaintiff further challenges the February Order by re-raising *Sharp Kabushiki Kaisha v. Thinksharp, Inc.*, 448 F.3d 1368 (Fed. Cir. 2006) to argue that a default judgment cannot preclude "claims that were not before the court." (ECF No. 46 at 14.) However, the Court found that Plaintiff already alleged its fraud claim in the 2009 TTAB proceeding. (ECF No. 38 at 2 n.1 (citing ECF No. 31-2 at 4) (Plaintiff alleging Defendant "made false statements" and was "attempting to perpetrate a fraud upon the U.S. Patent and Trademark Office").) Plaintiff never challenged the TTAB 2009 default judgment that was entered against it *with prejudice* and instead, abandoned its claim by failing to respond to the TTAB's inquiries. (*See* ECF No. 7-5 at 1.) Nor, as the Court noted above, is the MTAC an appropriate place to challenge the Court's February Order deciding the effect of the TTAB 2009 default judgment. Thus, the Court is not persuaded by Plaintiff's second argument.

The final reason Plaintiff gives for why the Court should not impose sanctions is because it sought to include newly acquired facts in its MTAC. (ECF No. 46 at 16.) Plaintiff has not explained in its opposition what new facts it could have learned now that it could not have learned in 2009 when it initiated the TTAB opposition proceeding before abandoning the case. (*See generally* ECF No. 46.) As the Court found in the February Order, Plaintiff already alleged fraud. Plaintiff argues that the facts it set forth in its Notice of Opposition in the 2009 proceeding did not meet Rule 9(b)'s requirements and thus, its improperly pled averments were "stripped" from its Notice of Opposition and "could not serve as a purpose for a basis for *res judicata*." (ECF No. 46 at 17 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (stating that "averments which do not meet the standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)").) As this Court stated before, and Plaintiff remembers, "Plaintiff does not get to benefit from its inability to adeptly and adequately plead a cause of action in a previous proceeding." (ECF No. 46 at 16 (citing ECF No. 38 at 2 n.1).) Thus, the Court finds Plaintiff's MTAC baseless and without merit.

However, the Court has discretion to impose Rule 11 sanctions. Fed. R. Civ. P. 11(c) (stating that a "court *may* impose an appropriate sanction on any attorney…that violated [Rule 11]") (emphasis added). The purpose of Rule 11 is to deter attorneys from filing baseless legal

papers in a district court and "no showing of bad faith or subjective intent is required." *Truesdell*, 209 F.R.D. at 173–74.  Rule 11 is governed by an objective standard of reasonableness.  *See, e.g.*, *Conn v. CSO Borjorquez*, 967 F.2d at 1421.  When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d at 1127 (quotation marks and citation omitted).  Plaintiff is well aware of the Court's stance regarding its MTAC.  (ECF No. 46 at 8 (quoting ECF No. 38 at 2 n.2) ("Plaintiff's motion leaves the Court with the distinct impression Plaintiff is being disingenuous and frivolous in his filing.").)  While the Court finds Plaintiff's MTAC legally baseless from an objective perspective, it finds Defendant has not met its burden to show Plaintiff's attorney failed to conduct a reasonable and competent inquiry before signing and filing the MTAC.  For instance, Defendant simply argues that because Plaintiff's amended complaint and MTAC are both legally and factually baseless, "it is implied [sic] Plaintiff's attorney 'did not conduct a reasonable and competent inquiry' or just did not care. " (ECF No. 43 at 12.)  Based on this logic, any court who finds a filing legally and factually baseless could always infer the second prong is met.  The Court does not think the Ninth Circuit intended such a result when it put forth the *two*-prong test in *Christian*.  Accordingly, the Court, in its discretion, DENIES Defendant's Motion for Rule 11 Sanctions.

