**FILED**

**Dec 27, 2019**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a Public Limited Company, *Plaintiff-Appellant*, <br><br> v. <br><br> MEENAKSHI OVERSEAS, LLC, a New Jersey Limited Liability Company, *Defendant-Appellee.* | No. 18-16071 <br><br> D.C. No. 2:14-cv-02961-TLN-CKD <br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted December 4, 2019
San Francisco, California

Filed December 27, 2019

Before: Eugene E. Siler,[*] Jay S. Bybee,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

---

[*] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**SUMMARY**[**]

**Trademark / Claim Preclusion**

The panel affirmed in part and reversed in part the district court's dismissal of an action seeking damages and injunctive relief for unfair competition, trademark dilution, and trademark infringement as to three marks registered for use with sesame seed oil.

Plaintiff had petitioned for cancellation of the marks before the Trademark Trial and Appeal Board ("TTAB"). TTAB dismissed the petition as to the first mark based on claim preclusion and allowed claims against the other two marks to proceed. The district court dismissed plaintiffs' claims as to the first mark based on claim preclusion and granted defendant's unopposed motion to dismiss the remaining claims.

Reversing as to the first mark, the panel held that an exception to claim preclusion applied because an interparty proceeding before the TTAB is a limited proceeding involving registration of a trademark, and TTAB had no power to decide plaintiff's claims of infringement, dilution, and unfair competition or to grant either injunctive relief or damages. The panel left it to the district court to consider, in the first instance, whether issue preclusion applied. The panel also reversed the district court's denial of leave to amend the complaint to add a fraud claim as to the first mark.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

V.V.V. & SONS EDIBLE OILS V. MEENAKSHI OVERSEAS     3

Affirming the dismissal of plaintiff's claims as to the second and third marks, the panel held that plaintiff's non-opposition to defendant's motion to dismiss waived any challenge to the dismissal.

## COUNSEL

Kenneth C. Brooks (argued), Law Office of Kenneth C. Brooks, Rocklin, California, for Plaintiff-Appellant.

John M. Rannells (argued), Jason Lee DeFrancesco, and Pei-Lun Chang, Baker & Rannells PA, Somerville, New Jersey, for Defendant-Appellee.

## OPINION

R. NELSON, Circuit Judge:

Plaintiff V.V.V. & Sons Edible Oils ("VVV") appeals the dismissal of its trademark claims based on three marks and the denial of leave to amend its Complaint. Because we disagree that the Trademark Trial and Appeal Board ("TTAB") judgment should be given claim preclusive effect, we reverse the district court's dismissal of VVV's claims as to the first mark, as well as the denial of leave to amend. However, we affirm the district court's dismissal of claims regarding the other two marks.

## I

VVV is an Indian company that sells Indian food products in several countries, including the United States.

4    V.V.V. & SONS EDIBLE OILS V. MEENAKSHI OVERSEAS

VVV alleges that it has used the mark "IDHAYAM"—an Indian word for heart—to market sesame oil since the 1980s.

In 2009, the owner of New Jersey-based Meenakshi Overseas, LLC filed a trademark application with the United States Patent and Trademark Office to register the mark IDHAYAM—now called mark '654—for use with sesame oil. VVV opposed that application before the TTAB. By late 2010, VVV had abandoned its Opposition by failing to respond to the TTAB's order to show cause, so the TTAB entered judgment against VVV and dismissed its Opposition with prejudice. Meenakshi's owner then received full rights to mark '654 and assigned them to Meenakshi.

Following this initial dispute, Meenakshi applied for two additional marks featuring the word IDHAYAM—now called the '172 and '000 marks. It was awarded registration without any opposition from VVV. Shortly thereafter, VVV applied to register the mark IDHAYAM for use with edible oils, but the TTAB denied the application due to likelihood of confusion with the Meenakshi marks. Almost two years later, VVV filed another application to register the mark IDHAYAM for use with cooking oils. That application was denied due to likelihood of confusion with the Meenakshi marks as well.

VVV then filed a Petition for Cancellation of all three of Meenakshi's marks before the TTAB. The TTAB dismissed the Petition as to mark '654 with prejudice, based on claim preclusion, and allowed claims against the other two marks to proceed. VVV appealed the partial dismissal to the Federal Circuit, but the Federal Circuit dismissed the appeal

V.V.V. & SONS EDIBLE OILS v. MEENAKSHI OVERSEAS   5

for lack of appellate jurisdiction. The TTAB then stayed the action pending resolution of this case.[1]

At the same time VVV filed its Petition, it filed this case, seeking damages and injunctive relief for unfair competition, trademark dilution, and trademark infringement as to all three of Meenakshi's marks—'654, '172, and '000. The factual allegations supporting these claims are nearly identical to the allegations in the 2009 Opposition.

