```
Kenneth C Brooks (SBN 167,792)
Law Offices of Kenneth Brooks
5329 Thunder Ridge Circle
Rocklin, California 95765
Tel: 916 223-9773
Fax: 877 730-4315

Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a public limited company,<br><br>        Plaintiff,<br>vs.<br><br>MEENAKSHI OVERSEAS LLC,<br><br>        Defendant. | Case No.: 2:14-CV-02961-TLN-CKD<br><br>JOINT STATUS REPORT BETWEEN V.V.V. & SONS EDIBLE OILS LIMITED and MEENAKSHI OVERSEAS LLC |

    Pursuant to the Federal Rule of Civil Procedure 16, Civil Local Rule 240, and the Court's Minute Order Requiring Joint Status Report (ECF 68) dated April 24, 2020, Plaintiff V.V.V. & SONS EDIBLE OILS LIMITED ("3V") and Defendants MEENAKSHI OVERSEAS LLC ("MOL") hereby submit this Joint Status Report.

    Counsel for parties have met and conferred via e-mail and telephone on several days following the aforementioned Minute Order and most recently met and conferred via telephone and e-mail.

## SUMMARY OF THE CLAIMS SET FORTH IN THE COMPLAINT

The Complaint (ECF 1) sets forth five (5) causes of action: Federal Unfair Competition, Federal Dilution; Common Law Trademark Infringement, California Dilution and unfair competition. The gravamen of Plaintiff's complaint is premised upon MOL's use and registration of the marks that are currently the subject of Federal Registration upon the Principle Register of the United States Trademark Office: United States Registration Number 4,006,654 (the "'654 Mark"); United States Registration Number 4,225,172 (the "'172 Mark"); and United States Registration Number 4,334,000 (the "'000 Mark"). On February 14, 2017 the Court issued an order (ECF 26) granted, in part, MOL's Motion to Dismiss (ECF 7) that was filed on March 9, 2015. As a result, claims against MOL concerning MOL's use the mark that is subject to the '654 Mark are dismissed. Thus, by order of the Court, the five causes of action set forth in the Complaint (ECF )were maintained with respect to MOL's use of the marks that are the subject of the '172 Mark and the '000 Mark.

Plaintiff acknowledges that maintaining the five remaining counts is predicated on having rights to the '654 Mark. As a result, Plaintiff submitted a proposed amended complaint by way of motion. The motion to file the proposed Amended Complaint was not well received as indicated in the Court's order of August 18, 2017 (ECF 38). On September 18, 2017. Subsequently a motion to, *inter alia*, dismiss the claims directed to the remaining marks, the '172 Mark and the '000 Mark (ECF 40). Plaintiff did not oppose the motion to dismiss the claims directed to the remaining marks, but opposed other matters set forth in said motion. (*See*(ECF 47). An order of dismissal was filed by the Court on May 7, 2018. (*See* ECF 52). Plaintiff timely filed a Notice of Appeal on June 6, 2018. (*See* ECF 57).

The Ninth Circuit filed a mandate in this Court on June 23, 2020. (*See* ECF 63). In short, the district court's dismissal of VVV's claims, on the basis of *res judicata* (namely claim

preclusion) as to the '654 Mark was reversed, as well as the denial of leave to amend the complaint.

**According to Plaintiff**

In the Mandate the Ninth Circuit found that claim preclusion was inapplicable to the instant facts based upon the limited jurisdiction of the earlier TTAB proceeding. In Part III pages 6-10 of the decision set forth in the Mandate, the Ninth Circuit Applied Restatement (Second) of Judgments § 26(1)(c), and identified an exception to claim preclusion in that if "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts" and "the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief." The Ninth Circuit determined that this rule was applicable in the instant matter, because of the limited jurisdiction of the TTAB. As pointed out by the Defendant below, the Ninth Circuit made clear that the foregoing rule is inapplicable to issues that are litigated. The Ninth Circuit could not reach a decision on that point, because it was not addressed by this Court.

