UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED,<br><br>              Plaintiff,<br><br>       v.<br><br>MEENAKSHI OVERSEAS LLC,<br><br>              Defendant. | No. 2:14-cv-02961-TLN-CKD<br><br><br><br>**ORDER** |

     This matter is before the Court on Defendant Meenakshi Overseas LLC's ("Defendant") Motion to Dismiss. (ECF No. 73.) Plaintiff V.V.V. & Sons Edible Oils Limited ("Plaintiff") filed an opposition. (ECF No. 75.) Defendant filed a reply. (ECF No. 76.) For reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss and DENIES Defendant's request for attorneys' fees and costs.

///
///
///
///

I.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff is an India-based company that sells Indian food products throughout several countries, including the United States. (ECF No. 71 at 2.) Plaintiff labels its products with the label IDHAYAM, an Indian word for heart. (*Id.*) Defendant is a New Jersey-based company that also sells Indian food products with the label IDHAYAM. (*Id.* at 2, 4.)

On May 29, 2009, Mr. Anil Gandhi, the original founder and owner of Defendant, filed a trademark application with the United States Patent and Trademark Office ("USPTO") to register the mark IDHAYAM for sesame oil (mark 4,006,654 ('654)). (ECF No. 7-6 at 1.) On May 29, 2009, Plaintiff filed a Notice of Opposition ("2009 Opposition") with the United States Trademark Trial and Appeal Board ("TTAB"), requesting the TTAB refuse Mr. Gandhi's application for trademark '654 due to Plaintiff's prior use of IDHAYAM. (ECF No. 7-3 at 1–4.) Plaintiff argued that Mr. Gandhi's IDHAYAM mark was likely to cause confusion with Plaintiff's same mark, and his use of the mark would "take advantage of [Plaintiff's] valuable brand and goodwill in the United States." (ECF No. 7-3 at 3.) Plaintiff also alleged that Mr. Gandhi had "never manufactured or marketed sesame oil products under the IDHAYAM brand in the United States or anywhere." (ECF No. 7-1 at 5.) Mr. Gandhi denied the allegation but did not specify his use of the mark. (ECF No. 7-4 at 2.) Plaintiff did not further respond to the TTAB's inquiries. (ECF No. 7-5 at 1.) Therefore, due to Plaintiff's lack of response, the TTAB entered a default judgment with prejudice against Plaintiff on January 3, 2011. (ECF No. 7-5 at 1.) On August 2, 2011, Mr. Gandhi received full rights to the mark IDHAYAM ('654). (ECF No. 16 at 3.) On December 7, 2011, Mr. Gandhi assigned his trademark rights in mark '654 to Defendant. (ECF No. 7-7 at 1–2.)

On December 23, 2014, Plaintiff filed a Complaint in this Court premised upon Defendant's use of the marks. (ECF No. 1.) On February 14, 2017, the Court issued an Order granting Defendant's first motion to dismiss with prejudice with respect to only the '654 mark. (ECF No. 26.) On September 18, 2017, Defendant filed another motion to dismiss, arguing

---

[1] The Court need not recount all background facts because they have been discussed in the Court's previous Orders. (*See* ECF Nos. 21, 52.)

Plaintiff could allege a sufficiently concrete injury to establish standing for the '172 and '000 marks. (ECF No. 40.) On May 7, 2018, the Court issued an Order granting Defendant's second motion to dismiss Plaintiff's complaint in its entirety, which Plaintiff did not oppose "due to the complexity of the area of law and the desire to have the Ninth Circuit Court of Appeals [ ] review the case as soon as possible." (ECF No. 52 (citing ECF No. 47 at 1).)

On June 6, 2018, Plaintiff appealed the Court's May 7, 2018 Judgment. (ECF No. 58.) On December 27, 2019, the Ninth Circuit reversed the Court's decision as to the first mark, '654, and affirmed the Court's decision to dismiss the second and third marks, '172 and '000. (ECF No. 62.) The Ninth Circuit reversed '654 mark because an exception to claim preclusion applies and affirmed marks '172 and '000 because Plaintiff's non-opposition to Defendant's motion to dismiss waived any challenge to dismissal. (*Id.* at 6–11.) On February 26, 2020, the Court reopened the case pursuant to the Ninth Circuit mandate. (ECF No. 63.) On July 23, 2020, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 71.) On August 13, 2020, Defendant filed the instant motion to dismiss. (ECF No. 73.)

**II.  STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

3

*Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

4

*See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS

Defendant moves to dismiss the FAC in its entirety because Plaintiff "lacks standing and/or because [Plaintiff] fails to state a claim upon which relief can be granted." (ECF No. 73 at 6.) Specifically, Defendant argues: (1) Plaintiff does not have standing; (2) the only mark at issue is the '654 mark; and (3) Plaintiff is collaterally estopped from relitigating the issues in the FAC. (*Id.* at 6–22.) Defendant also moves for an order awarding reasonable attorneys' fees. (*Id.* at 2.) Defendant's standing argument is entirely derivative of its collateral estoppel argument.[2] (*See* ECF No. 73 at 16–17.) Accordingly, the Court does not reach Defendant's standing argument, but considers the remainder of Defendant's arguments in turn.

