Jack M. Rannells
Brian M. Gaynor
Email: jmr@br-tmlaw.com
b.gaynor@br-tmlaw.com
Baker and Rannells, PA
(908) 722-5640 (telephone)
(908) 725-7088 (fax)
Attorneys for Defendant,
Meenakshi Overseas LLC

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)**

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LTD, | Case 2:14-cv-02961-TLN-CKD |
| Plaintiff, | |
| vs. | **ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| MEENAKSHI OVERSEAS LLC, | |
| Defendant, | |

Defendant, Meenakshi Overseas LLC ("Meenakshi" or "Defendant"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, answers the Amended Complaint of Plaintiff, V.V.V. & Sons Edible Oils LTD ("VVV" or "Plaintiff") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

1. Paragraph 1 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant denies each and every allegation in Paragraph 2 of the Amended Complaint.

3. Defendant denies each and every allegation in Paragraph 3 of the Amended Complaint.

**PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 4 of Plaintiff's Amended Complaint and therefore denies same.

5. Defendant admits that it is a New Jersey limited liability company; however, Defendant's current address is 88 Executive Avenue, Edison, New Jersey 08817. Defendant also admits that it sells and or distributes Indian food products to customers in the Eastern District of California. Defendant denies the remaining allegations.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**
**3V's Use of Its Trademarks**

6. Defendant denies that Plaintiff's trademark IDHAYAM is famous. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 6 of Plaintiff's Amended Complaint and therefore denies same.

7. Defendant denies Plaintiff is the owner of the IDHAYAM mark in the United States, and lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 7 of Plaintiff's Amended Complaint as to any use of the IDHAYAM mark in the U.S. by Plaintiff, and therefore denies same. Defendant further denies that Plaintiff never consented to Defendant's use of IDHAYAM and further denies any implication that any consent from Plaintiff is and or was ever required.

8. Defendant admits the identified application was filed as alleged in paragraph 8 of Plaintiff's Amended Complaint, but only to the extent that the information is public record. Defendant denies any implication that the alleged application is legitimate.

9. Defendant objects to the allegations of paragraph 9 of Plaintiff's Amended Complaint as being vague, ambiguous, and unintelligible, as Defendant does not know what is meant by "examiner in charge of examining the trademark application number 86329372, the trademark application discussed above in paragraph 7 for, inter alia, there being a likelihood of confusion with respect to two United States trademark registrations: 4,006,654 ('654 Registration) and 4,334,000 ('000 Registration)," which makes no sense as written by Plaintiffs. Defendant admits that the United States Patent & Trademark Office ("USPTO") issued an Office Action refusing registration of the identified application, Ser. No. 86329372, as alleged in paragraph 9 of Plaintiff's Amended Complaint, but only to the extent that the information is public record.

10. Defendant objects to the allegations of paragraph 10 of Plaintiff's Amended Complaint as being vague, ambiguous, and unintelligible, as Defendant does not know what is meant by "the United States Trademark Office issued a Letter of Protest Memorandum addressing a letter of protest received concerning application number 86329372, the trademark application discussed above in paragraph 7, it was indicated that mark identified in the Letter of Protest that is the subject of United States registration number 4,225,172 ('172 Registration) may give rise to a likelihood of confusion refusal for registration," which makes no sense as written by Plaintiffs. Defendant admits that the USPTO issued a Letter of Protest Memorandum regarding the identified application, Ser. No. 86329372, as alleged in paragraph 10 of Plaintiff's Amended Complaint, but only to the extent that the information is public record.

11. Defendant objects to the allegations of paragraph 11 of Plaintiff's Amended Complaint as being vague, ambiguous, and unintelligible, as Defendant does not know what is meant by "examiner in charge of examining the trademark application number 86329372, the trademark application discussed above in paragraph 7 for, inter alia, there being a likelihood of confusion with respect to the '172 Registration," which makes no sense as written by Plaintiffs. Defendant admits

that the USPTO issued a second Office Action refusing registration of the identified application, Ser. No. 86329372, as alleged in paragraph 11 of Plaintiff's Amended Complaint, but only to the extent that the information is public record.

