1  Kenneth C. Brooks (SBN 167,792)
   Law Offices of Kenneth C. Brooks
2  5329 Thunder Ridge Circle
3  Rocklin, California 95765
   Tel: 408 368-7997
4  Fax: 877 730-4315

5  Attorney for Plaintiff

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, a public limited company, , <br><br>         Plaintiff, <br><br>     vs. <br><br> MEENAKSHI OVERSEAS LLC, <br><br>         Defendant. | Case No.: 2:14-CV-02961-TLN-CKD <br><br> Magistrate Judge: Carolyn K. Delaney <br> District Judge: Troy L. Nunley <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:** <br><br> Date:       April 21, 2022 <br> Time:       2 P.M. <br> Courtroom:  2 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff, V.V.V. & SONS EDIBLE OILS LIMITED, will bring the following motions for hearing before the Honorable Troy L. Nunley, Courtroom 2 at the United States Courthouse, Eastern District, 501 I Street Sacramento, California, 95814 on April 21, 2022 at 2:00 P.M., or as soon thereafter as counsel may be heard.

**MOTION**

Plaintiff, V.V.V. & SONS EDIBLE OILS LIMITED, hereby moves this Court for the following relief:

1. For an Order, pursuant to Federal Rules of Civil Procedure 12(f), to Strike Defendant's Affirmative Defenses 6 and 7 in Response to Plaintiff's First Amended Complaint.

2. For such other and further relief as the Court may deem just and equitable.

DATED: March 8, 2022                    Respectfully submitted


                                By:     /s/Kenneth C. Brooks
                                        Kenneth C. Brooks
                                        Law Offices of Kenneth C. Brooks
                                        Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

For the sake of brevity, plaintiff recites only those facts and procedural information relevant to the current motion. On December 23, 2014, Plaintiff V.V.V. & Sons Edible Oils Limited ("3V") filed its initial Complaint in this case against Defendant Meenakshi Overseas LLC ("MOL"), alleging infringement of 3V's common law rights in the trademark IDHAYAM by MOL's unlawful use of three registered trademarks, U.S. Reg. No. 4,006,654 ("the '654 mark"), U.S. Reg. No. 4,334,000 ("the '000 mark"), and U.S. Reg. No. 4,225,172 ("the '172 mark"). (ECF No. 1). MOL filed a motion to dismiss on March 9, 2015 raising statute of limitations and claim preclusion arguments. (ECF No. 7). The Court dismissed with prejudice all claims relating to the '654 mark by Order dated February 14, 2017. (ECF No. 26) After the Court dismissed the remaining claims in response to another motion to dismiss, 3V filed a Notice of Appeal seeking, inter alia, reversal of the Court's dismissal of all claims relating to all of MOL's registered marks. (ECF 57).

In an Opinion dated December 27, 2019, the Ninth Circuit reversed the dismissal – on claim preclusion grounds – of the claims related to the '654 mark but affirmed the dismissal of all claims related to the '000 and '172 marks and allowed the 3V to amend its complaint to add fraud claims related to the '654 mark. (ECF 62). 3V filed its First Amended Complaint on July 23, 2020, (ECF 71) and MOL filed its Answer to Plaintiff's First Amended Complaint on February 16, 2022. (ECF 81).

In its Affirmative Defense No. 6, MOL alleges that 3V's claims with respect to the '654 mark are barred by the doctrine of res judicata because "entitlement to IDHAYAM based on first use and priority was extinguished by the TTAB …in TTAB Opposition No. 91192693." (ECF 81, Aff. Def. No. 6). Further, in its Affirmative Defense No. 7, MOL alleges that U.S. Trademark Application Serial No. 86329372, filed by 3V is fraudulent because 3V "was aware that Defendant owned the mark IDHAYAM in International Class 29, as Plaintiff had already unsuccessfully opposed Defendant's IDHAYAM mark before the

TTAB, in TTAB Opposition No. 91192693." (ECF 81, Aff. Def. No. 7). It was precisely this TTAB opposition that the Ninth Circuit held should not be given preclusive effect.

