1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | V.V.V. & SONS EDIBLE OILS LIMITED,

12 | Plaintiff,

13 | v.

14 | MEENAKSHI OVERSEAS LLC,

15 | Defendant.

16

17

No.  2:14-cv-02961-DAD-CKD

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND GRANTING DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGMENT ON DISMISSED CLAIMS

(Doc. Nos. 83, 98)

18        This matter is before the court on plaintiff's motion to strike defendant's sixth and seventh

19  affirmative defenses (Doc. No. 83) and defendant's motion for entry of final judgment pursuant to

20  Federal Rule of Civil Procedure 54(b) as to certain claims that have been previously dismissed

21  with prejudice (Doc. No. 98).  The pending motions were taken under submission by the

22  previously assigned district judge on the papers on April 15, 2022 and May 24, 2022,

23  respectively.  (Doc. Nos. 96, 100).[1]  For the reasons explained below, plaintiff's motion to strike

24  certain affirmative defenses will be granted, in part, and defendant's motion for entry of final

25  judgment as to the dismissed claims will be granted.

26  /////

27

28  _____

[1]  On August 25, 2022, this case was reassigned to the undersigned.  (Doc. No. 104.)

1

1  **BACKGROUND**

2  Plaintiff V.V.V. & Sons Edible Oils Limited is an India-based company that sells Indian

3  food products throughout several countries, including the United States.  (Doc. No. 71 at 2.)

4  Plaintiff labels its products with IDHAYAM, an Indian word for heart.  (*Id.*)  Defendant is a New

5  Jersey-based company that also sells Indian food products with the label IDHAYAM.  (*Id.* at 2,

6  4.)

7  On December 23, 2014, plaintiff filed the complaint initiating this action against

8  defendant, alleging federal trademark infringement claims and related dilution and unfair

9  competition claims based on defendant's use of three marks defendant registered with the United

10  States Patent and Trademark Office ("USPTO"):  (1) the mark IDHAYAM for sesame oil

11  products, Reg. No. 4,006,654 ("the '654 Mark"); (2) the mark IDHAYAM for a variety of

12  cooking oil products, Reg. No. 4,225,172 ("the '172 Mark"); and (3) the mark IDHAYAM

13  SOUTH INDIAN DELITE for a variety of cooking oil and staple food products, Reg. No.

14  4,334,000 ("the '000 Mark").  (Doc. No. 1.)

15  This district court dismissed all of plaintiff's claims.  Specifically, on February 13, 2017,

16  the court granted defendant's motion to dismiss plaintiff's claims with regard to the '654 Mark as

17  barred by *res judicata* and dismissed those '654 Mark claims with prejudice.  (Doc. No. 26.)

18  Then on May 4, 2018, the court granted defendant's unopposed motion to dismiss plaintiff's

19  claims with regard to the '172 Mark and '000 Mark.  (Doc. No. 52 at 5) (noting that plaintiff

20  stated it did not oppose the motion to dismiss because of "the complexity of the area of law and

21  the desire to [have] the Ninth Circuit Court of Appeals review the case as soon as possible").  On

22  June 6, 2018, plaintiff filed a notice of appeal to the Ninth Circuit.  (Doc. No. 57.)

23  On December 27, 2019, the Ninth Circuit issued its opinion on plaintiff's appeal in this

24  case.  (Doc. No. 62.)  The Ninth Circuit reversed the district court's dismissal with prejudice of

25  plaintiff's claims with regard to the '654 Mark but affirmed the district court's dismissal of

26  plaintiff's claims with regard to the '172 Mark and '000 Mark.  (*Id.*)  Specifically, the Ninth

27  Circuit rejected plaintiff's argument that the dismissal of its claims based on the '172 and '000

28  Marks "was premised upon the district court's erroneous claim preclusion ruling."  (*Id.* at 10.)

The Ninth Circuit concluded that this argument "is not correct"—rather, the district court granted defendant's motion to dismiss those claims "because [plaintiff] explicitly did not oppose it." (*Id.* at 10–11.) Further, the Ninth Circuit explained that plaintiff's non-opposition to that motion to dismiss "waived any challenge to the dismissal of its claims based on the '000 and '172 marks." (*Id.* at 11) (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that claims can be abandoned if their dismissal is unopposed)). Pursuant to the Ninth Circuit mandate, this court reopened this case on February 26, 2020, and permitted plaintiff to "file an amended complaint to add a fraud-based claim as to the '654 Mark only." (Doc. Nos. 63, 70.)

