UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> MEENAKSHI OVERSEAS LLC, <br><br> Defendant. | No. 2:14-cv-02961-DJC-CKD <br><br><br> ORDER |

This matter involves a trademark dispute over the mark IDHAYAM, an Indian word for heart, in conjunction with the sale of sesame oil.  Defendant Meenakshi Overseas LLC sells sesame oil under the IDHAYAM mark and owns a federal trademark registration for that mark.  Plaintiff V.V.V. & Sons Edible Oils Limited, who also sells sesame oil under the IDHAYAM mark, claims priority of use in the mark, and seeks cancellation of Defendant's registration and related relief on that basis.

Now before the Court are Defendant's Motions to Preclude the Testimony of Plaintiff's Expert Witness Thomas J. Maronick (Maronick Mot. (ECF No. 138)) and Plaintiff's Non-Retained Expert Witness Janarathanan Rajaratnam (Rajaratnam Mot. (ECF No. 139)).  The Court held a hearing on May 1, 2025, with Kenneth Brooks

appearing for Plaintiff, and Richard Mandel appearing for Defendant. (ECF No. 157.) The Motions were submitted.

Having considered the Parties' briefing and arguments, the Court will deny Defendant's Motion to Preclude Testimony of Expert Witness Thomas J. Maronick but will grant Defendant's Motion to Preclude Testimony of Non-Retained Expert Witness Janarathanan Rajaratnam in part.

## LEGAL STANDARD

Under Rule 702 of the Federal Rules of Evidence, a witness may offer expert testimony if the following requirements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Testimony is admissible under Rule 702 if the court finds by a preponderance of the evidence that the expert is qualified and the testimony is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Expert testimony is relevant if it "will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). "The evidence must logically advance a material aspect of the party's case." *Id*. Expert testimony "is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (footnote omitted). Expert testimony must "relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Exclusion of expert testimony is proper only when such testimony is clearly irrelevant or unreliable;

2

otherwise, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

**ANALYSIS**

**I.     Motion to Preclude Expert Testimony of Thomas J. Maronick**

Plaintiff retained Dr. Thomas J. Maronick, an Emeritus Professor of Marketing in the School of Business and Economics at Towson University, to perform a survey purporting to measure the likelihood of confusion between the Parties' respective IDHAYAM sesame oil products. (ECF No. 138-2 at 2.) Dr. Maronick issued an expert report ("Maronick Report") describing and interpreting the results of this survey on October 30, 2024. (*Id.* at 3–10.) Therein, Dr. Maronick opined that the "level of likelihood of confusion found here, i.e., 46.7%, supports a conclusion that there is a likelihood of confusion between the two brands of sesame oil among consumers who buy Indian and Asian food." (*Id.* at 2.) Plaintiff has indicated they intend for Dr. Maronick to testify at trial in support of Plaintiff's assertion that there is a likelihood of confusion between the Parties' products and marks. (Maronick Mot. at 1.)

Defendant has moved to exclude Dr. Maronick's testimony on the basis that his survey is neither relevant nor reliable. (*Id.* at 1–2, 4–14.) In particular, Defendant argues that (1) Dr. Maronick targeted an overinclusive audience for the survey, as the survey was not limited to Indian consumers nor limited to respondents who frequently (as opposed to rarely) purchased Indian food; (2) Dr. Maronick did not include a control group; and (3) Dr. Maronick did not adequately replicate marketplace conditions, as the survey photos he used were poor quality, masking language that would have distinguished the products for consumers, and did not include images of any third-party products, thereby suggesting to survey respondents that the Parties' two products shown were similar. (*Id.* at 4–14.) Given these flaws, Defendant argues

3

Dr. Maronick should be precluded from testifying at trial because "the Maronick Report [is] completely useless, and capable only of misleading the jury." (*Id.* at 2.)

The Court disagrees. As the Ninth Circuit recently explained in *BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269 (9th Cir. 2024):

> With respect to survey evidence, we have long held that it should be admitted as long as it is conducted according to accepted principles and is relevant. Technical inadequacies in a survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility. In sum, follow-on issues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility.

*Id.* at 1275 (cleaned up). Such is the case here. First, concerning the survey group, the Court concurs with Plaintiff's argument raised in their Opposition that, at minimum, the respondents included in the survey all indicated they purchased Indian food, even if only infrequently. (Opp'n Maronick Mot. (ECF No. 148) at 4-5.) Thus, Defendant has not shown that the survey pool was clearly incorrect. To the extent Defendant wishes to argue the survey respondents should have been more narrowly tailored, they are free to do so at trial. Second, as to Dr. Maronick's failure to include a control group, the Parties disagree that a control group was required or helpful for this type of survey. (*See* Maronick Mot. at 6-8; Opp'n Maronick Mot. at 5-6.) Given the Ninth Circuit's guidance in *BillFloat*, the Court finds this disagreement as to the survey's design implicates the weight, not admissibility, of Dr. Maronick's testimony. Finally, Defendant argues that the quality of the photos in the actual survey (as opposed to the copy reproduced for the Court) were far clearer, and that including photos of third-party products would have overcomplicated the survey and lessened the survey's effectiveness. (Opp'n Maronick Mot. at 6-7.) As with Defendant's prior

concerns, the Court finds these arguments concern the survey's weight, not its admissibility, and can be argued at trial.

