UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V.V. & SONS EDIBLE OILS LIMITED, | No. 2:14-cv-02961-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| MEENAKSHI OVERSEAS LLC, | |
| Defendant. | |

This is a trademark dispute over the IDHAYAM mark and its usage in connection with the sale of sesame/gingelly oil. Trial in this matter is set to begin on November 12, 2025. Defendant has moved to strike Plaintiff's jury demand, arguing that Plaintiff is not entitled to a jury trial on any of their claims. (Mot. (ECF No. 159).) After initial briefing on this Motion was complete (*see* Opp'n (ECF No. 164); Reply (ECF No. 166)), the Court held oral argument on this Motion in conjunction with the Final Pretrial Conference. Following that hearing, the Court permitted the parties to file supplemental briefing on the issues discussed at oral argument. (*See* ECF No. 171; Pl's Suppl. (ECF No. 177); Def.'s Suppl. (ECF No. 176).)

The core of the dispute over Plaintiff's jury demand is what damages Plaintiff can pursue at trial. Defendant contends that because Plaintiff identified disgorgement of profits as the only damages, they are not entitled to a jury trial as disgorgement is a

form of equitable relief. (Mot. at 2; Reply at 4.) Defendant is correct that where a plaintiff solely seeks disgorgement of profits, they are not entitled to a jury trial. *See Hope Rd. Music, Inc. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015). While Plaintiff argues that they are using disgorgement as "a proxy for lost sales" (Opp'n at 6–7), this appears to be an entirely post hoc argument. As noted by Defendant, Plaintiff's Rule 26 disclosures were clear that "[Plaintiff's d]amages will be based upon disgorgement of infringer's profits, or in this case, the award of Defendant's profits to Plaintiff for profits Defendant would not have earned, but for the infringing wrongful acts proven at trial." (ECF No. 159-2, Ex. A at 3.)

With that said, Plaintiff notes in their Opposition that in addition to their Federal law claims, they have also brought claims under California law. Under California Code of Civil Procedure section 3294(a), Plaintiff can seek punitive damages in connection with their California Common Law Trademark Infringement Claim. *Michael Levine, Inc. v. Connect Apparel, LLC*, No. 21-cv-3668-MWF-SKx, 2021 WL 4732924, at *4 (C.D. Cal. Aug. 16, 2021) ("It is well-established that punitive damages are available for common law trademark infringements."). The assessment of punitive damages is generally determined by a jury. *See Egan v. Mut. of Omaha Ins. Co.,* 24 Cal.3d 809, 821 (1979) ("Determinations related to assessment of punitive damages have traditionally been left to the discretion of the jury[.]"). Thus, if Plaintiff is permitted to pursue punitive damages, Plaintiff would be entitled to a jury trial for at least some portion of their claims.

Defendant argues that the "actual damages" requirement of section 3294(a) precludes Plaintiff from seeking punitive damages, as they did not disclose any compensatory damages in his Rule 26 disclosures. (*See* Reply at 2–3.) While it is true that California courts have interpreted the language of section 3294(a) to require that a Plaintiff be able to show "actual damages" in order to recover punitive damages, the meaning of actual damages for purposes of section 3294(a) is broad. "[T]he requirement of actual damages 'is simply the requirement that a tortious act be

proven if punitive damages are to be assessed'" *Fullington v. Equilon Enterp., LLC*, 210 Cal. App. 4th 667, 685 (2012) (quoting *Esparza v. Specht*, 55 Cal. App. 3d 1, 6 (1976)).  This means that a plaintiff can satisfy the actual damages requirement simply by establishing entitlement to even nominal damages.  *See Cal. v. Altus Fin. S.A.*, 540 F.3d 992, 1000 (9th Cir. 2008) ("California courts have long interpreted Section 3294 to require an award of compensatory damages, even if nominal, to recover punitive damages.")  Thus, while Plaintiff cannot now pursue compensatory damages when he did not previously disclose any such damages, he may still obtain punitive damages should a jury find he has proven a tortious act by Defendant and is entitled to nominal damages on his common law trademark claim.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Strike Jury Demand (ECF No. 159) is DENIED.  The parties are directed to meet and confer regarding what which must be determined by the Court, and which issues must be determined by the jury.

IT IS SO ORDERED.

Dated:   **October 14, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3