The Court, however, will grant Defendant's request for reasonable attorneys' fees and costs.  (ECF No. 43 at 2, 14.)  Defendant is entitled to legal fees pursuant to 28 U.S.C. § 1927 because Plaintiff has unreasonably and vexatiously multiplied these proceedings by bringing motions and arguments that waste this Court's time and judicial resources and Plaintiff's attorney has acted in bad faith by recklessly raising frivolous arguments.  28 U.S.C. § 1927; *Save the Peaks Coalition*, 683 F.3d at 1142 (stating that any attorney, who in bad faith, unreasonably and vexatiously multiplies proceedings and raises frivolous arguments may be required to pay the other party's legal fees).  For instance, after this Court dismissed Plaintiff's claims as against mark '654 *with prejudice* on the basis of *res judicata* in the February Order, Plaintiff filed its

MTAC to add a claim of fraud against mark '654 despite having already pled fraud, albeit deficiently, in the 2009 opposition proceeding. (ECF No. 31 at 5 (Plaintiff admitting that it already alleged a claim for fraud in the procurement of mark '654, but it was not properly before the TTAB during the 2009 opposition proceeding).)

After Defendant opposed the MTAC, arguing Plaintiff already alleged fraud and this Court dismissed Plaintiff's fraud claims as against mark '654 *with prejudice* (ECF No. 32 at 6, 11), Plaintiff filed a reply recycling the same arguments it made in its MTAC. (*See generally* ECF No. 36.) Namely, Plaintiff argued that because fraud was not properly pled, *res judicata* did not bar its claim against mark '654. (ECF No. 36 at 3.) Then, after Defendant moved for Rule 11 Sanctions and attorneys' fees and costs (ECF No. 43), Plaintiff yet again recycled this same argument in its opposition. (ECF No. 46 at 16–17 (Plaintiff stating in opposition that it did not meet Rule 9(b)'s particularity requirement when it pled its fraud in the procurement claim).) When this Court denied Plaintiff's MTAC for bringing a frivolous argument, the Court suggested to Plaintiff that "Plaintiff look at any future filings with a keener eye and attempt to avoid bringing motions and arguments which further waste the Court's time and judicial resources." (ECF No. 38 at 2 n.2.) Plaintiff's continuous refilings and re-raising of arguments leaves the Court with a strong impression that Plaintiff intended to vex Defendant and the Court.

For the foregoing reasons, Defendant's request for attorneys' fees and costs is GRANTED and Defendant has fourteen (14) days from the entry of this judgment to present sufficient evidence of the amount it spent in attorneys' fees and costs based on the lodestar formula. *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994) ("Under 'lodestar-multiplier' method for computing attorney fees, the district court first calculates 'lodestar' by multiplying reasonable hours expended by a reasonable hourly rate...").

B. <u>Plaintiff's Requests for Rule 11 Sanctions and Attorney Fees</u>

Plaintiff requests Rule 11 sanctions and attorney's fees in its Opposition to Defendant's Motion for Rule 11 Sanctions. (ECF No. 46 at 19–22.) Such requests are procedurally improper. A motion for sanctions must be made separately from any other motions. Fed. R. Civ. P. 11(c)(2); *see also Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996).

Furthermore, the Rule 11 Safe Harbor provision requires a party to serve the Rule 11 motion on the non-moving party twenty-one days prior to filing with the court. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Because Plaintiff failed to satisfy the requirements of a Rule 11 motion, the Court hereby DENIES Plaintiff's request for Rule 11 sanctions and attorney's fees.

**IV.    CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    Defendant's Motion to Dismiss (ECF No. 40) is GRANTED;

2.    Defendant's Motion for Rule 11 Sanctions (ECF No. 43) is DENIED;

3.    Defendant's request for attorneys' fees and costs (ECF No. 43) is GRANTED. Defendant has fourteen (14) days from the entry of this judgment to file with the Court a motion analyzing the amount of legal fees it requests for filing the instant motions; and

4.    Plaintiff's request for Rule 11 sanctions and attorney's fees is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2018

Troy L. Nunley
United States District Judge