The district court dismissed the claims only as to the '654 mark, solely based on claim preclusion. The district court found an identity of claims largely because VVV relied on facts and theories in its Complaint that were in its Opposition or were otherwise available at the time of the TTAB proceedings. After the claims as to the '654 mark were dismissed, VVV moved to amend its Complaint to add a claim that the '654 mark was invalid due to fraud. But the district court denied the motion, holding that amendment would be "frivolous" because claim preclusion would bar that claim as well.

Meenakshi then moved to dismiss the claims as to the remaining two marks—'172 and '000. VVV did not oppose the motion "due to the complexity of the area of law and the desire to have the Ninth Circuit Court of Appeals . . . review the case as soon as possible." Based on this non-opposition,

---

[1] A related case brought by importers and distributors of VVV's products against Meenakshi is currently pending before the Third Circuit. In that case, the district court reached the same conclusion as the district court here. *Sai Ram Imports Inc. v. Meenakshi Overseas LLC*, No. 17-11872, 2018 WL 2045996 (D.N.J. May 1, 2018). The appeal was then stayed pending resolution of this appeal. No. 18-2052, Dkt. 10 (3d Cir. Oct. 1, 2018).

6   V.V.V. & SONS EDIBLE OILS V. MEENAKSHI OVERSEAS

the district court granted the motion and entered judgment. This appeal followed.

## II

"We review de novo a district court's dismissal based on res judicata." *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002). "Denial of a motion to amend pleadings is reviewed for an abuse of discretion." *Branch Banking and Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017).

## III

First, we address whether claim preclusion applies. "Res judicata"—otherwise known as claim preclusion—"is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted). Here, the district court held that because these elements were met, claim preclusion barred VVV from asserting any claims based on the '654 mark. We assume, without deciding, that the district court correctly applied the elements of claim preclusion to this case. But we find that an exception to claim preclusion applies.

Under the Restatement (Second) of Judgments, an exception to claim preclusion applies if "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts" and "the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief." Restatement (Second) of Judgments § 26(1)(c). This exception recognizes that the general rules of claim

V.V.V. & SONS EDIBLE OILS V. MEENAKSHI OVERSEAS    7

preclusion are "predicated on the assumption" that "no formal barriers" prevented a litigant from presenting all of his "theories of recovery or demands for relief" in the court "in which the first judgment was rendered." *Id.*, *cmt. c.* If "formal barriers in fact existed and were operative against [the] plaintiff in the first action," however, "it is unfair to preclude" a litigant from bringing a second action relying on new theories or seeking new relief and the general rule does not apply. *Id.*; *see also* Restatement (Second) of Judgments § 25, *cmt. e.*

We have relied on and cited this exception, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1133–34 (9th Cir. 2012); *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 869 (9th Cir. 1995), as has the Supreme Court, *Marrese v. Am. Academy of Orthopedic Surgeons*, 470 U.S. 373, 382 (1985). In *Harris*, for example, a retirement association for county employees challenged a county's decisions about its retirement plan. 682 F.3d at 1129–30. In the suit, which resulted in a judgment in favor of the county, the retirement association sought injunctive relief, but not damages, due to rules surrounding associational standing. *Id.* Later, county employees affected by the county's decisions brought a similar suit, this time seeking damages. *Id.* at 1130–31. The district court dismissed the suit based on the claim preclusive effect of the judgment against the retirement association. *Id.* at 1131. We reversed. *Id.* at 1133–34. Citing Restatement (Second) of Judgments § 26(1)(c), we held that claim preclusion did not bar the county employees from seeking damages in the second action because "a damages remedy was unavailable in the first action." *Id.* at 1133; *see also Codispoti*, 63 F.3d at 869 (noting that "[a]n exception to the general rule of claim preclusion exists where the plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy" in the first action "because of limitations

8   V.V.V. & SONS EDIBLE OILS v. MEENAKSHI OVERSEAS

on the subject matter jurisdiction of the courts") (internal quotation marks omitted).