Herein lies the true nature of the dispute, at this stage, between Plaintiff and Defendant in the status report. Considering that a Default Judgment is the judgment rendered in the TTAB proceeding there has never been litigation of any issue therein. To state it another way, the adjudication in the TTAB that gave rise to claim preclusion is the same as that which gave rise to the issue preclusion due to the nature of a default judgment. With a default judgment there are no issues actually litigated and Restatement (Second) of Judgments § 26(1)(c) controls the outcome of any preclusion: both Claim and Issue. Were issues actually litigation, i.e., not subject to a default judgment, a different outcome would result as set forth in the Ninth Circuit decision. However, Defendant seeks to delay litigation on this further by holding in abeyance

any discovery by Plaintiff until Defendant gets to exhaust yet another theory upon which it seeks attack Plaintiff's complaint.

It should be borne in mind that in the corresponding cancellation action, mentioned below, Defendant has acquired exhaustive discovery from Plaintiff and has already contacted several of Plaintiff's business associates seeking to terminate use the '654 Mark during the pendency of this litigation. It is manifestly unfair and demonstrates a lack of substantial justice to enable Defendant half a decade to piecemeal attack Plaintiff's complaint without providing Plaintiff a modicum of discovery. For that, Plaintiff respectfully requests that this Court allow discovery to continue while the Defendant continues to delay filing an answer by yet another attack upon Plaintiff's complaint. If not for justice or fairness, Plaintiff should be afforded discovery, because the likelihood of Defendant succeeding on such an attack is highly unlikely considering the mandate of Ninth Circuit.

**According to Defendant**

However, the district court's dismissal of the '172 Mark and the '000 Mark was affirmed. Further, in Part III (p. 10 of the Decision) the Appellate Court stated:

"Whether issue preclusion applies here presents a more difficult question that neither the parties nor the district court addressed. We therefore leave it to the district court to consider, in the first instance, whether VVV should be precluded from litigating certain issues because of the TTAB judgment."

Accordingly, MOL seeks leave to file a Rule 12 motion (in lieu of filing an Answer to the pending Amended Complaint) to dismiss VVV's claims of priority, likelihood of confusion/infringement etc. based upon "issue preclusion." Should the Court grant leave, MOL requests that the Scheduling Order dates begin to run from decision on the motion to dismiss.

**STATUS OF THE SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS**

All parties to the action have been served. Meenakshi Overseas LLC has yet to file an answer.

### POSSIBLE JOINDER OF ADDITIONAL PARTIES

Plaintiff believes there is a possibility of joining additional parties based upon the inchoate amendment to the complaint that was ordered by the Ninth Circuit that includes the cause of action for fraud.

### CONTEMPLATED AMENDMENTS TO THE PLEADINGS

The Complaint will be amended to vitiate all claims directed to the '172 Mark and the '000 Mark and to include the claim sounding in fraud.

The Appellate Court mandate reversed the dismissal of '654 and in also reversing the right to amend the pleadings to add a cause of action was specific as to the '654 mark [Part IV Decision]. MOL does not agree that claims sounding in fraud may be brought against the '172 and '000 marks. All claims are dismissed.

### STATUTORY BASIS FOR JURISDICTION AND VENUE

The Court has jurisdiction over such claims pursuant to 28 U.S.C. § 1338(b) (unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under U.S.C. § 1367. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendant transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

### ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY

**Changes to Rule 26(a) disclosures**

**According to Plaintiff**

Plaintiff believes that there is no need to deviate from the Rule 26(a) disclosures, despite the inchoate dispositive motion by Defendant. It must be borne in mind that this has been

5

JOINT STATUS REPORT

pending for nearly 5.5 years.  Once the amended complaint is filed, then the inchoate motion can be filed and Plaintiff will determine the best means of addressing the motion, e.g., opposition and/or opposition and motion for sanctions.  Plaintiff is desirous of discovery and contends that a sense of fair play and substantial justice would result, because Defendant has already had acquired exhaustive discovery in the corresponding TTAB proceeding that has been stayed.