---

[2]  Defendant argues Plaintiff "cannot allege a sufficiently concrete injury to establish standing" because Plaintiff "can prove no set of facts in support of a claim which would entitle it to any of the relief it seeks or that will support any of the claims brought." (ECF No. 73 at 6.) Defendant contends all of Plaintiff's claims require a claim of entitlement to and/or ownership of IDHAYAM, but the TTAB has twice determined that Defendant owns IDHAYAM. (*Id.* at 17.) Defendant then proceeds to go through the elements of collateral estoppel. (*Id.* at 18–21.)

1         A.      The Only Mark at Issue is the '654 Mark

Defendant argues Plaintiff's FAC is contrary to the Ninth Circuit's mandate and the Pretrial Scheduling Order because the FAC contains claims as to the '000 and '172 marks, but the Ninth Circuit affirmed dismissal of all claims against the '000 and '172 marks. (*Id.* at 8–9.) In opposition, Plaintiff argues "[t]here is nothing set forth in the [Pretrial Scheduling Order] authorizing [Plaintiff] . . . to remove any causes of action." (ECF No. 75 at 9.) In reply, Defendant argues Plaintiff obfuscated the facts and ruling of the Court and the Ninth Circuit decision and mandate, and notes that Plaintiff did not seek reconsideration or rehearing of the Ninth Circuit's decision. (ECF No. 76 at 2.)

Plaintiff misinterprets the Pretrial Scheduling Order and the Ninth Circuit mandate. The Pretrial Scheduling Order states "Plaintiff may file an Amended Complaint to add a fraud-based claim as to the '654 mark only." (ECF No. 70 at 2.) Although Plaintiff correctly added a fraud-based claim in the FAC pursuant to the Pretrial Scheduling Order, the claims regarding the '000 and '172 marks in the FAC are contrary to the Ninth Circuit mandate. (ECF No. 71 at 9–10.) The Ninth Circuit mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks because Plaintiff's non-opposition to Defendant's motion to dismiss waived any challenge to dismissal. (ECF No. 63 at 10–11.)

> "The rule of mandate provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it. The district court, may, however, decide anything not foreclosed by the mandate. But the district court commits jurisdictional error if it takes actions that contradict the mandate."

*Stacy v. Colvin*, 825 F.3d 563, 567–68 (9th Cir. 2016) (citations and quotations omitted).

Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.

B.      Collateral Estoppel

Defendant argues Plaintiff's claims are collaterally estopped based on the prior proceeding in the TTAB because: (1) the 2009 Opposition was actually litigated; (2) there was a valid and final judgment; (3) the determination was essential to the judgment; and (4) a default judgment

6

1 based on collateral estoppel can be the basis for a motion to dismiss.  (ECF No. 73 at 18–21.)  In

2 opposition, Plaintiff asserts collateral estoppel does not apply for the following reasons: (1) the

3 TTAB judgment was a default judgment; (2) no issues were actually litigated and decided; and

4 (3) Plaintiff did not have an adequate incentive to obtain a full and fair adjudication.  (ECF No.

5 75 at 5–8.)  In reply, Defendant argues collateral estoppel applies to a default judgment in

6 California, and that collateral estoppel applies here because the issues were actually litigated and

7 decided and there was an incentive to obtain a full and fair adjudication.  (ECF No. 76 at 4–10.)

8 "Federal courts apply the collateral estoppel doctrine of the state where the judgment was

9 rendered." *N. Improvement Co. v. United States*, 398 F. Supp. 3d 509, 527 (citing *Migra v.*

10 *Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).  The elements of collateral estoppel

11 are "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated

12 and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue;

13 and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065

14 (9th Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), *as amended*

15 (May 3, 2012)).  The burden is on party seeking to rely upon collateral estoppel to prove each

16 element. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050–51 (9th Cir. 2008).

17 Here, the Court finds that Defendant's argument fails on the second element.  With

18 respect to this element, Defendant argues the issue was actually litigated and decided through the

19 default judgment, "a result of Plaintiff's failure of proof and loss of interest in the action."  (ECF

20 No. 73 at 18.)  In opposition, Plaintiff argues the issue was never litigated because no evidence

21 was brought forth and no issues were adjudicated when the default judgment was issued.  (ECF

22 No. 75 at 5–6.)  In reply, Defendant argues Plaintiff had ample time and opportunity to provide

23 evidence.  (ECF No. 76 at 5–7.)

24 "[A]n issue is actually litigated when an issue is raised, contested, and submitted for

25 determination." *Janjua*, 933 F.3d at 1066 (citations omitted).  "Any attempt to apply [collateral

26 estoppel] to a default judgment in this Circuit would clearly be unfounded." *In re Sovereign*

27 *Partners*, No. 95-15804, 110 F.3d 70, 1997 WL 160279, at *4 n.2 (9th Cir. 1997); *see In re*

28 *Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (default judgment does not trigger collateral

7

estoppel because the court does not get the benefit of deciding the issue in an adversarial context); *In re Daley*, 776 F.2d 834, 837 & n.7 (9th Cir. 1985) (under federal collateral estoppel law, default judgments should not be given preclusive effect because the issues resolved by default were not actually litigated); *see also* Restatement (Second) of Judgments § 27, comment e ("in the case of a judgment entered by . . . default, none of the issues is actually litigated. Therefore, the rule of collateral estoppel does not apply with respect to any issue in a subsequent action.").