## MOL's [ALLEGED] UNLAWFUL USE OF 3V'S MARKS

12. Defendant admits that Defendant owns the trademark registrations identified in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant admits that Plaintiff collectively refers to Defendant's IDHAYAM marks as CONTESTED MARKS. Although Plaintiff refers to the registrations as "the Contested Marks," Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue, as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . . Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.").

14. Defendant denies each and every allegation in Paragraph 14 of the Amended Complaint. Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . . Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.").

15. Defendant objects to the allegation of paragraph 15 of Plaintiff's Amended Complaint that states "MOL's first use of the IDHAYAM mark derives from Anil Ghandi (ANIL) who is in privy with MOL and by virtue of ANIL's assignment of the trademark application that issued as the

'654 Registration," as being vague, ambiguous, and unintelligible. Defendant denies each and every remaining allegation of paragraph 15 of the Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 of Plaintiff's Amended Complaint and therefore denies same.

17. Defendant admits that neither MEI nor Anil Ghandi were authorized distributors of 3V goods. Defendant denies that MEI or Anil Ghandi were resellers of 3V goods. Defendant lacks knowledge of information sufficient to respond concerning third parties.

18. Defendant objects to the allegations of paragraph 18 of Plaintiff's Amended Complaint as being vague, ambiguous, and unintelligible, as Defendant does not know what is meant by "At all times relevant herein MEI was a New Jersey corporation with a president who is the sister of ANIL, Meenaxi Gandhi and was also the sole director of MEI when it was created," which makes no sense as written by Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of Plaintiff's Amended Complaint and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of Plaintiff's Amended Complaint and therefore denies same. Defendant believes that Plaintiff's reference to the mark as IDHYAM and not IDHAYAM is a typographical error.

20. Defendant admits that Plaintiff filed a Notice of Opposition, Opposition No. 91192693, with the USPTO Trademark Trial & Appeal Board ("TTAB"), opposing registration of the Appl. No. 77747207. Defendant objects to Plaintiff's characterization of the Notice of Opposition and affirmatively asserts that the official TTAB record document speaks for itself. (Opp. 91192693 TTABVUE 1).

21.     Defendant objects to Plaintiff's characterization of the TTAB's decision and affirmatively asserts that the official TTAB record document speaks for itself, namely: "On November 15, 2010, the Board issued an order to show cause based on opposer's apparent loss of interest in this case. Inasmuch as no response to the Board's order has been received, judgment is hereby entered against opposer and the opposition is dismissed with prejudice." (Opp. 91192693 TTABVUE 11).

22.     Defendant admits that App. Ser. No. 77747207 for IDHAYAM was registered to Anil Gandhi as Reg. No. 4006654. Defendant denies that the mark was "subject to Opposition No. 91192693" at the time the mark was registered.

23.     Defendant admits that Reg. No. 4006654 was assigned to Defendant, but only to the extent that the information is what is of public record.

24.     Defendant lacks information or knowledge sufficient to form a belief concerning 3V's alleged use, sale, distribution and/or channels of trade of its alleged products and accordingly denies the allegations and therefore denies same. Defendant objects to Plaintiff's reference to "the CONTESTED MARKS." Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . . Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.").

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 25 of Plaintiff's Amended Complaint and therefore denies same.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of Plaintiff's Amended Complaint and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of Plaintiff's Amended Complaint and therefore denies same.

28. Defendant objects to Plaintiff's reference to "the CONTESTED MARKS" to the extent Plaintiff is attempting to support any claims pertaining to or to rely on any allegations concerning Reg. Nos. 4,334,000 and 4,225,172. Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . . Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate."). Defendant affirmatively asserts that on July 15, 2015, the TTAB dismissed the petition for cancellation with prejudice as regards Reg. No. 4006654. (Pet. Canc. 92060602, 10 TTABVUE at 6).

**FIRST CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

29. Defendant realleges and incorporates by reference each of the responses contained in paragraphs 1 through 28 of this Answer.

30. Defendant denies each and every allegation in Paragraph 30 of the Amended Complaint.

31. Defendant denies each and every allegation in Paragraph 31 of the Amended Complaint.

## SECOND CLAIM
## FEDERAL DILUTION OF A FAMOUS MARK
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. § 1125(c); Lanham Act§ 43(c))

32. Defendant realleges and incorporates by reference each of the responses contained in paragraphs 1 through 31 of this Answer.