## II.     MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A.     Statement of the law.

Fed. R. Civ. P. 12(f) provides that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A motion to strike is a matter of discretion for the Court and may be appropriate where it will streamline the ultimate resolution of the action. *Fed. Sav. and Loan Ins. Corp. v. Gemini Mgmt*, 921 F.2d 241, 244 (9th Cir. 1990).

Under the "law of the case" doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). In particular, "[a] trial court may not [on remand] reconsider a question decided by an appellate court." *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986).

### B.     Argument

The issue of claim preclusion with respect to the '654 mark has already been decided. In its Motion to Dismiss of March 9, 2015, MOL sought to have all claims relating to the '654 mark dismissed on res judicata grounds because 3V's opposition in the TTAB to MOL's trademark registration for the IDHAYAM mark was dismissed with prejudice. This Court agreed with MOL and dismissed all of 3V's claims with respect to the '654 mark.

3V appealed this Court's dismissal of the '654 claims, arguing that claim preclusion was inappropriate because the opposition to the '654 mark was not fully adjudicated in the TTAB. The Ninth Circuit agreed with 3V and reversed the dismissal of all of the '654 claims. Specifically, the appeals court ruled that "an exception to claim preclusion applies here…" *V.V.V. & Sons Edible Oils Limited v. Meenakshi Overseas LLC*, 946 F.3d 542, 546 (9th Cir. 2019). Thus, any claims related to the '654 mark are not precluded.

Yet, in its Affirmative Defense to 3V's First Amended Complaint, MOL alleges that 3V's "claim is barred against Defendant based on the doctrine of res judicata." (ECF 81, Aff. Def. 6). Its allegation is that 3V's claim to the IDHAYAM mark was extinguished by the TTAB when it ruled against 3V with respect to Opposition No. 91192693. But it is precisely this opposition that the Ninth Circuit held does not have preclusive effect. Thus, MOL's affirmative defense is directly contrary to the Ninth Circuit's resolution of this issue. Under the "law of the case" doctrine, this Court cannot give preclusive effect to the TTAB's dismissal of the opposition to the '654 mark. Thus, MOL's Affirmative Defense No. 6 is spurious in that if this Court properly applies the Ninth Circuit's Mandate, the affirmative defense that 3V's claim is barred by red judicata has no chance of success.

The same mandate dooms MOL's Affirmative Defense No. 7. In that affirmative defense, MOL alleges that 3V's U.S. Trademark application Serial No. 86329372 was filed fraudulently because it relied on the rights claimed in the IDHAYAM mark by 3V. MOL's argument is that MOL actually conclusively owns the rights to the IDHAYAM mark "as Plaintiff had already unsuccessfully opposed Defendant's IDHAYAM mark before the TTAB, in TTAB Opposition No. 91192693." (ECF 81, Aff. Def. 7). But, as stated above, the outcome of precisely this TTAB opposition should not be given preclusive effect, and the entire basis

of MOL's allegations that 3V's trademark application was fraudulently procured is based on disregarding the Ninth Circuit's holding on the res judicata issue.

Because of the mandate of the Ninth Circuit in this case regarding the preclusive effect of the dismissal of the TTAB opposition to MOL's '654 mark, MOL's affirmative defenses Nos. 6 and 7 have no chance of succeeding. Accordingly, an Order striking these affirmative defenses would be appropriate because it will streamline the ultimate resolution of this case. Consequently, 3V respectfully requests that this Court grant 3V's Motion to Strike Affirmative Defenses 6 and 7 in MOL's Answer to 3V's First Amended Complaint.

Dated: March 8, 2022

By:  /s/Kenneth C. Brooks
Kenneth C. Brooks
Law Offices of Kenneth C. Brooks
Attorney for Plaintiff