On July 23, 2020, plaintiff filed the operative first amended complaint ("FAC"), adding a fraud-based claim, but plaintiff again alleged claims based on the '172 and '000 Marks despite the Ninth Circuit's opinion clearly affirming the district court's dismissal of those claims. (Doc. No. 71.) On August 13, 2020, defendant filed a motion to dismiss, which the court granted in part on January 26, 2022. (Doc. Nos. 73, 80.) In that order, the court explained that "the claims regarding the '000 and '172 marks in the FAC are contrary to the Ninth Circuit mandate," which "explicitly affirmed the dismissal of all claims against the '000 and '172 marks because plaintiff's non-opposition to defendant's motion to dismiss waived any challenge to dismissal." (Doc. No. 80 at 6.) Thus, the court ordered that "all claims against '172 and '000 marks stand as dismissed with prejudice pursuant to the Ninth Circuit decision and mandate." (*Id.*)

On February 16, 2022, defendant filed an answer to the FAC, addressing the claims based on the '654 Mark—the only remaining claims in this action. (Doc. No. 81.) In that answer, defendant asserted thirteen affirmative defenses, including defendant's sixth affirmative defense of *res judicata* and seventh affirmative defense that plaintiff fraudulently filed an application to register the trademark IDHAYAM with the USPTO in 2014. (*Id.* at 13–14.)

## DISCUSSION

### A.    Plaintiff's Motion to Strike Certain Affirmative Defenses

On March 8, 2022, plaintiff filed the pending motion to strike defendant's sixth and seventh affirmative defenses. (Doc. No. 83.) On April 12, 2022, defendant filed an opposition to plaintiff's motion to strike its *seventh* affirmative defense, but conceded that the motion to strike

its *sixth* affirmative defense should be granted.  (Doc. No. 94.)  In its motion to strike, plaintiff argues that defendant's seventh affirmative defense is based on the purportedly preclusive (*res judicata*) effect of the TTAB proceedings, which the Ninth Circuit has already rejected.  (Doc. No. 83 at 5–6.)  But defendant explains in its opposition brief that its seventh affirmative defense is not dependent upon the judgment entered in the TTAB proceedings.  (Doc. No. 94 at 4.)  Rather, defendant asserts its seventh affirmative defense based on its allegations that plaintiff knew that defendant was the lawful owner of the trademark when plaintiff filed the application with the USPTO in 2014.  (*Id.*)  That is, contrary to plaintiff's characterization of defendant's seventh affirmative defense in its motion to strike, defendant's seventh affirmative defense is not based solely on the outcome of the TTAB proceedings.  Plaintiff did not file a reply in support of its motion to strike defendant's seventh affirmative defense, at least suggesting its concession that defendant's seventh affirmative defense should not be stricken.  *See Lou v. JP Morgan Chase Bank N.A.*, No. 3:17-cv-04157-WHO, 2018 WL 1070598, at *2 (N.D. Cal. Feb. 26, 2018) ("Courts have found that a failure to oppose an argument serves as a concession.").

Accordingly, plaintiff's motion to strike will be granted in part and denied in part. Defendant's sixth affirmative defense will be stricken from its answer, but defendant's seventh affirmative defense will not be stricken.

**B.      Defendant's Rule 54(b) Motion for Entry of Final Judgment as to Claims based on the '172 and '000 Marks**

On May 9, 2022, defendant filed the pending Rule 54(b) motion for entry of final judgment as to the claims based on the '172 and '000 Marks, which have been dismissed with prejudice.  (Doc. No. 98.)  On May 23, 2022, plaintiff filed an opposition to defendant's motion, and on June 1, 2022, defendant filed a reply thereto.  (Doc. Nos. 99, 101.)

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The Supreme Court has set forth a two-step process for courts to evaluate a Rule 54(b) motion.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

The district court "must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7) (internal quotation marks omitted). Second, the court "must determine whether there is any just reason for delay." *Id.* The "court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). As the Supreme Court has explained, Rule 54(b) was adopted "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (citation, internal quotation marks, and brackets omitted). However, concerns about judicial economy counsel that Rule 54(b) should be used sparingly. *See Curtiss-Wright Corp.*, 446 U.S. at 10 ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). In deciding whether to enter final judgment under Rule 54(b), courts should consider "whether the certified order is sufficiently divisible from the other claims such that the 'case would not inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood*, 422 F.3d at 878) (brackets omitted); *Curtiss-Wright Corp.*, 446 U.S. at 8 (concluding that the district court properly "consider[ed] such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"). That said, the issues raised on appeal need not be "completely distinct" from the rest of the action in order to enter final judgment. *Id.*

Here, defendant argues that because plaintiff's claims based on the '172 and '000 Marks have already been dismissed with prejudice, and the Ninth Circuit has already affirmed the court's dismissal of those claims, there is simply no just reason for delay in the entry of final judgment as to those claims. (Doc. No. 98 at 5–6.) Defendant emphasizes that given the

1  procedural history of this case, "there is no risk of piecemeal, repetitive appeals" because "the

2  prior appeal in this case to the Ninth Circuit has already resolved the appropriateness of

3  dismissal" of the claims based on the '172 and '000 Marks.  (*Id.* at 8.)  Defendant also argues that

4  "the equities favor granting Rule 54 relief because a final judgment will permit [defendant] to

5  remove the cloud of a pending challenge to its '172 and '000 Marks registrations in the

6  [USPTO]."  (*Id.* at 9.)  Defendant further explains that plaintiff brought a cancellation proceeding

7  in the Trademark Trial and Appeal Board ("TTAB") against all three marks challenged in this

8  case, and that TTAB proceeding is currently stayed pending the outcome of this litigation.  (*Id.* at

9  9–10.)  As a result, even though the claims based on the '172 and '000 Marks have been

10  dismissed with prejudice, "plaintiff's claims seeking to cancel those registrations will remain

11  pending in the TTAB until a final disposition in this case unless [defendant] obtains a final

12  judgment with respect" to those two marks.  (*Id.* at 10.)  Further, defendant contends that because

13  this case will not proceed to trial until late 2024 at the earliest (*see* Doc. No. 97), "the denial of

14  [its] Rule 54(b) motion will cause it to suffer undue prejudice by permitting a cloud to hang over

15  its title to the '172 and '000 registrations for another two years when those claims have been

16  finally adjudicated."  (Doc. No. 98 at 10.)