In short, the Court finds that the Maronick Report is neither clearly irrelevant nor unreliable and will deny Defendant's Motion to Preclude Expert Testimony of Dr. Maronick.

## II. Motion to Preclude Expert Testimony of Janarthan Rajaratnam

Plaintiff has also identified Janarthanan Rajaratnam, a director of Pankaj Exports Private Limited ("Pankaj"), as a non-retained expert who Plaintiff intends to use as a witness at trial. (Rajaratnam Mot. at 1.) Pankaj is an export company located in India that has been involved in shipping IDHAYAM branded goods manufactured by Plaintiff to various parts of the world, including the United States. (*Id.*) Plaintiff has indicated Rajaratnam will testify about various customs and practices of importers in meeting the requirements of U.S. Customs and the U.S. Food and Drug Administration ("FDA"), as well as about the importation practices of the Parties to this action. (*Id.; see also* Disclosure Non-Retained Expert Witness (ECF No. 139-2); Suppl. Disclosure Non-Retained Expert Witness (ECF No. 139-3).)

Defendant argues Rajaratnam's testimony should be excluded for three reasons: (1) he does not qualify as a proper non-retained expert, but is instead acting as a retained expert as he intends to base his testimony on documents and information produced in the litigation and shown to him for his review; (2) Plaintiff has failed to fully comply with the disclosure requirements of Federal Rule of Civil Procedure 26 for either non-retained or retained experts; and (3) Rajaratnam lacks adequate qualifications to testify concerning U.S. Customs and FDA importation requirements and practices. (Rajaratnam Mot. at 1–15.)

In their Opposition, Plaintiff largely concedes that their expert disclosures have been inadequate and that Rajaratnam is not an appropriate expert witness. (*See* Opp'n Rajaratnam Mot. (ECF No. 149) at 1–3.) Instead, Plaintiff argues Rajaratnam should be permitted to testify as a fact witness under Federal Rule of Evidence 701

5

because he has personal knowledge concerning the requirements of U.S. Customs and the FDA from his years of importing foodstuffs into the U.S., and has personal knowledge concerning the importation of IDHAYAM products by both the Defendant and the Plaintiff spanning several years. (*Id.* at 3–9.)

The Court will preclude Rajaratnam from testifying as an expert witness given Plaintiff's failure to make adequate disclosures under the Federal Rules. However, the Court declines to prohibit Rajaratnam from testifying as a lay witness. Under Rule 701, a lay witness may offer opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Rule 701 has a personal knowledge requirement, which can be met if the witness demonstrates firsthand knowledge or observation. *United States v. Lopez,* 762 F.3d 852, 863–64 (9th Cir. 2014). For example, testimony may be deemed admissible "based on the lay expertise a witness personally acquires through experience, often on the job." *United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, Nos. CV-00-20905-RMW, C-05-00334-RMW, C-06-00244-RMW, 2008 WL 504098, at *4 (N.D. Cal. Feb. 19, 2008) (stating "the rules of evidence have long permitted a person to testify to opinions about their own businesses based on their personal knowledge of their business"). Here, counsel has represented that Rajaratnam has personal knowledge of the topics he would be testifying to, gained through his experience running an import/export company for Indian foodstuffs, including IDHAYAM sesame oil. Thus, it appears he may be able to properly testify under Rule 701.[1]

---

[1] The Court's pretrial ruling is not intended to prohibit contemporaneous objections during trial on any grounds, including lack of personal knowledge, should it appear the witness in fact lacks such personal knowledge.

6

1    Defendant objects that Rajaratnam was not properly disclosed as a fact witness,
2 which should preclude his testimony as a lay witness now. (Reply Rajaratnam Mot.
3 (ECF No. 153) at 4–5.) However, although initially disclosed as a non-retained expert,
4 Rajaratnam was timely disclosed as a witness almost eight months ago, and Defendant
5 was provided the opportunity to take Rajaratnam's deposition on January 22, 2025,
6 and January 24, 2025. (*See* ECF No. 139-4.) Thus, any prejudice to Defendant is
7 insufficient to bar Rajaratnam's testimony altogether.

    Accordingly, Defendant's Motion to Preclude Non-Retained Expert Witness Rajaratnam is granted in part and denied in part. Rajaratnam will not be permitted to testify as an expert witness. However, the Court will permit Rajaratnam to testify as a lay witness, subject to any objections Defendant may raise at trial concerning testimony that exceeds the scope of Federal Rule of Evidence 701.

## CONCLUSION

In accordance with the above, it is hereby ORDERED:

1. Defendant's Motion to Preclude the Testimony of Expert Witness Thomas J. Maronick (ECF No. 138) is DENIED; and
2. Defendant's Motion to Preclude Non-Retained Expert Witness Janarathanan Rajaratnam (ECF No. 139) is DENIED in part;
    a. Plaintiff is precluded from offering Janarathanan Rajaratnam as an expert witness under Federal Rule of Evidence 702;
    b. Plaintiff is permitted to offer Janarathanan Rajaratnam as a lay witness under Federal Rule of Evidence 701; and

////
////
////
////
////
////

7

   c. This Order in no way precludes Defendant from objecting at trial to any testimony that exceeds the scope of Federal Rule of Evidence 701.

IT IS SO ORDERED.

Dated: **June 18, 2025**

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – VVV&SonsEdibleOils14cv2961.DaubertMILs