The same rationale applies here, with greater force. An interparty proceeding before the TTAB is a limited proceeding involving registration of a trademark. 15 U.S.C. § 1067(a) (TTAB "determine[s] and decide[s] the respective rights of [trademark] registration"). As the TTAB Manual of Procedure states, "[t]he Board is empowered to determine only the right to register." TBMP, § 102.01 (2019). Indeed, "[t]he Board is not authorized to determine the right to use, nor may it decide broader questions of infringement or unfair competition." *Id.*; *see also, e.g.*, *Person's Co., Ltd. v. Christman*, 900 F.2d 1565, 1570–71 (Fed. Cir. 1990) ("It is well settled that the Trademark Trial and Appeal Board cannot adjudicate unfair competition issues in a cancellation or opposition proceeding."); *General Mills Inc. v. Fage Dairy Processing Indus. SA*, 100 U.S.P.Q.2d 1584, 1591 (TTAB 2011) ("The Board has no authority to determine the right to use, or the broader questions of infringement, unfair competition, damages or injunctive relief."). This means the TTAB had no power to decide VVV's claims of infringement, dilution, and unfair competition or to "grant . . . either injunctive [relief] or damages." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1158 (9th Cir. 2007). As a result, it would be unfair to preclude VVV from litigating these claims and seeking relief when barriers existed that prevented it from doing so in the first action. Restatement (Second) of Judgments § 26(1)(c); *Harris*, 682 F.3d at 1133.[2]

---

[2] VVV did not raise this argument below. But "[i]n our discretion, we may consider an issue not raised below if the issue is purely one of law, does not affect or rely upon the factual record developed by the

V.V.V. & SONS EDIBLE OILS v. MEENAKSHI OVERSEAS     9

Because an exception to claim preclusion applies here, we reverse the district court's order dismissing VVV's claims as to the '654 mark.**3**  This does not mean, however, that parties who litigate trademark registration before the TTAB will always get the proverbial second bite at the apple if they subsequently file their claims in federal court. Any such concern is resolved by issue preclusion, which the Supreme Court recently recognized as applicable to TTAB proceedings. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 158–60 (2015). To the extent a party before the TTAB litigates an issue that also arises in infringement proceedings before a federal district court, issue preclusion would bar relitigation. *Id.* at 148 ("[W]here a single issue is before a court and an administrative agency, preclusion . . . often applies.").

---

parties, and will not prejudice the party against whom it is raised." *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 n.4 (9th Cir. 2002). We exercise that discretion here. Whether the TTAB had jurisdiction to entertain VVV's claims such that Restatement (Second) of Judgments § 26(1)(c) applies is a pure question of law. *Cf. Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). And Meenakshi is not prejudiced. In its Opening Brief, VVV argued, without any reliance on the factual record, that applying claim preclusion was not fair because the TTAB lacked jurisdiction to entertain VVV's claims. Meenakshi then had an adequate opportunity to respond to that argument in its Answering Brief. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003).

**3** In *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 2010), we held that a second claim did not arise out of the same transactional nucleus of facts—meaning that the elements of claim preclusion were not satisfied—because the second claim could not have been brought in the first action due to the first court's jurisdictional rules. *Id.* at 968. Here, we hold that an exception to claim preclusion applies rather than that an element of the claim-preclusion test is not met. Our holding in *ProShipLine*, however, supports the outcome here.

Whether issue preclusion applies here presents a more difficult question that neither the parties nor the district court addressed.  We therefore leave it to the district court to consider, in the first instance, whether VVV should be precluded from litigating certain issues because of the TTAB judgment.

## IV

We next turn to the district court's denial of leave to amend the Complaint.  "A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).  Here, VVV sought leave to amend its Complaint to add a fraud claim as to the '654 mark.  The district court denied VVV's request, holding, in essence, that amendment would be futile because any claim based on fraud as to the '654 mark would be barred by claim preclusion as well.

Because claim preclusion does not bar VVV's claims as to the '654 mark, it likewise does not bar VVV's proposed fraud claim as to the '654 mark.  We therefore reverse the district court's denial of VVV's motion to amend its Complaint.

## V

Finally, we address the dismissal of VVV's claims as to the '000 and '172 marks.  VVV argues that dismissal of these claims was error because the dismissal was "premised upon" the district court's erroneous claim preclusion ruling.  That is not correct.  The district court initially denied Meenakshi's motion to dismiss these claims, holding that they were *not* barred by claim preclusion.  The district court then granted a

<u>        V.V.V. & SONS EDIBLE OILS V. MEENAKSHI OVERSEAS   11</u>

separate motion to dismiss the claims because VVV explicitly did not oppose it.

VVV's non-opposition to the later motion to dismiss waived any challenge to the dismissal of its claims based on the '000 and '172 marks.  "In order to preserve an issue for appeal, a party must make known to the court any objection to the court's action." *Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir. 1994).  VVV made no such objection.  We therefore affirm the district court's order dismissing VVV's claims as to the '000 and '172 marks.  *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (claims can be abandoned if their dismissal is unopposed).

**AFFIRMED in part REVERSED in part.**