**According to Defendant**

MOL does not join in on the above statement by Plaintiff.  MOL believes it to be untoward and impertinent.  Much of the delay was caused by Plaintiff. Further, the Appellate Decision was based upon an exception to the rule concerning claim preclusion, which was an issue never raised by Plaintiff, even at the Appellate level.  Not one of the issues raised by Plaintiff had any bearing on the Appellate Court Decision.

Defendant anticipates a dispositive motion will be filed directed to dismissing the claims directed to the '654 Mark under the doctrine of issue preclusions.  With the anticipated dispositive motion by the Defendant, no discovery is necessary by either party now.

**Length of Time for Trial**

**According to Plaintiff**

It is difficult to determine the length of the trial until the fraud claim is fully developed and Plaintiff has had an opportunity for discovery.  Moreover, given the uncertainty presented by the inchoate dispositive motion of Defendant any estimation of the same at this time in premature.

**According to Defendant**

With the anticipated dispositive motion by the Defendant, no discovery is necessary by either party now.

**Appropriateness of special procedures such as a reference to a special master**

**According to Plaintiff**

Given the uncertainty that exists with the introduction of the fraud claim and the inchoate dispositive motion of Defendant consideration of this matter is premature.

**According to Defendant**

With the anticipated dispositive motion by the Defendant, no discovery is necessary by either party now.

**Proposed Modification of Standard Pretrial Procedures**

**According to Plaintiff**

Given the age of this action, nearly five and one half years and the fact that Defendant has yet to file an answer and a full round of discovery has been wrought from the Defendant in the corresponding TTAB action that has been stayed it is incumbent upon this Court to allow Plaintiff to commence discovery at the earliest possible time, especially considering the fraud claim that will be newly introduced. As a matter of public policy and the integrity of the Court it would behoove this Court to allow exploration on that claim given that it alleges a fraud committed against the United States Government.

**According to Defendant**

With the anticipated dispositive motion by the Defendant, no discovery is necessary by either party now.

**Relation to Other Cases**

**According to Plaintiff**

This case is related to Cancellation Proceeding Number 92060602 currently before the Trademark Trial and Appeals Board ("TTAB") of the United States Trademark Office and presently stayed pending outcome of this action.

**According to Defendant**

This case is related to Opposition Proceeding No. 91192693, which proceeding was first brought by Plaintiff before the Trademark Trial and Appeals Board on November 17, 2009 (the

"prior proceeding"). The Opposition proceeding regarded entitlement to IDHAYAM (the '654 mark) on oil, the basis of which Plaintiff currently relied upon in the instant case. Plaintiff lost the Opposition proceeding, and failed to bring an appeal of challenge the case.

The Plaintiff recently re-filed a proceeding before the TTAB alleging same claims it raised and/or could have raised in the prior proceeding (Cancellation Proceeding Number 92060602).

**Prospects for Settlement**

**According to Plaintiff**

Plaintiff believes that there are prospects for settlement of this case, but only if Plaintiff is allowed a modicum of due process by commencement of discovery, especially considering that recent reversal of the Court's findings.

**According to Defendant**

With the anticipated dispositive motion by the Defendant, no discovery is necessary by either party now.

**Other Matters that May be Conducive to the Expeditious Disposition of the Case**

**According to Plaintiff**

Allowing Plaintiff to commence discovery would be beneficial to both settlement and satisfying the due process rights of Plaintiff, which so far are beginning to appear elusive.

////

////

////

////

////

////

////

**According to Defendant**

With the anticipated dispositive motion by the Defendant, no discovery is necessary by either party now.

Dated: May 27, 2020

/s/Kenneth C. Brooks
LAW OFFICES OF KENNETH C. BROOKS
KENNETH C. BROOKS
Attorney for Plaintiff
V.V.V. & SONS EDIBLE OILS LIMITED

By: /s/ Robert M. Wilson
Robert M Wilson
LAW OFFICES OF ROBERT M. WILSON
Attorney for Defendant,
MEENAKSHI OVERSEAS, LLC

JOINT STATUS REPORT