However, collateral estoppel may apply to default judgments when the issue was "actually litigated" before the judgment was entered, or the plaintiff used deliberate and dilatory tactics. *In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995). In such cases, actual litigation "may be satisfied by substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so." *Id.* The *In re Daily* court entered default judgment against the plaintiff because he chose to delay discovery. 47 F.3d at 367. The court found collateral estoppel applicable because the plaintiff actively participated in litigation for two years and was purposefully obstructive in furthering the proceedings before the judgment was entered. *Id.* at 368. Similarly, the *In re Gottheiner* court found that although a default judgment was entered on an uncontested motion for summary judgment, collateral estoppel was applicable because there were 16 months of litigation and discovery before Plaintiff decided not to respond. 703 F.2d at 1140.

Here, a default judgment was entered without the issues being "actually litigated" because Plaintiff did not substantially participate in the proceedings before the judgment was rendered. (*See* ECF No. 7-3.) Plaintiff's only involvement was filing the Notice of Opposition. (*Id.*) As previously noted, on May 29, 2009, Plaintiff filed the 2009 Opposition with the TTAB requesting that it refuse Mr. Gandhi's application for '654 mark due to Plaintiff's prior use of IDHAYAM. (ECF No. 7-3 at 1–4.) Plaintiff alleged Mr. Gandhi had "never manufactured or marketed sesame oil products under the IDHAYAM brand in the United States or anywhere" (ECF No. 7-1 at 5), and Mr. Gandhi subsequently denied the allegation in his December 28, 2009 Answer but did not specify his use of the mark (ECF No. 7-4 at 2). On January 3, 2011, the TTAB issued a default

1  judgment dismissing the case with prejudice solely because of the Plaintiff's lack of response to
2  TTAB's November 15, 2010 "order to show cause based on opposer's apparent loss of interest in
3  this case" (ECF No. 7-5).  In contrast to *In re Gottheiner*, Defendant offers no facts showing
4  Plaintiff used deliberate and dilatory tactics.  In contrast to *In re Daily*, Defendant offers no facts
5  showing Plaintiff participated in discovery and was involved in months of litigation before the
6  judgment was entered or was purposefully dilatory in the proceedings.  The Court therefore finds
7  that this exception to collateral estoppel does not apply.  Accordingly, Defendant's motion to
8  dismiss based on collateral estoppel is DENIED.

### C. Attorneys' Fees

Defendant moves the Court for an order awarding reasonable attorneys' fees pursuant to 28 U.S.C. § 1927.  (ECF No. 73 at 2, 21–22.)  In opposition, Plaintiff argues it acted in good faith by following the instructions in the Pretrial Scheduling Order.  (ECF No. 75 at 9–10.)

With respect to sanctions under 28 U.S.C. § 1927:

> . . . any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.  Section 1927 provides us with authority to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings.  Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith.  Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith.  Indeed, even if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith.

*Save the Peaks Coalition v. U.S. Forest Service*, 683 F.3d 1140, 1142 (9th Cir. 2012) (internal quotations and citations omitted).

Here, the Court denies Defendant's request for reasonable attorneys' fees because Defendant does not meaningfully argue its motion as to this request.  Instead, Defendant bases the instant motion on "prior filings by the parties and findings and Orders of this Court, specifically, but not limited to" (ECF No. 58 at 10); (ECF No. 52 at 6–10); (ECF No. 38 at 2 n.1, 2), all of which are irrelevant.  (ECF No. 73 at 22.)  The Ninth Circuit Appeal Process Notice confirms the notice of appeal was filed and the fee paid, which are irrelevant to attorneys' fees.  (ECF No. 58.)

The arguments in pages 6 to 10 in the Court's May 7, 2018 Order and footnotes 1 and 2 in the Court's August 18, 2017 Order are premised upon the Court finding Plaintiff's fraud claim against '654 mark frivolous because the Court had previously dismissed the claim with prejudice. (ECF No. 52 at 6–10; ECF No. 38.)  Because the Ninth Circuit reversed the Court's dismissal of the fraud claim against '654 mark, Defendant's arguments are now moot.  Accordingly, Defendant's request for attorneys' fees and costs is DENIED.

### IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All of Plaintiff's claims concerning the '172 and '000 marks are DISMISSED with prejudice;
2. Defendant's Motion to Dismiss (ECF No. 73) based on collateral estoppel is DENIED; and
3. Defendant's request for attorneys' fees and costs (ECF No. 73) is DENIED.

Defendant shall file a responsive pleading within twenty-one (21) days of the electronic filing date of this Order.

IT IS SO ORDERED.

DATED:  January 24, 2022

Troy L. Nunley
United States District Judge

10