33. Defendant denies each and every allegation in Paragraph 33 of the Amended Complaint.

34. Defendant denies each and every allegation in Paragraph 34 of the Amended Complaint.

35. Defendant denies each and every allegation in Paragraph 35 of the Amended Complaint.

## THIRD CLAIM
## COMMON LAW TRADEMARK INFRINGMENT

36. Defendant realleges and incorporates by reference each of the responses contained in paragraphs 1 through 35 of this Answer.

37. Defendant lacks information or knowledge sufficient to form a belief concerning the allegations of paragraph 37 of the Amended Complaint and therefore denies same. Defendant objects to Plaintiff's reference to "the CONTESTED MARKS" to the extent Plaintiff is attempting to support any claims pertaining to or to rely on any allegations concerning Reg. Nos. 4,334,000 and 4,225,172. Registration Nos. 4,334,000 and 4,225,172 Defendant objects to Plaintiff's reference to "the CONTESTED MARKS." Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . .

Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.").

38. Defendant lacks information or knowledge sufficient to form a belief concerning the allegations of paragraph 38 of the Amended Complaint and therefore denies same. Defendant objects to Plaintiff's reference to "the CONTESTED MARKS" to the extent Plaintiff is attempting to support any claims pertaining to or to rely on any allegations concerning Reg. Nos. 4,334,000 and 4,225,172. Registration Nos. 4,334,000 and 4,225,172 Defendant objects to Plaintiff's reference to "the CONTESTED MARKS." Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . . Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.

**FOURTH CLAIM**
**CALIFORNIA DILUTION**
**(Cal. Bus. & Prof. Code § 14247, 14250)**

39. Defendant realleges and incorporates by reference each of the responses contained in paragraphs 1 through 38 of this Answer.

40. Defendant lacks information or knowledge sufficient to form a belief concerning the allegations of paragraph 40 of the Amended Complaint and therefore denies same.

41. Defendant lacks information or knowledge sufficient to form a belief concerning the allegations of paragraph 41 of the Amended Complaint and therefore denies same. Defendant objects to Plaintiff's reference to "the CONTESTED MARKS" to the extent Plaintiff is attempting to support

any claims pertaining to or to rely on any allegations concerning Reg. Nos. 4,334,000 and 4,225,172. Registration Nos. 4,334,000 and 4,225,172 Defendant objects to Plaintiff's reference to "the CONTESTED MARKS." Registration Nos. 4,334,000 and 4,225,172 (the "'000 and '172 marks") are not in issue as the Court and the Ninth Circuit dismissed Plaintiff's claims against the '000 and '172 marks with prejudice. (See Court's Order, Doc. 80 at 6, i.e., "The 9th Circuit Mandate explicitly affirmed the dismissal of all claims against the '000 and '172 marks . . . (ECF No. 63 at 10-11) . . . Accordingly, all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate.

42. Defendant denies each and every allegation in Paragraph 42 of the Amended Complaint.

43. Defendant denies each and every allegation in Paragraph 43 of the Amended Complaint.

44. Defendant denies each and every allegation in Paragraph 44 of the Amended Complaint.

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

45. Defendant realleges and incorporates by reference each of the responses contained in paragraphs 1 through 44 of this Answer.

46. Defendant denies each and every allegation in Paragraph 46 of the Amended Complaint.

47. Defendant denies each and every allegation in Paragraph 47 of the Amended Complaint.

# SIXTH CLAIM
# DECLARATORY JUDGMENT OF INVALIDITY BASED UPON FRAUD IN THE PROCUREMENT
# (15 U.S.C. § 1119)

48. Defendant realleges and incorporates by reference each of the responses contained in paragraphs 1 through 47 of this Answer.

49. Defendant objects to the allegation of paragraph 49 of Plaintiff's Amended Complaint that states "ANIL is in PRIVY with MOL by virtue of the assignment of the trademark application (APPLICATION) that issued as the '654 Registration" as being vague, ambiguous, and unintelligible. Defendant denies each and every remaining allegation of paragraph 49 of the Amended Complaint.