17       In its opposition, plaintiff argues that defendant's motion must be denied because "the

18  court is without power to render a final judgment on an issue, as opposed to a claim," and here, its

19  claims based on the '172 and '000 Marks are not asserted in the FAC as individual claims.  (Doc.

20  No. 99 at 4.)  Plaintiff notes that its FAC asserts six claims, one of which involves only the '654

21  Mark and the remaining five claims are "directed to all uses of the term IDHAYAM by

22  [defendant], including the '000 Mark and the '172 Mark."  (*Id.*)  However, plaintiff does not cite

23  any authority to support its position in this regard, nor does plaintiff address the several

24  authorities cited in defendant's motion.  Plaintiff also does not address defendant's argument that

25  there is no just reason to delay entry of judgment as to its claims based on those two marks.

26       The court is not persuaded by plaintiff's unsupported, conclusory argument that

27  defendant's motion should not be granted.  The court agrees with defendant that "[b]ecause the

28  claims against each different mark are factually distinct, involving particular iterations of marks

with respect to particular goods, the dismissal of the claims asserted against the '000 and '172

Marks are final judgment as to those marks even if an additional claim was asserted against the

'654 Mark within the same counts of the complaint."  (Doc. No. 98 at 8.)  "The word 'claim' in

Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of

recovery based upon those facts."  *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697

(9th Cir. 1961)); *cf. Axis Reinsurance Co. v. Telekenex, Inc.*, No. 12-cv-2979-SC, 2013 WL

1789705, at *2 (N.D. Cal. Apr. 26, 2013) ("Rule 54(b) certification is inappropriate where '[t]he

"claims" stated in the complaint are really but one claim, stated in two ways, for the purpose of

presenting two legal theories of recovery.'") (citation omitted).  Here, as demonstrated by the

court's dismissal of the claims based on the '172 and '000 Marks, and the Ninth Circuit's

affirmance of that dismissal, these claims are severable from the remaining claims, which are

based solely on the '654 Mark.  *See Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819

F.2d 1519, 1525 (9th Cir. 1987) ("Distinguishing 'claims' from theories of recovery for purposes

of Rule 54(b) has occasioned a good deal of subtle jurisprudence.  A claim, it is true, is less than

the central object of a lawsuit and surely more than merely one element of proof offered in

support of a complaint seeking money damages.  But the essence eludes the grasp like quicksilver

. . . the solution for Rule 54(b) purposes lies in a more pragmatic approach focusing on

severability and efficient judicial administration.").

The court also finds that in light of the stayed TTAB proceedings and the fact that there is

no risk of piecemeal appeals given the unique procedural posture of this case, defendant has

demonstrated that the equities weigh heavily in favor of entering final judgment as to the claims

based on the '172 and '000 Marks and there is no just reason for delay in entering final judgment

as to those claims.  *See 23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-cv-02791-EMC, 2018

WL 5793473, at *2 (N.D. Cal. Nov. 2, 2018), *aff'd*, 778 F. App'x 966 (Fed. Cir. 2019) (granting

a Rule 54(b) motion and finding no just reason for delay in the entry of final judgment as to

patent infringement claims, concluding that "a delay in the entry of judgment would cause some

hardship or injustice to 23; now that the Court has determined that 23's patent is invalid as

/////

unpatentable, that ruling casts a cloud on 23's ability to assert the patent against other entities or persons.").

Accordingly, the court will grant defendant's Rule 54(b) motion and direct the entry of judgment as to plaintiff's claims based on the '172 and '000 Marks, which the court has already dismissed with prejudice.

## CONCLUSION

For the reasons set forth above,

1.     Plaintiff's motion to strike certain affirmative defenses from defendant's answer (Doc. No. 83) is granted in part and denied in part as follows:

    a.     Defendant's sixth affirmative defense is hereby stricken; and

    b.     Plaintiff's motion to strike is otherwise denied;

2.     Defendant's motion for the entry of final judgment as to the claims based on the '172 and '000 Marks (Doc. No. 98) is granted;

3.     The court hereby certifies the claims based on the '172 and '000 Marks for a Rule 54(b) final judgment; and

4.     Judgment shall be entered accordingly in favor of defendant on plaintiff's claims based on the '172 and '000 Marks.

IT IS SO ORDERED.

Dated: __**March 2, 2023**__           _Dale A. Drozd_____

                                        UNITED STATES DISTRICT JUDGE