50. Defendant denies each and every allegation of paragraph 50 of the Amended Complaint.

51. Defendant denies each and every allegation of paragraph 51 of the Amended Complaint.

52. Defendant objects to the allegations of paragraph 52 of Plaintiff's Amended Complaint as being vague, ambiguous, and unintelligible, as Defendant does not know what is meant by "3V is informed and believes that ANIL intended to induce reliance upon the misrepresentations in order to procure the '654 Registration by the United States Trademark Office and said office reasonably relied upon said misrepresentations causing the damage to the public by the registration of a mark to an entity other than, which 3V is informed and believes, the ordinary consumer have come to believe is the source and quality of the goods used in connection with the trademark that is the subject of the '654 Registration: 3V," which makes no sense as written by Plaintiffs. Defendant denies each and every remaining allegation in Paragraph 52 of the Amended Complaint.

MEENAKSHI'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

# AFFIRMATIVE DEFENSES

## DEFENSE NO. 1

Plaintiff is time barred from bringing the instant action against Defendant. Plaintiff had knowledge of Defendant's use of the IDHAYAM mark in the U.S. long before bringing this untimely action, the time for which has expired. For example, Plaintiff currently has an application pending with the USPTO to register the mark IDHAYAM (Ser. No. 86329372). In the application, Plaintiff alleges it has been using IDHAYAM on edible oil in the United States since at least as early as December 31, 1995. Plaintiff was aware that Defendant has been using IDHAYAM in the U.S. since at least as early as November 17, 2009, when Plaintiff filed its Notice of Opposition (Opposition No. 91192693, which was dismissed with prejudice on January 3, 2011) against Defendant's trademark application, Ser. No. 77747207 (which was ultimately registered by the USPTO, and assigned Reg. No. 4006654), or as early as December 28, 2009, when Defendant answered Plaintiff's Notice of Opposition, or as early as October 27, 2009, when Defendant identified this as its date of first use.

## DEFENSE NO. 2

Plaintiff fails to state a claim upon which relief can be granted.

## DEFENSE NO. 3

Any claimed use of IDHAYAM in the U.S. by Plaintiff is through parallel imports and or gray market goods, and is not recognized and or considered as actual use, or use subject to protection of a trademark under current federal, state or common law.

## DEFENSE NO. 4

Any claimed use of IDHAYAM in the U.S. by Plaintiff is not cognizable trademark use in the United States subject to protection and or capable as forming a basis for a cause of action, because any goods marked with IDHAYAM by Plaintiff originated and or were manufactured outside the

United States, the importation of which constitutes unlawful importation of goods bearing infringing marks and violation of section 1526 of the Tariff Act (19 U.S.C. § 1526(a).

### DEFENSE NO. 5

Any claimed use of IDHAYAM in the U.S. alleged to be by and or on behalf of the Plaintiff is based on goods marked with IDHAYAM by Plaintiff that have been brought into the U.S. illegally and or sold illegally and is therefore not recognized and or considered as actual use or use subject to protection of a trademark under current federal, state or common law.

### DEFENSE NO. 6

Plaintiff's claim is barred against Defendant based on the doctrine of res judicata. The basis of Plaintiffs claim: i.e., entitlement to IDHAYAM based on first use and priority was extinguished by the TTAB not once, but three (3) times – the first in TTAB Opposition No. 91192693, where the Board dismissed the action with prejudice as to Plaintiff's claim of ownership of the mark IDHAYAM for edible oil (i.e., sesame oil); the second being the refusal and abandonment of application serial No. 85690904; and the third being TTAB Cancellation No. 92060602. Accordingly, Defendant is estopped from challenging Plaintiff's ownership of Registration No. 4006654 on the basis of priority, confusion, and/or fraud (which were the allegations pled by Plaintiff and dismissed, with prejudice).

### DEFENSE NO. 7

U.S. Trademark application Serial No. 86329372, allegedly filed and owned by Plaintiff, and which Plaintiff cites as a basis for this proceeding, was filed fraudulently. The application (Serial No. 86329372) was filed under Section 44(e) claiming rights to an alleged trademark registered in the Country of India (No. 465063). However, the registration is not owned by Plaintiff and at the time of filing, the Plaintiff was aware that Defendant owned the mark IDHAYAM in International Class 29,

MEENAKSHI'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

as Plaintiff had already unsuccessfully opposed Defendant's IDHAYAM mark before the TTAB, in TTAB Opposition No. 91192693.

**DEFENSE NO. 8**

The instant Amended Complaint is fatal because Plaintiff fails to identify indispensable parties whose participation is required for jurisdiction and/or for the purpose of rendering a judgment in this matter, parties which include V. V. V. RAJENDRAN (possible owner of IDHAYAM Indian Trademark Reg. No. 465063), V. R. MATHUR (possible owner of IDHAYAM Indian Trademark Reg. No. 746974), V.V.V.R. MUTHU (possible owner of IDHAYAM WEALTH Indian Trademark Reg. No. 1457565 and IDHAYAM MANTRA Indian Trademark Reg. No. 1553619). In Plaintiff's trademark application for IDHAYAM (Serial No. 86329372), that forms a basis of standing in this matter, the application identifies Indian Registration No. 465063 as a basis for registration in the U.S. Documents provided by the Plaintiff do not show that Plaintiff is entitled to claim ownership of the registration. If anything, the document identifies the above parties who appear to have interest in IDHAYAM in India exclusive to Plaintiff's interests. To the extent Plaintiff claims that the mark subject of Indian Registration No. 465063 is the mark allegedly being used in the U.S., the afore-mentioned parties must take part in this proceeding.

**DEFENSE NO. 9**

Plaintiff's claims are barred by laches. Plaintiff was aware of Defendant's use of IDHAYAM in the United States since at least as early as December 28, 2009, when Defendant (via its predecessor-in-interest, Anil Gandhi) stated in its answer to the Opposition filed by Plaintiff in TTAB Opposition Proceeding No. 91192693, that it was using IDHAYAM in the U.S.

**DEFENSE NO. 10**

Plaintiff is estopped from bringing the instant action because Plaintiff consented to and or acknowledged the use of IDHAYAM by Defendant. Plaintiff was aware of use by Defendant of

14

IDHAYAM in the United States at least as early as December 28, 2009, when Defendant filed its answer in TTAB Opposition Proceeding No. 91192693, or as early as October 27, 2009, the date of first use that Defendant asserts in its current registration of IDHAYAM, Registration No. 4006654, for "sesame oil" in International Class 29.

### DEFENSE NO. 11

Plaintiff is estopped from bringing the instant action because Plaintiff abandoned the mark for failing to police its use by third parties and/or by naked licensing. Based on information and belief, the alleged use of Plaintiff's alleged mark in the United States was beyond the authorization or control of Plaintiff; for example, Ethnic Foods alleges to have been using the IDHAYAM mark on edible oil in the United States from about January 2, 1995, when it filed for registration of IDHAYAM on the Principal register on April 20, 2007. Plaintiff has never taken any action adverse to Ethnic Foods.

### DEFENSE NO. 12

Plaintiff is estopped from bringing the instant action because Plaintiff acted with unclean hands, as it has engaged in serious misconduct that relates to the subject of relief being sought. Plaintiff continues to allege rights in a mark that it knowingly has no rights to in the United States, or if it had any rights, those rights were abandoned.

### DEFENSE NO. 13

Plaintiff is estopped from bringing the instant action because it abandoned its right to do so. Plaintiff never contested the prior TTAB Opposition proceeding which was entered against it with prejudice. Afterwards, it never contested the refusal by the USPTO which denied it registration of IDHAYAM.

MEENAKSHI'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

February 16, 2022                                BAKER AND RANNELLS, PA

                                          By:    __s/ John M. Rannells/_____
                                          `      John M. Rannells
                                                 Brian M. Gaynor
                                                 Attorneys for Applicant
                                                 92 East Main St., Suite 302
                                                 Somerville, New Jersey 08876
                                                 (908) 722-5640
                                                 Officeactions@br-tmlaw.com
                                                 b.gaynor@br-tmlaw.com
                                                 s.baker@br-tmlaw.com

MEENAKSHI'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT